IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

LISA RINDFLEISCH, TIFFANY MELENDEZ,
MICHELLE GENTILE, LAURIE BAKER
and CHRISTINA NELMES, on behalf of
themselves and others similarly situated,

Plaintiffs,

v.

GENTIVA HEALTH SERVICES, INC.,
Defendant.

**CV 10- 2111**

**ECF CASE**
**COLLECTIVE AND CLASS ACTION**
**COMPLAINT**

NOW COME Plaintiffs, Lisa Rindfleisch, Tiffany Melendez, Michelle Gentile, Laurie

Baker and Christina Nelmes ("Plaintiffs"), by and through counsel, complaining of Defendant

Gentiva Health Services, Inc., ("Defendant Gentiva"), and allege and say:

## INTRODUCTION

1.     This case arises out of Defendant Gentiva's systemic, company-wide unlawful

treatment of the named Plaintiffs and thousands of similarly situated employees that Defendant

Gentiva wrongfully classifies as exempt from overtime compensation under the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*; Defendant Gentiva's failure to properly pay

New York employees for all hours worked in violation of New York Labor Law Article 19, §§

650 *et seq.*; and failure to properly pay North Carolina employees for all hours worked in

violation of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1, *et*

*seq.*

2.     In order for an employee to be exempt from the FLSA overtime compensation

requirements, Defendant Gentiva must establish both that the employee performs duties which

meet one of the exempt categories, and also that the employee is compensated on either a salaried basis or on a fee basis. Plaintiffs are compensated by Defendant Gentiva under a scheme which does not comport with either the salaried basis or the fee basis requirements. Therefore it is improper to treat Plaintiffs as exempt from overtime requirements of the FLSA.

3.      For approximately three years preceding the filing of this action, Defendant Gentiva has maintained a corporate policy of paying its Registered Nurses ("RNs"), Physical Therapists, and Occupational Therapists (collectively, "visiting health care providers") pursuant to an unlawful hybrid compensation plan which includes "per visit" payments for some work and an hourly rate basis for other work. Gentiva used Plaintiffs' "per visit" rate as the hourly rate for paying Plaintiffs their time spent in conferences with their department Manager (also known as a clinician manager), staff meetings, training time, and orientation time.

4.      Defendant Gentiva maintains a record of the actual time named Plaintiffs and those similarly situated spent for patients' visits. Further, Defendant Gentiva also maintains a record of visiting health care providers' hours worked for determining employee benefits eligibility. However, Defendant Gentiva did not compensate Plaintiffs for all hours worked.

5.      Based upon Defendant Gentiva's corporate policy regarding compensation practices, it misclassified visiting health care providers as exempt employees.

6.      Plaintiffs bring this action for violation of the FLSA as a collective action, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the following class:

> All visiting health care providers who were, are or will be employed by Defendant Gentiva Health Services, Inc. nationwide during the period of three years prior to the date of commencement of this action through the date of judgment in this action, who have neither been properly compensated for all of their hours worked, nor paid time and one-half for hours in excess of forty (40).

7.     Accordingly, Defendant Gentiva is liable for its failure to pay the named Plaintiffs and members of the putative class for all hours worked and time and one-half for hours in excess of forty (40) at their regular rate.

8.     Plaintiffs and all similarly situated employees who elect to participate in this action seek unpaid compensation, an equal amount of liquidated damages, and/or prejudgment interests, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

9.     Named Plaintiffs Lisa Rindfleisch, Tiffany Melendez, and Michelle Gentile also bring this action on their own behalf and as representatives of similarly situated current or former Gentiva visiting health care providers employed in New York, under New York Labor Law Article 19, §§ 650 *et seq*.  Plaintiffs Rindfleisch, Melendez and Gentile who were and are New York residents, assert that they and the putative class who are or were New York residents, are entitled to all unpaid wages when due, overtime wages of one and one-half times the regular hourly rate, and punitive damages based upon Defendant Gentiva's failure to pay its New York employees for all hours worked as Defendant was required to by law.

10.     Plaintiffs seek class certification under Rule 23 of the Federal Rules of Civil Procedure for the following class of Defendant Gentiva employees in New York who have been denied overtime wages mandated by state law:

11.     All visiting health care providers who were, are or will be employed by Defendant Gentiva Health Services, Inc. in the state of New York from six years prior to the date of commencement of this action through the date of judgment in this action, who were neither properly compensated for all of their hours worked nor paid time and one-half for hours in excess of forty (40).

12.     Named Plaintiffs Laurie Baker and Christina Nelmes also bring this action on their own behalf and as representatives of similarly situated current and/or former Gentiva visiting health care providers employed in North Carolina under the North Carolina Wage and Hour Act ("NCWHA") N.C. Gen. Stat. § 95-25.1, *et. seq.* Plaintiffs Baker and Nelmes, who were and are North Carolina residents, assert that they and the putative class who are or were North Carolina residents, are entitled to all unpaid wages when due, overtime wages of one and one-half times the regular hourly rate, unpaid minimum or regular rate wages under North Carolina law (which exceeded the FLSA wage during applicable periods of time), and for its failure to pay Defendant Gentiva's North Carolina visiting health care providers all of their weekly wages when those wages were due in violation of N.C. Gen. Stat. §§ 95-25.6 and 95-25.7 of the NCWHA.

13.     Plaintiffs seek class certification under Rule 23 of the Federal Rules of Civil Procedure for the following class of Defendant Gentiva employees in North Carolina who have been denied overtime wages mandated by state law:

> All visiting health care providers who were, are or will be employed by Defendant Gentiva Health Services, Inc. in the state of North Carolina from two years prior to the date of commencement of this action through the date of judgment in this action, who were neither properly compensated for all of their hours worked nor paid time and one-half for hours in excess of forty (40).

## JURISDICTION AND VENUE

14.     The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and jurisdiction over Plaintiffs' state law claims, pursuant to the doctrine of supplemental jurisdiction, as provided in 28 U.S.C. § 1367.

15.     Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant Gentiva resides in this judicial district in that it has designated its principal executive offices at a

location in this district, and it regularly conducts business within this judicial district and thus is subject to personal jurisdiction within this judicial district.

## **PARTIES**

16.     Plaintiffs are former employees of Defendant Gentiva who held home health care registered nursing positions at some point since February 2007. Plaintiffs Rindfleisch, Melendez and Gentile were employed in Gentiva's Auburn, NY office.  Plaintiffs Baker and Nelmes were employed in Gentiva's Kinston, North Carolina office.  Plaintiffs bring this action on their own behalf, and pursuant to 29 U.S.C. § 216(b) and Rule 23 (b)(3), Fed. R. Civ. P., as representatives of a proposed collective/class action of similarly situated employees.  Consents to join this action are attached as Exhibit A.

17.     At all relevant times, Plaintiffs Rindfleisch, Melendez and Gentile were citizens and residents of New York, and Plaintiffs Baker and Nelmes were citizens and residents of North Carolina.

18.     At all relevant times, Plaintiffs were employed by Defendant Gentiva as registered nurses, and were employees within the meaning of 29 U.S.C. § 203(e)(1).

19.     At all relevant times, Defendant Gentiva has been a Delaware corporation, with offices in New York, conducting substantial business in the state of New York, and having designated its principal executive offices as being located in New York.

20.     At all relevant times, Defendant Gentiva has operated a home health care business providing home health care services to patients in 39 states, including New York and North Carolina.

21.     At all relevant times, Defendant Gentiva was an employer within the meaning of 29 U.S.C. § 203(d), within the meaning of New York Labor Law, and within the meaning of § 95-25.2(5) of the NCWHA.

22.     At all relevant times, Defendant Gentiva was an enterprise within the meaning of 29 U.S.C. § 203(r)(1).

23.     At all relevant times, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

**A.     Plaintiff Lisa Rindfleisch**

24.     Plaintiff Lisa Rindfleisch worked for Defendant Gentiva as an RN case manager from February 2007 to May 2009.  As an RN, Ms. Rindfleisch was classified as an exempt employee and received no overtime wages.

25.     Defendant Gentiva required Ms. Rindfleisch to visit patients in their home.

26.     Beginning in late 2008, Defendant Gentiva paid Ms. Rindfleisch pursuant to an unlawful per visit/hourly basis hybrid compensation plan.

27.     Defendant Gentiva assigned a certain number of points (generally 1, 1.5 or 2) to each type of patient visit, using time estimates for patient visits to determine how many points to allocate.

28.     Defendant Gentiva compensated Ms. Rindfleisch on an hourly rate basis for performing a peer review, office clerical work, in service education or training and conference time spent with an RN manager.  Defendant Gentiva did not pay Ms. Rindfleisch for the time she spent waiting to speak to an RN manager or for her travel time to the office from her patient

visits. Most significantly, Defendant Gentiva did not pay Ms. Rindfleisch for time she was required to spend "charting" – completing paperwork for each patient she visited.

29.     To maintain and complete Defendant Gentiva's required paperwork, Ms. Rindfleisch routinely worked more than eight (8) hours a day and forty (40) hours per week. In addition to her normal forty (40) hour workweek spent traveling from one patient's home to the next, charting and coding in the office, Ms. Rindfleisch spent an additional two (2) hours each weekday at home, and 1-3 hours each Saturday and Sunday, documenting and charting the observation of a patient, vitals of a patient, wound care treatment, medication, education, and recertification based on an attending physician's orders.

30.     Thus, Ms. Rindfleisch worked approximately 54 hours per week, but was not compensated for her hours in excess of 40 per week.

31.     Defendant Gentiva misclassified Ms. Rindfleisch and all other similarly situated visiting health care providers as exempt, despite the illegal hybrid compensation plan.

32.     Given that Defendant Gentiva misclassified Ms. Rindfleisch as an "exempt" employee, Defendant Gentiva failed to properly record all of her hours worked.

33.     Accordingly, Defendant Gentiva did not compensate Ms. Rindfleisch for hours over forty (40) that she worked in a given workweek and did not pay a rate of one and one-half times her regular rate for these hours.

**B.     Plaintiff Tiffany Melendez**

34.     Plaintiff Tiffany Melendez worked for Defendant Gentiva as an RN case manager from September 2007 to May 2009. As an RN, Ms. Melendez was classified as an exempt employee and received no overtime wages.

35.     Defendant Gentiva required Ms. Melendez to visit patients in their home.

36.     Beginning in late 2008, Defendant Gentiva paid Ms. Melendez pursuant to an unlawful per visit/hourly basis hybrid compensation plan.

37.     Defendant Gentiva assigned a certain number of points (generally 1, 1.5 or 2) to each type of patient visit, using time estimates for patient visits to determine how many points to allocate.

38.     Defendant Gentiva compensated Ms. Melendez on an hourly rate basis for performing a peer review, office clerical work, in service education or training and conference time spent with an RN manager. Defendant Gentiva did not pay Ms. Melendez for the time she spent waiting to speak to an RN manager or for her travel time to the office from her patient visits. Most significantly, Defendant Gentiva did not pay Ms. Melendez for time she was required to spend "charting" – completing paperwork for each patient she visited.

39.     To maintain and complete Defendant Gentiva's required paperwork, Ms. Melendez routinely worked more than eight (8) hours a day and forty (40) hours per week. In addition to her normal forty-five (45) hour workweek spent traveling from one patient's home to the next, charting and coding in the office, Ms. Melendez spent an additional two (2) hours each weekday at home, and 1-3 hours each Saturday and Sunday, documenting and charting the observation of a patient, vitals of a patient, wound care treatment, medication, education, and recertification based on an attending physician's orders.

40.     Thus, Ms. Melendez worked approximately 59 hours per week, but was not compensated for her hours in excess of 40 per week.

41.     Defendant Gentiva misclassified Ms. Melendez and all other similarly situated visiting health care providers as exempt, despite the illegal hybrid compensation plan.

42.     Given that Defendant Gentiva misclassified Ms. Melendez as an "exempt" employee, Defendant Gentiva failed to properly record all of her hours worked.

43.     Accordingly, Defendant Gentiva did not compensate Ms. Melendez for hours over forty (40) that she worked in a given workweek and did not pay a rate of one and one-half times her regular rate for these hours.

**C.     Plaintiff Michelle Gentile**

44.     Plaintiff Michelle Gentile worked for Defendant Gentiva as an RN case manager from August 2008 to May 2009.  As an RN, Ms. Gentile was classified as an exempt employee and received no overtime wages.

45.     Defendant Gentiva required Ms. Gentile to visit patients in their home.

46.     Beginning in late 2008, Defendant Gentiva paid Ms. Gentile pursuant to an unlawful per visit/hourly basis hybrid compensation plan.

47.     Defendant Gentiva assigned a certain number of points (generally 1, 1.5 or 2) to each type of patient visit, using time estimates for patient visits to determine how many points to allocate.

48.     Defendant Gentiva compensated Ms. Gentile on an hourly rate basis for performing a peer review, office clerical work, in service education or training and conference time spent with an RN manager.  Defendant Gentiva did not pay Ms. Gentile for the time she spent waiting to speak to an RN manager or for her travel time to the office from her patient visits.  Most significantly, Defendant Gentiva did not pay Ms. Gentile for time she was required to spend "charting" – completing paperwork for each patient she visited.

49.     To maintain and complete Defendant Gentiva's required paperwork, Ms. Gentile routinely worked more than eight (8) hours a day and forty (40) hours per week.  In addition to

her normal forty (40) hour workweek spent traveling from one patient's home to the next, charting and coding in the office, Ms. Gentile spent an additional two to three (2-3) hours each night at home, and additional hours as needed on the weekend, documenting and charting the observation of a patient, vitals of a patient, wound care treatment, medication, education, and recertification based on an attending physician's orders.

50.     Thus, Ms. Gentile worked approximately 55 hours per week, but was not compensated for her hours in excess of 40 per week.

51.     Defendant Gentiva misclassified Ms. Gentile and all other similarly situated visiting health care providers as exempt, despite the illegal hybrid compensation plan.

52.     Given that Defendant Gentiva misclassified Ms. Gentile as an "exempt" employee, Defendant Gentiva failed to properly record all of her hours worked.

53.     Accordingly, Defendant Gentiva did not compensate Ms. Gentile for hours over forty (40) that she worked in a given workweek and did not pay a rate of one and one-half times her regular rate for these hours.

**D.     Plaintiff Laurie Baker**

54.     Plaintiff Laurie Baker worked for Defendant Gentiva as an RN case manager from March 16, 2009 until November 26, 2009.  As an RN, Ms. Baker was classified as an exempt employee and received no overtime wages.

55.     Defendant Gentiva required Ms. Baker to visit patients in their home.

56.     Defendant Gentiva paid Ms. Baker pursuant to an unlawful per visit/hourly basis hybrid compensation plan.

57.     Defendant Gentiva assigned a certain number of points (generally 1, 1.5 or 2) to each type of patient visit, using time estimates for patient visits to determine how many points to allocate.

58.     Defendant Gentiva compensated Ms. Baker on an hourly rate basis for performing a peer review, office clerical work, in service education or training and conference time spent with an RN manager.  Defendant Gentiva did not pay Ms. Baker for the time she spent waiting to speak to an RN manager or for her travel time to the office from her patient visits.   Most significantly, Defendant Gentiva did not pay Ms. Gentile for time she was required to spend "charting" – completing paperwork for each patient she visited.

59.     To maintain and complete Defendant Gentiva's required paperwork, Ms. Baker routinely worked more than eight (8) hours a day and forty (40) hours per week.  In addition to her normal forty (40) hour workweek spent traveling from one patient's home to the next, charting and coding in the office, Ms. Baker spent an additional two (2) hours a day at home documenting and charting the observation of a patient, vitals of a patient, wound care treatment, medication, education, and recertification based on an attending physician's orders.

60.     To complete Defendant Gentiva's required paperwork for all patient visits, Ms. Baker also spent approximately four (4) hours on a Saturday and four (4) hours on Sunday documenting all necessary information relevant to a patient's visit.

61.     Thus, Ms. Baker worked approximately 58 hours per week, but was not compensated for her hours in excess of 40.

62.     Defendant Gentiva misclassified Ms. Baker and all other similarly situated visiting health care providers as exempt, despite the illegal hybrid compensation plan.

63.     Given that Defendant Gentiva misclassified Ms. Baker as an "exempt" employee, Defendant Gentiva failed to properly record all of her hours worked.

64.     Accordingly, Defendant Gentiva did not compensate Ms. Baker for hours over forty (40) that she worked in a given workweek and did not pay a rate of one and one-half times her regular rate for these hours.

**E.     Plaintiff Christina Nelmes**

65.     Plaintiff Nelmes worked for Defendant Gentiva as an RN case manager from August 28, 2009 until February 6, 2010.  As an RN, Ms. Nelmes was classified as an exempt employee and received no overtime wages.

66.     Defendant Gentiva required Ms. Nelmes to visit patients in their home.

67.     Defendant Gentiva paid Ms. Nelmes pursuant to an unlawful per visit/hourly basis hybrid compensation plan.

68.     Defendant Gentiva assigned a certain number of points (generally 1, 1.5 or 2) to each type of patient visit, using time estimates for patient visits to determine how many points to allocate.

69.     Defendant Gentiva compensated Ms. Nelmes on an hourly rate basis for "orientation" training time as well as the time she spent in conferences with the clinician manager to determine appropriate coding for each visit.  While she was paid on an hourly rate basis for the time she spent in conferences with an RN manager, she was not paid for the time she spent waiting to speak to the RN manager or the time she spent traveling to the office from her patient visits.  Most significantly, Defendant Gentiva did not pay Ms. Nelmes for time she was required to spend "charting" – completing paperwork for each patient she visited.

70.     To maintain and complete Defendant Gentiva's required paperwork, Ms. Nelmes routinely worked more than eight (8) hours a day and forty (40) hours per week for Defendant. In addition to her normal forty (40) hour workweek spent traveling from one patient's home to the next, charting and coding in the office, Ms. Nelmes spent an additional two (2) hours a day at home documenting and charting the observation of a patient, vitals of a patient, wound care treatment, medication, education, and recertification based on an attending physician's orders.

71.     To complete Defendant Gentiva's required paperwork for all patient visits, Ms. Nelmes also spent approximately four (4) hours on a Saturday and four (4) hours on a Sunday documenting all necessary information relevant to a patient's visit.

72.     Thus, Ms. Nelmes worked approximately 58 hours per week, but was not compensated for her hours in excess of 40.

73.     Defendant Gentiva misclassified Ms. Nelmes and all other similarly situated visiting health care providers as exempt, despite the illegal hybrid compensation plan.

74.     Given that Defendant Gentiva misclassified Ms. Nelmes as an "exempt" employee, Defendant Gentiva failed to properly record all of her hours worked.

75.     Accordingly, Defendant Gentiva did not compensate Ms. Nelmes for hours over forty (40) that she worked in a given workweek and did not pay a rate of one and one-half times her regular rate for these hours.

## FLSA COLLECTIVE ACTION ALLEGATIONS

76.     Defendant Gentiva intentionally misclassified visiting health care providers, including RN's, Physical Therapists and Occupational Therapists, as exempt employees.

77.     Members of the FLSA Class are similarly situated.

78.     Members of the FLSA Class have substantially similar job requirements and pay provisions and are subject to a common practice, policy or plan that requires or permits them to perform uncompensated work for the benefit of Defendant Gentiva in excess of forty (40) hours per workweek.

79.     There are numerous (approximately several thousand) similarly situated current and former visiting health care providers who Defendant Gentiva misclassified in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the present lawsuit and the opportunity to join in the present lawsuit.

80.     Those similarly situated employees are known to Defendant Gentiva, are readily identifiable, and can be located through Defendant's records.

81.     Members of the proposed class, and Plaintiffs, therefore, should be permitted to pursue their claims collectively, pursuant to 29 U.S.C. § 216(b).

82.     Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs and members of the proposed class.

83.     Plaintiffs Lisa Rindfleisch, Tiffany Melendez, Michelle Gentile, Laurie Baker and Christine Nelmes request that they be permitted to serve as representatives of those who have consented to participate in this action and that this action be granted collective action status pursuant to 29 U.S.C. § 216(b).

## RULE 23(b)(3) NEW YORK CLASS ACTION

84.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, named plaintiffs Rindfleisch, Melendez and Gentile bring their claim for relief to redress and remedy Defendant Gentiva's violations of the New York Labor Law, Article 19, § 650 et seq.

85.    The proposed class is easily ascertainable.  The number and identity of New York class members are determinable from Defendant Gentiva's payroll records as are the patient visits assigned and worked, timesheets for each visiting health care provider, and the per visit/hourly rate for each class member.

86.    Numerosity: The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  While the exact number of class members is unknown to Plaintiffs at this time, upon information and belief, the class comprises of at least several  thousand persons.

87.    Commonality: There is a well defined commonality of interest in the questions of law and fact involving and affecting the class in that Plaintiffs and all members of the proposed class have been harmed by Defendant Gentiva's failure to pay earned wages, and by Defendant Gentiva's failure to compensate current and/or former visiting health care providers for all hours worked, in addition to time and a half for hours in excess of forty (40).  The common questions of law and fact include, but are not limited to the following:

(1) whether Defendant Gentiva misclassified Plaintiffs and members of the proposed class as exempt from the overtime requirements of New York Labor Law;

(2) whether Defendant Gentiva refused to pay Plaintiffs and members of the proposed class regular rate and earned wages for all hours worked in violation of New York Labor Law;

(3) whether Defendant Gentiva refused to pay Plaintiffs and members of the proposed class overtime wages for hours worked in excess of forty (40) per week in violation of New York Labor Law; and

(4) whether Defendant Gentiva's refusal to pay such compensation is in violation of New York Labor Law.

88.    Typicality:  The claims of Plaintiffs herein are typical of those claims which could be alleged by any member of the class, and the relief sought is typical of the relief which would be sought by each member of the class in separate actions.  All class members were subject to the same compensation practices of Defendant Gentiva, as alleged herein, of refusing to pay all earned wages and for Defendant Gentiva's failure to pay for all hours worked. Defendant Gentiva's compensation policies and practices affected all class members similarly, and Defendant Gentiva benefited from the same type of unfair and/or wrongful acts as to each class member.  Plaintiffs and members of the proposed class sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

89.    Adequacy of Representation:  Plaintiffs are able to fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiffs and members of the proposed class.   Plaintiffs have retained counsel who are experienced and competent in both wage and hour law and complex class action litigation.

90.    Predominance and Superiority:    The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members.  A class action is superior to other available means for the fair and efficient adjudication of this controversy.   Individual joinder of all class members is impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members are

small in the sense pertinent to class action analysis, the expense and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

91.     On the other hand, important public interests will be served by addressing the matter as a class action.  The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action.  Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendant Gentiva and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

92.     Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs and members of the proposed class.

## <u>RULE 23(b)(3) NCWHA CLASS ACTION</u>

93.     Pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, named Plaintiffs Baker and Nelmes bring their claim for relief to redress and remedy Defendant Gentiva's violations of the NCWHA, N.C. Gen. Stat. § 95-25.1, *et seq*.

94.     Named Plaintiffs Baker and Nelmes and members of the proposed class assert that Defendant Gentiva violated the NCWHA by failing to pay its employees (1) wages, when due, for all hours worked at the regular rate (which exceeded the minimum wage rate under the FLSA); (2) wages at North Carolina's minimum wage rate of $6.15 per hour (which exceeded

the FLSA minimum wage rate of $5.15 and $5.85 per hour for the applicable periods of time). (From January 1, 2007 until July 24, 2008, the NCWHA guaranteed an hourly rate higher than that provided by federal law); and (3) overtime wages of one and one-half times the regular hourly rate.

95.     The required payment of all wages due on an employee's regular payday is required by North Carolina's "Pay Day Statute."   The second of these claims is expressly authorized by the FLSA's savings clause:

> No provision of this chapter or of any Order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum work week established under this chapter. . . .

29 U.S.C. § 218(a).

96.     The proposed class is easily ascertainable.   The number and identity of NCWHA class members are determinable from Defendant Gentiva's payroll records as are the patient visits assigned and worked, timesheets for each visiting health care provider, and the per visit/hourly rate for each class member.

97.     Numerosity: The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.   While the exact number of class members is unknown to Plaintiffs at this time, upon information and belief, the class comprises of at least several thousand persons.

98.     Commonality: There is a well defined commonality of interest in the questions of law and fact involving and affecting the class in that Plaintiffs and all members of the proposed class have been harmed by Defendant Gentiva's failure to pay earned wages, and by Defendant Gentiva's failure to compensate current and/or former visiting health care providers for all hours

worked, in addition to time and a half for hours in excess of forty (40).  The common questions of law and fact include, but are not limited to the following:

> (1) whether Defendant Gentiva refused to pay Plaintiffs and members of the proposed class regular rate and earned wages for all hours worked on their regular "pay day" in violation of the NCWHA §§ 95-25.6 and 95-25.7;
>
> (2) whether Defendant Gentiva refused to pay Plaintiffs and members of the proposed class overtime wages for hours worked in excess of forty (40) per week on their regular "payday" in violation of the NCWHA § 95-25.6; and
>
> (3) whether Defendant Gentiva's refusal to pay such compensation is in violation of the NCWHA and the common law of North Carolina.

99.   <u>Typicality</u>: The claims of Plaintiffs herein are typical of those claims which could be alleged by any member of the class, and the relief sought is typical of the relief which would be sought by each member of the class in separate actions.  All class members were subject to the same compensation practices of Defendant Gentiva, as alleged herein, of refusing to pay all earned wages and for Defendant Gentiva's failure to pay all current and/or former employees for all hours worked. Defendant Gentiva's compensation policies and practices affected all class members similarly, and Defendant Gentiva benefited from the same type of unfair and/or wrongful acts as to each class member.  Plaintiffs and members of the proposed class sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

100.   <u>Adequacy of Representation</u>:  Plaintiffs are able to fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between

Plaintiffs and members of the proposed class. Plaintiffs have retained counsel who are experienced and competent in both wage and hour law and complex class action litigation.

101. <u>Predominance and Superiority</u>: The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to class action analysis, the expense and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

102. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendant Gentiva and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

103.    Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs and members of the proposed class.

## FIRST CAUSE OF ACTION
### (Violation of the Fair Labor Standards Act)

104.    Plaintiffs incorporate by reference the allegations asserted above.

105.    Defendant Gentiva willfully violated the FLSA by misclassifying Plaintiffs as exempt employees, and a 3-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

106.    At all relevant times, Defendant Gentiva has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

107.    At all relevant times, Defendant Gentiva has employed, and continues to employ, "employee[s]," including the Plaintiffs, and each of the members of the prospective FLSA Class, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

108.    At all relevant times, Defendant Gentiva has had gross operating revenues in excess of $500,000.

109.    Defendant Gentiva has willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by misclassifying Plaintiffs and similarly situated RN Case Managers as "exempt" employees, and thereby failing and refusing to pay them the hourly wage compensation as required by law and in accordance with § 206 and § 207 of the FLSA.

110.    Plaintiffs and members of the proposed class are not employed in a *bona fide* executive, administrative, or a professional capacity pursuant to 29 U.S.C. § 213(a)(1) and corresponding regulations.

111.    Plaintiffs and members of the proposed class are not subject to any other exemptions set forth in the FLSA or administrative regulations.

112.    As a result of Defendant Gentiva's violations of the FLSA, Plaintiffs, as well as all others similarly situated, have suffered damages by being denied overtime wages in accordance with § 206 and § 207 of the FLSA.

113.    Defendant Gentiva has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated present and former RN Case Managers.

114.    As a result of Defendant Gentiva's unlawful acts, Plaintiffs and all similarly situated current and former RN Case Managers have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interests, attorneys' fees, costs, and other compensation pursuant to § 216(b) of the FLSA.

## SECOND CAUSE OF ACTION
**(New York Labor Law: Unpaid Overtime Wages) (Brought on Behalf of Plaintiffs and all Rule 23 Class Members)**

115.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

116.    At times relevant to this action, Plaintiffs were employees and Gentiva has been an employer within the meaning of the New York Labor Law.

117.    The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Gentiva.

118.    Gentiva has failed to pay Plaintiffs and the Rule 23 Class the overtime wages to which they were entitled under the New York Labor Law.

119.     By Gentiva's failure to pay Plaintiffs and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

120.     Due to Gentiva's violations of the New York Labor Law, Plaintiffs and the Rule 23 Class Members are entitled to recover from Gentiva their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as well as liquidated damages.

### THIRD  CAUSE OF ACTION
**(Violations of the North Carolina Wage and Hour Act)**
**(Brought on Behalf of Plaintiffs and all Rule 23 Class Members**

121.     Plaintiffs incorporate by reference the allegations asserted above.

122.     The class period for this claim for relief is at least two years from the date of the filing of this Complaint.

123.     Defendant Gentiva has engaged in the practice of improperly failing to compensate the North Carolina employee class members, whom Defendant Gentiva misclassified as defined under the FLSA.  These misclassified class members have performed hours worked for which they have not been compensated in their entirety, in addition to performing overtime work for which Defendant Gentiva deprived them of overtime compensation in violation of the provisions of § 95-25.6 of the NCWHA and corresponding federal regulations.

124.     Defendant Gentiva is not permitted by North Carolina or federal law to withhold or divert any portion of Plaintiffs' or class members' wages that are at issue in this collective/class action complaint.

125.    The foregoing conduct, as alleged, constitutes willful violations of § 95-25.6 and 95-25.7 of the NCWHA.

126.    As set forth above, the NCWHA Plaintiffs and members of the proposed class have sustained losses and lost compensation as a proximate result of Defendant Gentiva's violations of the NCWHA.   Accordingly, Plaintiffs, on behalf of themselves, and all those similarly situated, seek damages in the amount of their unpaid and earned compensation, liquidated damages, plus interest at the legal rate set forth in N.C. Gen. Stat. § G.S. 24-1 from the date each amount first came due as provided by § 95-25.22(a) and (a1) of the NCWHA.

127.    Plaintiffs on behalf of themselves and all those similarly situated, seek recovery of their attorneys' fees as provided by the § 95-25.22(d) of the NCWHA.

128.    Pursuant to § 95-25.6 of the NCWHA, Defendant Gentiva was required to pay Plaintiffs and members of the proposed class, all wages, when due, for all hours of work at their regular hourly rate (which exceeded the minimum wage rate under the FLSA) on their regular pay day.

129.    Defendant Gentiva was required to pay Plaintiffs and members of the proposed class, for all wages at North Carolina's minimum wage rate of $6.15 per hour (which exceeded the FLSA minimum wage rate of $5.15 and $5.85 per hour for the applicable periods of time) on their regular pay day.

130.    Defendant Gentiva was required to pay Plaintiffs and members of the proposed class, for all overtime wages of one and one-half times their regular hourly rate on their regular payday pursuant to the "payday statute," § 95-25.6 of the NCWHA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, and all those similarly situated, collectively pray that this Honorable Court:

1.      Issue an Order certifying this action as a collective action under the FLSA and designate the above Plaintiffs as representatives of all those similarly situated under the FLSA collective action;

2.      That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Gentiva as visiting health care providers.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages.

3.      Issue an Order certifying a sub-class of New York employees and a sub-class of North Carolina employees, pursuant to Rule 23, and designate Plaintiffs Rindfleisch, Melendez and Gentile as representatives on behalf of the New York sub-class and Plaintiffs Baker and Nelmes as representatives on behalf of the North Carolina sub-class;

4.      Issue an Order appointing the undersigned counsel as Class Counsel pursuant to Rule 23(g).

5.      Award Plaintiffs and all those similarly situated actual damages for unpaid wages and liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs and the class as provided by the FLSA, 29 U.S.C. § 216(b), New York Labor Law, Article 19, § 650

et seq. and the supporting New York State Department of Labor regulations, and the NCWHA, N.C. Gen. Stat. § 95-25.22(al);

6.      Award Plaintiffs and all those similarly situated pre- and post-judgment interest at the statutory rate as provided by the FLSA, U.S.C. § 216(b) and pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.22(a);

7.      Award Plaintiffs and all those similarly situated attorneys' fees, costs, and disbursements as provided by the FLSA, 29 U.S.C. § 216(b) and pursuant to New York Labor Law, Article 19, § 650 et seq., and the NCWHA, N.C. Gen. Stat. § 95-25.22(d); and

8.      Award Plaintiffs and all those similarly situated further legal and equitable relief as this Court deems necessary, just, and proper.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.


Respectfully submitted, this the _10th_ day of May, 2010.


COHEN MILSTEIN SELLERS & TOLL PLLC

BY: _____

J. Douglas Richards
88 Pine Street, 14th floor
New York, NY 10005
(212) 838-7797
drichards@cohenmilstein.com


Joseph M. Sellers
Christine E. Webber
Llezlie Green Coleman
1100 New York Avenue, Suite 500 West
Washington, DC 20005
(202) 408-4600

MARTIN & JONES, PLLC

BY: _____

H. Forest Horne, Jr., NCSB # 16678
Gilda A. Hernandez, NCSB # 36812
410 Glenwood Avenue, Suite 200
Raleigh, North Carolina 27603
(919) 821-0005

Attorneys for Plaintiff

**Attorneys for Plaintiff**

J. Douglas Richards
88 Pine Street, 14th floor
New York, NY  10005
(212) 838-7797

Joseph M. Sellers
Christine E. Webber
Llezlie Green Coleman
1100 New York Avenue, Suite 500 West
Washington, DC 20005
(202) 408-4600

COHEN MILSTEIN SELLERS & TOLL PLLC


H. Forest Horne, Jr.
Gilda A. Hernandez
410 Glenwood Avenue, Suite 200
Raleigh, North Carolina 27603
(919) 821-0005

MARTIN & JONES, PLLC

# Exhibit A

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

**TO: CLERK OF THE COURT AND COUNSEL OF RECORD**

I, _Laurie Kay Baker_ state the following:
(PRINT NAME ABOVE)

1. I am over 18 years of age and competent to give the following consent in this matter.

2. Pursuant to 29 U.S.C. § 216(b), I hereby give my consent to be a Plaintiff in this action.

3. I believe I have not been paid for all compensable time which I have worked, including overtime.

4. I hereby consent and agree, to be a plaintiff herein, and to be bound by any settlement of the case or adjudication by the Court where the suit is brought.

5. I understand that this suit may be brought as a representative action covering myself and several other employees. If brought as a representative action under either federal or state law, I consent to join this action and agree to be included as a named plaintiff in this action.

I swear or affirm that the foregoing statements are true to the best of my knowledge, information and belief.

Date: _12-21-09_

Signed: _Laurie Kay Baker_

Print Name: _Laurie Kay Baker_

Print Address: _921 Hearthside Ct. New Bern, NC 28560_

Telephone: _(330) 289-7593_

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

**TO: CLERK OF THE COURT AND COUNSEL OF RECORD**

I, _Christina Nelmes_ state the following:
(PRINT NAME ABOVE)

1. I am over 18 years of age and competent to give the following consent in this matter.

2. I am currently or was formerly employed Gentiva Health Services, Inc., located in (city) _Pollocksville_, North Carolina. I worked at this location from (month) _Aug 09_ (year) _Feb_ until (month) _10_ (year) _____.

3. I understand that a lawsuit is being brought to recover from my employer compensation for overtime wages under the FLSA. I understand that the suit may be brought pursuant to both federal law and applicable state law.

4. I believe I have not been paid for all compensable time which I have worked, including overtime.

5. I hereby consent and agree, to be a plaintiff herein, and to be bound by any settlement of the case or adjudication by the Court where the suit is brought.

6. I understand that this suit may be brought as a representative action covering myself and several other employees. If brought as a representative action under either federal or state law, I consent to join this action and agree to be included as a named plaintiff in this action.

I swear or affirm that the foregoing statements are true to the best of my knowledge, information and belief.

Date: _2/9/10_

Signed: _Christina Nelmes_

Print Name: _Christina Nelmes_

Print Address: _202 Rudolph Lane Hubert NC 28539_

Telephone: _910-325-7427_

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

**TO:  CLERK OF THE COURT AND COUNSEL OF RECORD**

I, _____Tiffany Melendez_____ state the following:
(PRINT NAME ABOVE)

1.  I am over 18 years of age and competent to give the following consent in this matter.

2.  Pursuant to 29 U.S.C. § 216(b), I hereby give my consent to be a Plaintiff in this action.

3.  I believe I have not been paid for all compensable time which I have worked, including overtime.

4.  I hereby consent and agree, to be a plaintiff herein, and to be bound by any settlement of the case or adjudication by the Court where the suit is brought.

5.  I understand that this suit may be brought as a representative action covering myself and several other employees.  If brought as a representative action under either federal or state law, I consent to join this action and agree to be included as a named plaintiff in this action.

I swear or affirm that the foregoing statements are true to the best of my knowledge, information and belief.

Date: _4/10/10_

Signed: _Tiffany Melendez_

Print Name: _Tiffany Melendez_

Print Address: _22 Havens Ave Auburn NY 13021_

Telephone: _315-604-2581_

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

**TO:  CLERK OF THE COURT AND COUNSEL OF RECORD**

I,  _LISA A. Rindfleisch_  state the following:
(PRINT NAME ABOVE)

1. I am over 18 years of age and competent to give the following consent in this matter.

2. Pursuant to 29 U.S.C. § 216(b), I hereby give my consent to be a Plaintiff in this action.

3. I believe I have not been paid for all compensable time which I have worked, including overtime.

4. I hereby consent and agree, to be a plaintiff herein, and to be bound by any settlement of the case or adjudication by the Court where the suit is brought.

5. I understand that this suit may be brought as a representative action covering myself and several other employees.  If brought as a representative action under either federal or state law, I consent to join this action and agree to be included as a named plaintiff in this action.

I swear or affirm that the foregoing statements are true to the best of my knowledge, information and belief.

Date:  _4/10/2010_

Signed:  _Lisa A. Rindfleisch_

Print Name:  _LISA A. RINDFLEISCH_

Print Address:  _69 KEARNEY AVE, AUBURN, NY 13021_

Telephone:  _(315) 209-0433_

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

**TO:  CLERK OF THE COURT AND COUNSEL OF RECORD**

I, *Michele Gentile* state the following:
(PRINT NAME ABOVE)

1. I am over 18 years of age and competent to give the following consent in this matter.

2. Pursuant to 29 U.S.C. § 216(b), I hereby give my consent to be a Plaintiff in this action.

3. I believe I have not been paid for all compensable time which I have worked, including overtime.

4. I hereby consent and agree, to be a plaintiff herein, and to be bound by any settlement of the case or adjudication by the Court where the suit is brought.

5. I understand that this suit may be brought as a representative action covering myself and several other employees.  If brought as a representative action under either federal or state law, I consent to join this action and agree to be included as a named plaintiff in this action.

I swear or affirm that the foregoing statements are true to the best of my knowledge, information and belief.

Date: _____ 4/9/10

Signed: _____ *Michele Gentile*

Print Name: *Michele Gentile*

Print Address: *4 Tuxill Square, Auburn, NY 13021*

Telephone: *315·224-9046*