IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA RINDFLEISCH, TIFFANY MELENDEZ, MICHELLE GENTILE, LAURIE BAKER and CHRISTINA NELMES, on behalf of themselves and others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>GENTIVA HEALTH SERVICES, INC.,<br><br>        Defendant. | CIVIL ACTION NO. 1:10-CV-03288-JEC |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**(1) Description of Case:**

    **(a) Describe briefly the nature of this action:**

Named Plaintiffs are nurses who allege that they were employed by Defendant, whose job duties included travel to patient homes to provide health and hospice care. Plaintiffs allege that Defendant paid them, and the putative class members, under an unlawful hybrid pay plan that included a combination of "Pay Per Visit," and hourly pay and further did not pay them for all hours worked. Plaintiffs further allege that based on the hybrid pay plan, Defendant improperly misclassified them as exempt professionals. Plaintiffs filed this case as a collective and class action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the North Carolina Wage and Hour Act and the New York Wage Payment Act. Plaintiffs seek collective action certification of their FLSA claims for all visiting healthcare clinicians employed by Defendant who are classified as exempt and compensated via a "Pay Per Visit" compensation model and will seek class

certification of their state law claims. The clinicians Plaintiffs seek to represent are Registered Nurses, Occupational Therapists, Physical Therapists, Speech Therapists, and Medical Social Workers.

Plaintiffs allege that Defendant's alleged hybrid pay plan did or does not meet the requirements of the FLSA and state laws. Plaintiffs bring this action seeking damages for themselves and all others similarly situated for all hours worked in excess of forty (40) in a workweek, liquidated damages, attorneys' fees, costs, and prejudgment interest.

Defendant asserts that Plaintiffs were properly paid on a salary and/or fee basis for all work performed. Defendant denies liability for the allegations made by Plaintiffs under the FLSA, North Carolina state law, and New York state law.

**(b)** **Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

  **(1)** **Plaintiff**

Named Plaintiffs are nurses, who are or were employees of Defendant, and provided home health and hospice care to patients. Defendant implemented an unlawful hybrid pay plan to compensate Plaintiffs and other clinicians; paying them on a combined "Pay Per Visit" and hourly basis. Defendant assigned "points" to patient visits that were based on an estimated amount of time the clinician spent with the patient. The Fair Labor Standards Act, ("FLSA"), § 541.605, precludes such compensation practices where payment is made based on the number or hours or days worked, and therefore it is not considered a "fee basis." Additionally, clinicians were paid on an hourly rate basis for other hours worked, such as for staff meetings, case conferences, in-service education and peer reviews. Further, Gentiva failed to pay clinicians for other hours worked, such as for all travel and charting time. Defendant's hybrid pay plan resulted in Plaintiffs, and putative class members, not being paid for regular hours worked, for substantial other hours worked and for hours worked in excess of forty (40) hours per week. In addition to the five named Plaintiffs, more than thirty (30) current or former Gentiva employees from various Gentiva branches across the country have filed opt-in notices to participate in this action.

### (2) Defendant

Defendant Gentiva Health Services, Inc. is the nation's largest provider of home health and hospice services, delivering innovative, high quality care to patients across the United States. Gentiva offers its clients skilled nursing; physical, occupational, speech and neurorehabilitation services; hospice services; social work; nutrition; disease management education; help with daily living activities; and other therapies and services. This action is limited to Gentiva's adult home health care operations that offer skilled nursing and rehabilitation services in patient homes paid on a pay per visit compensation structure. Gentiva currently operates more than 300 branch locations in more than 30 states offering these adult home health services. Gentiva has grown through merger and acquisition during the relevant period, however, and home health services locations operating as Gentiva facilities today may not have been owned or operated by Gentiva during all or part of the period from May 9, 2004 to the present.

Gentiva compensates and has compensated Registered Nurses, Physical Therapists, and Occupational Therapists (here "Visiting Health Care Providers") under a variety of terms consistent with business needs and its with employees. The company has a large and diverse workforce, and operations and compensation terms vary significantly from location to location and throughout the relevant time period for this action. Those Visiting Health Care Providers whom Gentiva has classified as professionals exempt from the minimum wage and overtime provisions of the FLSA have been compensated on a fee basis and/or salary basis.

Defendant asserts that Plaintiffs were properly classified as exempt employees, not subject to the FLSA's minimum wage and overtime requirements, nor to the relevant provisions of North Carolina and New York state law, by virtue of the terms and conditions of their employment at Gentiva. Defendant has taken compliance measures to ensure that it properly compensates its employees for all work performed. Gentiva's compliance has been assessed by the U.S. Department of Labor and the Defendant has taken internal preventative action to promote compliance with federal and state wage laws. Defendant also contends that Plaintiffs frequently worked less than forty hours in a workweek during the period identified in the complaint. Defendant further contends that Plaintiffs are not entitled, as a matter of law, to recover any additional compensation, liquidated damages, punitive damages, costs, prejudgment interest, attorneys' fees, or any other relief from Defendant.

    (c)    **The legal issues to be tried are as follows:**

        (1)    Whether Plaintiffs were compensated on a basis consistent with the FLSA's exemption for learned professionals or whether such compensation methods violate the FLSA and whether the wage and hour laws of New York and North Carolina were violated;

        (2)    Whether Plaintiffs worked more than 40 hours in any relevant workweek and if so, whether Defendant failed to properly pay Plaintiffs for hours worked in excess of forty;

        (3)    Whether any alleged violations of the FLSA were willful within the meaning of the statute and whether Defendant acted in good faith reliance on Department of Labor policies, practices, or procedures, and/or on good faith grounds and with the reasonable belief that Defendant was not violating the FLSA;

        (4)    Whether defenses asserted in Defendant's answer are properly applicable to the Plaintiffs' claims; and

        (5)    If violations of the FLSA are found, which types of relief and damage amounts, if any, are appropriate and whether Defendant is entitled to any set-offs against such damages.

    (d)    **The cases listed below (include both style and action number) are:**

        (1)    **Pending Related Cases:** *Wilkie v. Gentiva Health Services, Inc.,* Case No. 2:10-CV-01451-FCD-GGH (E.D. Cal.).

        (2)    **Previously Adjudicated Related Cases:** None.

(2)    **This case is complex because it possesses one or more of the features listed below (please check), Plaintiffs contend that complexities exist where noted with a "P" and Defendant contends that complexities exist where noted with a "D":**

    (1)    <u>P, D</u>   Unusually large number of parties

    (2)    <u>D</u>      Unusually large number of claims or defenses

    (3)    <u>D</u>      Factual issues are exceptionally complex

(4)   __D___   Greater than normal volume of evidence

(5)   _P, D_   Extended discovery period is needed

(6)   __D___   Problems locating or preserving evidence

(7)   _P, D_   Pending parallel investigations or action by government

(8)   _____   Multiple use of experts

(9)   _____   Need for discovery outside United States boundaries

(10)  _____   Existence of highly technical issues and proof

(3) **Counsel:** The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

Gilda A. Hernandez,
H. Forest Horne, Jr.,
Samuel L. Starks,
MARTIN & JONES, PLLC

Christine E. Webber,
Joseph M. Sellers,
COHEN MILSTEIN SELLERS & TOLL, PLLC

Defendant:

Lisa A. Schreter,
Angelo Spinola,
Michael A. Weber,
SoRelle B. Brown,
LITTLER MENDELSON, PC

(4) **Jurisdiction:** Is there any question regarding this Court's jurisdiction?

(___) Yes       (**X**) No

If "yes", please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be

5

supported by authority.

(5) **Parties to This Action:**

   (a) **The following persons are necessary parties who have not been joined:**

   None known at this time, except Plaintiffs contend that should this Court grant Plaintiffs' pending Motion for Conditional Certification, then additional current and former Gentiva employees may opt-in as collective action class members.

   (b) **The following persons are improperly joined as parties:**

   None known at this time.

   (c) **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

   None known at this time.

   (d) **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statements of a party's name.**

   Acknowledged.

(6) **Amendments to the Pleadings:** Amended and supplemental pleadings must be filed in accordance with the time limitations and of the provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

   (a) **List separately any amendments to the pleadings which the parties anticipate will be necessary.**

   None known at this time.

- (b) **Amendments to the pleadings submitted LATER THAN 30 DAYS after the Joint Preliminary Report and Discovery Plan is filed or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

Defendant requests that it be provided thirty (30) days to answer any amended complaint filed by Plaintiff.

(7) **Filing Times For Motions:** All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

- a. *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

- b. *Summary Judgment Motions:* within twenty (20) days after the settlement conference contemplated in Section 13(c) contemplated below, unless otherwise permitted by Court order. Local Rule 56.1. In addition, it is requested that the Court permit the following: In the event a Motion for Summary Judgment is filed in this action by either party, the deadline for filing the Proposed Pretrial Order shall be extended to thirty (30) days following the Court's ruling on any such motion.

- c. *Other Limited Motions:* Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

- d. *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial is submitted. Refer to Local Rule 7.2F.

The parties request that they be allowed to file Motions in Limine beyond thirty (30) days after the start of discovery.

(8)  **Initial Disclosures:** The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

The parties have no objection to exchanging initial disclosures.

(9)  **Request for Scheduling Conference:** Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Plaintiffs do not seek a scheduling conference with the Court at this time. Defendant seeks a scheduling conference to discuss coordination of discovery with the pending related case known as *Wilkie v. Gentiva Health Services, Inc.*, Case No. 2:10-CV-01451-FCD-GGH (E.D. Cal.). Defendant proposes coordination of discovery to avoid duplicative discovery, as anticipated by the Manual of Complex Litigation, 4th ed., § 20.14. Defendant proposes that corporate depositions under Fed. R. Civ. P. 30(b)(6) be coordinated in both actions, and that documents and records produced by the parties be considered relevant to both actions. *See, e.g., In re BMW Reverse Transmission Products Liability Lit.*, 543 F. Supp. 2d 1382 (J.P.M.L. 2008) (encouraging coordination through § 20.14 where two actions shared a common defendant); *In re Bank of America Fiduciary Accounts Lit.*, 435 F. Supp. 2d 1349 (J.P.M.L. 2006) (encouraging coordination of actions in Missouri and New York to "minimize whatever possibilities there might be of duplicative discovery, inconsistent pretrial rulings, or both"); *see also In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Lit.*, 446 F.Supp. 242, 244 (J.P.M.L.1978) (identifying coordination as an alternative to transfer to minimize duplicative discovery or inconsistent pretrial rulings, for example "notices for a particular deposition could be filed in all actions, thereby making the deposition applicable in each action; the parties could seek to agree upon a stipulation that any discovery relevant to more than one action may be used in all those actions; and any party could seek orders ... directing the parties to coordinate their pretrial efforts").

Plaintiffs will cooperate with Defendant to coordinate discovery, but should not be bound by discovery conducted by other counsel in the California Gentiva litigation. The parties have agreed to meet and confer with counsel in the California case to determine what agreements can be reached to coordinate discovery prior to seeking the Court's involvement and hope to schedule this meeting in the near future.

Plaintiffs filed a Motion for Conditional Certification and Notice on July 28, 2010 when this action was pending in the Eastern District of New York. Defendant filed a Motion for Change of Venue on August 9, 2010. Venue was transferred to this Court on October 13, 2010. Plaintiffs re-filed their Motion for Conditional Certification and Notice on November 1, 2010 and respectfully request a ruling following Defendant's Response due to the fact that the statute of limitations continues to run against potential opt-in Plaintiffs' claims whose rights are potentially being extinguished with the passing of every day.

Defendant requests that the Court schedule a conference to discuss the resolution of Plaintiffs' motion to conditionally certify this case as a collective action pursuant to 29 U.S.C. § 216(b) and to determine the scope, if any, of permissible pre-motion discovery that would be helpful in the Court's consideration of Plaintiffs' motion. As fully set forth in the motion filed on November 11, 2010, independent of the efficiencies Defendant believes will be gained through pre-motion discovery, Defense Counsel needs additional time to respond to Plaintiffs' motion as a result of scheduling conflicts and asks for the Court's intervention.

**(10) Discovery Period:**

This case was transferred to this Court on October 13, 2010. The discovery period should commence thirty (30) days after the case was transferred. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) 0-months discovery period, (b) 4-months discovery period, and (c) 8-months discovery periods. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing. The parties agree that this case should be subject to an 8 month discovery period.

Please state below the subjects on which discovery may be needed:

The parties agree that discovery will be needed on these issues:

(a) Hours worked by Plaintiffs;

(b) Defendant's compensation practices with regard to Plaintiffs and other clinical associates who were paid on a per visit basis;

(c) Whether one or more of the defenses asserted by Defendant bar in whole or in part Plaintiffs' recovery;

(d) Applicable statute of limitations;

(e) Plaintiffs allegations of violations of the FLSA, New York and North Carolina state law, and Defendant's affirmative defenses;

(f) Damages.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties request a discovery period of eight (8) months due to the complexities identified above.

(11) **Discovery Limitation:** What changes should be made to the limitations of discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

In addition to those identified in Item (10), above:

Maximum Number of Interrogatories
- Plaintiff(s): a total of twenty-five (25).
- Defendant: a total of twenty-five (25) to be answered individually by each named Plaintiff.
- The parties did not reach agreement on the scope of pre-certification discovery permitted with respect to opt-in Plaintiffs and will continue to work together in an attempt to reach a reasonable compromise.
- Any party may petition the Court for leave to serve additional interrogatories.

Maximum Number of Requests for Admission
- Plaintiff(s): a total of twenty-five (25).
- Defendant: a total of twenty-five (25) to be answered individually by each named Plaintiff.
- The parties did not reach agreement on the scope of pre-certification discovery permitted with respect to opt-in Plaintiffs and will continue to work together in an attempt to reach a reasonable compromise.
- Any party may petition the Court for leave to serve additional requests for admission.

Maximum Number of Depositions
- Plaintiff(s): a total of ten (10). In addition, Plaintiff(s) shall be permitted to depose each expert witness identified by Defendant pursuant to Federal Rule of Civil Procedure 26(a)(2).
- Defendant: a total of ten (10) for the named Plaintiffs.
- The parties did not reach agreement on the number of depositions permitted with respect to opt-in Plaintiffs and will continue to work together in an attempt to reach a reasonable compromise.
- Defendant shall be permitted to depose each expert witness identified by Plaintiff(s) pursuant to Federal Rule of Civil Procedure 26(a)(2).
- Any party may petition the Court for leave to take additional depositions. Each deposition is limited to seven (7) hours of testimony unless extended by agreement or Court Order.

(12) **Other Orders:** What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties anticipate filing a motion for a stipulated protective order regarding confidential information, with an accompanying proposed order.

(13) **Settlement Potential:**

a. Lead counsel for the parties certify by their signatures below a Rule 26(f) conference was held on November 10, 2010, and that settlement was discussed. Other persons who participated in the settlement discussions are listed according to party.

|  |  |
|---|---|
| For Plaintiff: | Gilda A. Hernandez,<br>H. Forest Horne, Jr., and<br>Samuel L. Starks,<br>MARTIN & JONES, PLLC |
| | Christine E. Webber,<br>Joseph M. Sellers,<br>COHEN MILSTEIN, SELLERS & TOLL, PLLC |
| For Defendant: | Lisa A. Schreter,<br>Angelo Spinola, and<br>Michael A. Weber,<br>LITTLER MENDELSON, PC |

b. All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(\_\_\_\_) A possibility of settlement before discovery.

( X ) A possibility of settlement after discovery.

(\_\_\_\_) A possibility of settlement, but a conference with the judge is needed.

(\_\_\_\_) No possibility of settlement.

c. Counsel (\_\_) do or ( X ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

The parties have agreed to conduct a settlement conference approximately twenty (20) days after the close of discovery.

d. The following specific problems have created a hindrance to settlement of this case.

None identified to date.

**(14)  Trial by Magistrate Judge:**

a.  The parties (__X__) do not consent to having this case tried before a magistrate judge of this Court.

b.  The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ____ day of _____, 2010.

Respectfully submitted this 12th day of November, 2010.

s/ Samuel L. Starks
Georgia Bar No. 676515
Email: sls@m-j.com
MARTIN & JONES PLLC
Atlanta Financial Center
3353 Peachtree Rd., NE, Suite 510
Atlanta, GA 30326
Telephone: 404.257.1117

s/ Gilda A. Hernandez
Gilda A. Hernandez
North Carolina Bar No. 36812
Email: gah@m-j.com
s/ H. Forest Horne, Jr.
Georgia Bar No. 419104
Email: hfh@m-j.com
MARTIN & JONES, PLLC
410 Glenwood Avenue, Suite 200
Raleigh, NC 27603
Telephone: 919.821.0005
Facsimile: 919.863.6074

s/ Christine E. Webber
District of Columbia Bar No. 439368
Email: cwebber@cohenmilstein.com

s/ Angelo Spinola
Angelo Spinola
Email: aspinola@littler.com
Georgia Bar No. 672191
s/ Lisa A. Schreter
Georgia Bar No. 629852
Email: lschreter@littler.com
s/ SoRelle B. Brown
Georgia Bar No. 152450
Email: sbbrown@littler.com
LITTLER MENDELSON, P.C.
3344 Peachtree Rd., NE, Suite 1500
Atlanta, GA 30326-4803
T : (404) 233-0330
F : (404) 233-2361
Email: mweber@littler.com

s/ A. Michael Weber
New York Bar No. 1024181
Email: mweber@littler.com
LITTLER MENDELSON, P.C.
900 Third Avenue, 8th Floor
New York, NY 10022
T: (212) 583-9600
F: (212) 832-2719

COHEN MILSTEIN SELLERS &
TOLL, PLLC
1100 New York Ave., NW,
Suite 500
Washington, DC 20005
T: (202) 408-4600
F: (202) 408-4699

ATTORNEYS FOR PLAINTIFF

ATTORNEYS FOR DEFENDANT

## SCHEDULING ORDER

Upon review of the information contained in the Preliminary Report and Discovery Schedule form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:

_____
_____
_____

IT IS SO ORDERED, this _____ day of _____, 20_____.

_____
UNITED STATES DISTRICT JUDGE

Firmwide:98637169.1 039495.1018