IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA RINDFLEISCH, TIFFANY MELENDEZ, MICHELLE GENTILE, LAURIE BAKER and CHRISTINA NELMES, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GENTIVA HEALTH SERVICES, INC.,<br><br>Defendant. | CIVIL ACTION NO.<br>1:10-cv-03288-SCJ |

**Memorandum in Support of Plaintiffs' Expedited Motion to Quash Defendant's Subpoena *Duces Tecum* for Plaintiffs' Minor Children's School Records and Motion for Protective Order**

COME NOW Plaintiffs, Lisa Rindfleisch, Tiffany Melendez, Michelle Gentile, Laurie Baker, and Christina Nelmes, pursuant to Federal Rules of Civil Procedure 45(c)(3)(A)(iii) and (iv), and 26(c), and file this Memorandum in Support of their Motion to Quash the subpoenas served by Defendant for the school records of Plaintiffs' minor children.

**STATEMENT OF FACTS**

This action was filed as a collective action under the Fair Labor Standards

Act, 29 U.S.C. § 201 *et seq.* ("FLSA").[1] Named Plaintiffs are nurse clinicians and the putative class members are clinicians who allege that Defendant, their former or current employer, implemented an illegal pay scheme paying them on a "per-visit" basis, and that the "per-visit rate" was impermissibly based on "time estimates." The amount of time Defendant estimated it would take Plaintiffs to complete the required work was substantially less than the actual amount of time it took Plaintiffs, in many cases, to complete the work. Plaintiffs contend that this pay scheme did not comply with FLSA requirements for treating Plaintiffs as exempt employees, and that they are therefore entitled to be paid overtime for the hours they worked in excess of 40 hours per week.

There are numerous disputed discovery issues about which the parties were ordered to file a joint brief setting forth their positions. [See Judge Carnes January 24, 2011 Order, Docket Entry No. 119] The parties have not yet filed the joint brief on the disputed discovery issues. Plaintiffs sent their most recent revisions to brief to the Defendant on March 28, 2011, and are awaiting Defendant's response.

In addition to the subpoenas Defendant served for the minor children's school records, Defendant's counsel set forth their position regarding the discovery Defendant seeks in a letter to Plaintiffs' counsel dated March 8, 2011, in which he

---

[1] The Plaintiffs' Motion for Conditional Certification and Notice was filed on November 1, 2010 and was referred for a decision on December 29, 2010.

stated in pertinent part the discovery being sought:

> … any and all records or documentation during Plaintiffs' applicable statute of limitations, referring or related to charge, debit card, checking, or credit activity, including but not limited to all purchases, debits, cash advances, credits and/or payments, daily transaction history, cancelled checks, all billing statements, and itemization of all activity that detail both the dates and time of the same, copies of any and all cash receipts which detail both the dates and times Plaintiffs' completed purchases during the applicable period, and the *school attendance and disciplinary records reflecting Plaintiffs' presence during the applicable period, including attendance records, records of parent/teacher conferences, notes or other documents excusing your children's absence or tardiness from school, and any other documents pertaining to Plaintiffs' participation or attendance at school meetings or other school activities.*
> (Emphasis added)

While the parties were completing their preparations for filing the above referenced court ordered joint discovery brief, on March 31, 2011, Defendant renewed their efforts to obtain school records of Plaintiffs' minor children by way of issuing subpoenas *duces tecum* to the schools where Plaintiffs minor children attend school. (Defendant's Correspondence and Subpoenas, Exhibit 1). The subpoena to the schools included an explanation of what was being sought:

> Any and all documents and/or files pertaining to [minor student's] attendance, disciplinary issues, parental involvement in school activities, including attendance records, records of parent/teacher conferences, notes or other documents excusing the student's absence or

3

tardiness from their parent or other individual(s), and any other documents pertaining to the student's attendance or the student's parental participation or attendance at school meetings or other activities for the period of time beginning October 1, 2007, through and including May 22, 2009. The only documents requested are those that reflect activities or events personally attended by [parent]. Further, Defendant is only seeking the date, time and duration of these activities and events rather than the substance of the communications. As such, any sensitive information not pertaining to date, time and duration may be redacted.

Defendant sought this same discovery from named Plaintiffs in Requests for Production propounded to named Plaintiffs. Plaintiffs objected to Defendant's discovery request for their children's school records and asserted, *inter alia*, that the children's school records were irrelevant and not reasonably likely to lead to discovery of admissible evidence in this case, were protected under the Family Education Rights and Privacy Act ("FERPA"), and further, that the request for this discovery (in conjunction with many other irrelevant and onerous discovery requests) was harassing, unduly intrusive, and intended to deter putative class members from participation in the collective action. (Plaintiffs' Responses to Defendant's Requests for Production (relevant portions), Exhibit 2).

Defendant did not file a motion to compel disclosure of the minor children's school records, but instead, while the parties were preparing to file their court ordered Joint Discovery Brief, on March 31, 2011, Defendant re-served the

subpoenas on school administrators by Federal Express with a return date of April 8, 2011. Defendant is seeking this information from a third party to avoid the normal discovery route and resolution process. If the collective action is conditionally certified and notice issues, it appears that Defendant intends to seek *hundreds* of sets of school records for the minor children of Plaintiffs and putative class members. These records are irrelevant to the central issue in this case: whether Defendant's pay per-visit pay scheme, based on time estimates, violates the FLSA. Defendant's far-fetched argument contends that the minor children's school records *may* show the Plaintiffs were not working, but instead were at their children's schools, and thus contradict the number of hours Plaintiffs report working. As shown below, the school records show no such thing.

Plaintiffs' counsel obtained permission from two named Plaintiffs to review their school children's records, which records were produced in response to Defendant's subpoenas and provided by Defendant's counsel to Plaintiffs' counsel pending a resolution of the disputed issue. The children's school records were, according to Plaintiffs' counsel's understanding, forwarded to Plaintiffs' counsel by Defense counsel until there was a resolution to this discovery dispute. (See counsel's communications, Exhibit 3). With the courtesy copy of this Motion and Memorandum, Plaintiffs are providing the children's school records to this Court,

pending a ruling on this motion, and request the Court's *in camera* review of the school records.

The school records of Plaintiff Lisa Rindfleisch's children, Alana Stillman and David Stillman, and the child of Tiffany Melendez, Anthony Farrelly, were reviewed. The records the school produced for all (3) children included extensive reporting of the children's grades, test scores and medical issues, both <u>before</u> and <u>after</u> the time periods that Plaintiffs worked for Defendant. The schools did not appear to have "redacted" anything. Consistent with Plaintiffs' argument, there was virtually no reference to the physical presence of the children's parents at the schools.

There are limited references to the children's "parents" being contacted by telephone about a school issue, but no details as to which parent was called or the time of the call.[2] In the case of David Stillman, there are references to school conferences, but the records do not indicate whether the parents were physically present, or even which parent(s), if any, attended.

There are only (2) documents that indicate that a named Plaintiff was physically present at a child's school on an occasion. The first is a sign-in sheet and letter in reference to an orientation on August 24, 2009, without any reference to the length of time, other than a start time at 8:30 a.m. The second is an admissions slip admitting a

---

[2] Plaintiffs have agreed that Defendant may obtain Plaintiffs' phone records, and in fact, have executed consents to release that information.

child into school on October 1, 2008 at 10:03 a.m., with an admission slip note stating "Appt.-mom here." In the dozens of pages of the children's school records that were produced, there are but one reference to each of two Plaintiffs being at the child's school. Production of the minor children's school records violates the children's rights under FERPA, is not reasonably likely to lead to the discovery of admissible evidence, and is harassing, unduly intrusive and intended to deter participation in this action.

## ARGUMENT AND CITATION OF AUTHORITY

Rule 26(c) allows the Court to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Fed. R. Civ. Proc. R. 26(c)*. Rule 45(c)(3)(A) allows the Court to quash a subpoena, such as the instant subpoena, which "requires disclosure of privileged or other protected matter and no exception or waiver applies ..." *Fed. R. Civ. Proc. R. 45(c)(3)(A)*. A party has standing to object to or move to quash a subpoena to a third party where the party has "a personal right or privilege with respect to the materials subpoenaed." *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551 at n.3 (N.D. Ga. 2001) (internal quotations omitted) (citing various cases).

The discovery Defendant seeks, school records of Plaintiffs' minor children, does not relate to the claims and defenses in this FLSA action. Instead, the discovery violates the children's rights and is harassing, intrusive, and intimidating

to Plaintiffs. Allowing Defendant to obtain school records for the named Plaintiffs' children, and the children of potentially hundreds of opt-in Plaintiffs, will invariably have a chilling effect on participation in this case, especially if there is no ruling on all of the other onerous discovery sought by Defendant. Some employees of Defendant will invariably have school children with learning disabilities, physical health conditions, or other private and potentially embarrassing issues that are wholly irrelevant to the main issue in this case. That issue: Did the Defendant's per-visit pay scheme violate the FLSA by using time estimates to pay Plaintiffs? Defendant has specifically requested only information that would demonstrate physical presence of a plaintiff at school, during the time period when Plaintiff was working for Gentiva, and instructed schools to redact other information. However, they will not likely do so, as they did not redact information for any of the three children whose records were produced.

Defendant's school records request seeks confidential and protected information under FERPA. The Defendant has not shown how the children's school records are relevant to the issues in this case. The reason articulated by Defendant's was that the records might show occasions where the Plaintiffs' were at their children's school instead of work are not sufficiently compelling to permit this discovery. Given that the records for three children reviewed so far

demonstrate only a single episode during which each of two plaintiffs was present at the school, Gentiva's hope that these school records would establish Plaintiffs' whereabouts for a sufficient number of hours to provide impeachment material regarding Plaintiffs' claims regarding the number of hours worked is demonstrably hollow. The school records provided to the Court show Defendant's request is wholly outside the permissible bounds of discovery. *Fed. R. Civ. Proc. R. 26(b)*. Instead of utilizing the procedures available under Rule 37(a)(2)(B) and Local Rule 37.1(A)(1) for resolving a discovery dispute, the Defendant has circuitously avoided the discovery rules and forced Plaintiffs to respond to another attempt by Defendant to obtain information which Plaintiffs have already objected to producing and which is the subject of a court ordered joint discovery motion.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs request that the subpoena to the school boards be quashed and that a protective order issue that the discovery not be had now or in the future.

Respectfully submitted this the 8th day of April 2011.

By: /s/H. Forest Horne
H. Forest Horne

**MARTIN & JONES, PLLC**
Sam L. Starks
GA Bar No.: 676515

3353 Peachtree Road, NE
Suite 510
Atlanta, GA 30326
sls@m-j.com


**MARTIN & JONES, PLLC**
H. Forest Horne, Jr.
GA Bar No.: 419104
Gilda A. Hernandez
NCSB: 36812
410 Glenwood Avenue, Suite 200
Raleigh, North Carolina 27603
(919) 821-0005
hfh@m-j.com
gah@m-j.com

**COHEN MILSTEIN SELLERS & TOLL, PLLC**

Christine E. Webber
Dist. of Columbia Bar No.: 439368
1100 New York Ave., NW
Suite 500, West Tower
Washington, DC  20005
(202) 408-4600
cwebber@cohenmiltein.com

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA RINDFLEISCH, TIFFANY MELENDEZ, MICHELLE GENTILE, LAURIE BAKER and CHRISTINA NELMES, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GENTIVA HEALTH SERVICES, INC.,<br><br>Defendant. | CIVIL ACTION NO. 1:10-CV-03288-SCJ |

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing MEMORANDUM IN SUPPORT OF PLAINTIFFS' EXPEDITED MOTION TO QUASH DEFENDANT'S SUBPOENA DUCES TECUM FOR PLAINTIFFS' MINOR CHILDREN'S SCHOOL RECORDS AND MOTION FOR PROTECTIVE ORDER this 8th day of April, 2011, via electronic filing CM/ECF, upon the following:

LITTLER MENDELSON, P.C.

Michael A. Spinola
Lisa A. Schreter
Littler Mendelson, PC
3344 Peachtree Road, NE
Suite 1500

Atlanta, GA  30326-4803
Tel. (404) 233-0330
Fax  (404) 233-2361
lschreter@littler.com
aspinola@littler.com

Michael Weber, Esq.
Littler Mendelson, PC
900 Third Avenue
New York, New York 10022-3298
(212) 583-9600
mweber@littler.com

*Counsel for Defendant*

/s/H. Forest Horne
H. Forest Horne