IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA RINDFLEISCH, TIFFANY MELENDEZ, MICHELLE GENTILE, LAURIE BAKER and CHRISTINA NELMES, on behalf of themselves and others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>GENTIVA HEALTH SERVICES, INC.,<br><br>   Defendant. | CIVIL ACTION<br><br>NO. 1:10-CV-03288-SCJ |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS'
EXPEDITED MOTION TO QUASH DEFENDANT'S SUBPOENA *DUCES
TECUM* AND FOR PROTECTIVE ORDER TO PREVENT DEFENDANT
FROM OBTAINING PLAINTIFFS' MINOR CHILDREN'S SCHOOL
RECORDS, WITH INCORPORATED MEMORANDUM OF LAW**

Defendant Gentiva Health Services, Inc. ("Defendant" or "Gentiva"), by and through its undersigned counsel, and pursuant to Local Rule 7.1(B), hereby responds to Plaintiffs' Expedited Motion to Quash Defendant's Subpoena *Duces Tecum* and for Protective Order to Prevent Defendant from Obtaining Plaintiffs' Minor Children's School Records ("Plaintiffs' Motion") (Dkt. No. 141), and states the following:

## I.   **INTRODUCTION**

On November 12, 2010, Gentiva served a documents subpoena on the Auburn Enlarged City School District (the "School District"), in Auburn, New York, where Gentiva had information that the children of Plaintiffs Rindfleisch and Melendez attended during Plaintiffs' employment with Gentiva.  (*See* Defendant's Subpoenas to the School District, attached hereto as Exhibit ("Exh.") A.) The subpoena requests sought "documents that reflect activities or events personally attended by [Plaintiff]," and limited the information sought to "the date, time and duration of these activities and events rather than the substance of the communications." (*See id.*)  Almost five months after the subpoenas were issued and served on the third-party school district and more than four months from the deadline for production of the documents, Plaintiffs now file their motion to quash the subpoenas and for a protective order "to preclude Defendant from serving

1

further subpoenas for Plaintiffs' children's school records." (*See* Dkt. No. 141.)

Plaintiffs' motion to quash the subpoena should be denied because Plaintiffs lack standing to request such relief where the third-party School District has not sought protection from the subpoenas and Plaintiffs fail to raise any claim as to privilege or personal right in the requested discovery.   In addition, Plaintiffs' motion is untimely as the deadline for production of the requested documents has passed.   Further, the subpoenas are not unduly burdensome as evidenced by the failure of the School District to object to or seek to quash the subpoenas.

Moreover, Plaintiffs' motion to quash and for protective order should be denied because the subpoenas unquestionably seek information that is relevant to disputed liability and damages issues concerning Plaintiffs' claims.   Finally, Plaintiffs have not shown "good cause" to justify the Court to deny Gentiva access to the school records, where the requested documents are relevant to the claims and defenses in this lawsuit, only seek non-sensitive information related to Plaintiffs' daily activities, and there is a sufficient protective order in place to prevent unnecessary disclosure of the information.

## II.   STATEMENT OF FACTS

Plaintiffs Lisa Rindfleisch, Tiffany Melendez, Laurie Baker and Christina Nelmes (collectively, "Plaintiffs") filed this lawsuit alleging that certain Gentiva

clinicians, including registered nurses, physical therapists, occupational therapists, speech therapists, and medical social workers (collectively, "Clinicians") are owed overtime pay because they were improperly classified as exempt under the Fair Labor Standards Act ("FLSA") based on Gentiva's use of an improper Pay Per Visit ("PPV") compensation model.  (Dkt. No. 1, p. 1.)  Plaintiffs further claim that Gentiva violated New York and North Carolina state law by allegedly failing to pay Clinicians in these states for all hours worked.  (*Id.*)  Gentiva denies all of these allegations.  Plaintiffs seek to bring the case on behalf of themselves and all other allegedly similarly situated Clinicians.  Plaintiffs' Motion for Preliminary Certification as a Collective Action and Issuance of Notice under the FLSA, and the parties' related briefing has been submitted to the Court for consideration. (Dkt. Nos. 57, 84, 93, 110 and 116.)

On November 10, 2010, the parties conducted their Rule 26(f) discovery scheduling conference.  At that time, Defense counsel notified Plaintiffs' counsel that they intended to issue subpoenas requesting the production of certain time-stamped documents during the same time period Plaintiffs worked for Gentiva and were seeking damages.  These included, cell phone records, records relating to purchases during working hours, and records from schools Plaintiffs' children attended during Plaintiffs' employment with Gentiva.  Although not required to do

3

so, Defendant agreed to allow Plaintiffs' counsel to preview the subpoena requests prior to serving the same to avoid any disputes, such as the one presently before the Court.  Defendant believed the parties would be able to come to agreement regarding the language of the subpoenas given that the only information sought was related to the date and/or time Plaintiffs engaged in personal activities during work hours rather than any sensitive information.

On November 12, 2010, Defendant sent the proposed language for the subpoenas for Plaintiffs' review and comment. (*See* Nov. 12, 2010 email correspondence from A. Spinola to F. Horne, C. Webber and J. Hernandez, attached as Exh. B.)  Defendant drafted the language as narrowly as possible to avoid any potential dispute.  While Plaintiffs suggested modified language for the subpoenas related to Plaintiffs' cell phone records, which Defendant agreed to, Plaintiffs declined the opportunity to modify the subpoenas for school records. (*See* Nov. 12, 2010 email correspondence from J. Hernandez to A. Spinola and Nov. 18, 2010 email correspondence from F. Horne to A. Spinola, attached as Exh C.)  Plaintiffs stated that they would not agree to any subpoena served on a school attended by Plaintiffs' children no matter how narrowly the subpoena request was drafted. (*Id.*)  Later that day, Gentiva served the subpoenas on the School District, where Gentiva had information the children of Plaintiffs Rindfleisch and Melendez

4

attended during Plaintiffs' employment with Gentiva. (*See* Exh A.) The subpoenas were issued out of the United States District Court for the North District of New York. The subpoenas had a response deadline of November 29, 2010, and were limited to "documents that reflect activities or events personally attended by [Plaintiff]," and limited the information sought to "the date, time and duration of these activities and events rather than the substance of the communications." (*See id.*) Gentiva provided Plaintiffs notice of service the day the subpoenas were served.

After the subpoenas were served, the parties again discussed and exchanged written documentation on how to proceed as to the third-party subpoenas. Defense counsel contacted Plaintiffs' counsel with a proposal to resolve Plaintiffs' stated concerns regarding the disclosure of confidential information relating to their children. As is clear from the language of the subpoena itself, Gentiva has no interest in any sensitive information concerning Plaintiffs' children and repeatedly explained that to Plaintiffs' counsel. (*See id.*) Gentiva's proposal was the following: Gentiva's counsel would not review the documents sent by the school in response to the subpoena. Rather, they would immediately forward the unopened envelopes to Plaintiffs' counsel for review and redaction of any sensitive information. (*See* Dec. 20, 2010 email correspondence from A. Spinola to F.

5

Horne and related emails, attached as Exh. D.)  Gentiva's counsel understood Plaintiffs' counsel would then return the redacted documents to Gentiva.  Notably, despite Plaintiffs' counsel's arguments that the subpoena responses may reveal confidential information, they fail to notify the Court that they had every chance to redact any and all such information that may have been inadvertently produced by the schools if any.  Plaintiffs' counsel later claimed that they could not obtain consent from their clients to open the school records to determine if any redaction would be necessary.  However, Plaintiffs' counsel did not appear to have any problem obtaining that same consent when doing so served their purpose with respect to this pending motion.  Defendant's suggestion that Plaintiffs' counsel provide the records to the Plaintiffs themselves for redaction was also rejected.

Gentiva's counsel received what appeared to be the School District's responses to Gentiva's subpoenas, and, in compliance with the parties' agreement, did not open the packages and immediately mailed them to Plaintiffs' counsel.  In that letter, Defense counsel again relayed their understanding of the agreement, requesting that Plaintiffs' counsel "review and produce the documents with a log of any redactions."  (See Nov. 30, 2010 letter from V. Flam to F. Horne, forwarding packages from School District, attached as Exhibit E.)  As noted above, Plaintiffs' counsel stated they would need consent from Plaintiffs to view the

documents; however, almost a month later, it appeared as though Plaintiff's counsel had not even raised the issue of consent with Plaintiffs. (*See* Exh. D.)

For more than four months, despite Gentiva's requests for return of the documents, Plaintiffs have refused to return any of the documents to Gentiva. In the meantime, the parties have intended to jointly request a discovery conference with the Court to resolve a number of discovery disputes, including the dispute as to the school records, but this effort has been delayed due to repeated back-and-forth revisions to the joint pleading.

On March 25, 2011, after Plaintiffs' counsel notified Defendant that they intended to modify their sections of the joint motion for the third time, Defense counsel explained that they would be renewing Gentiva's discovery efforts. (*See* Mar. 25, 2011 email correspondence from A. Spinola to J. Hernandez, attached as Exh. F.) The parties have already had to extend the discovery deadline once as a result of Plaintiffs' refusal to permit any opt-in discovery along with several other discovery disputes, and Defendant did not wish to further delay to its discovery efforts while continuing to indefinitely finalize the joint motion.[1] (See Mar. 27,

---

[1] Plaintiffs' counsel's suggestion that the joint motion regarding discovery was soon to be filed is incorrect. Plaintiffs provided Defense counsel with the latest version of the brief on the same day Defense counsel's baby was born. That latest version, for the first time, included several new pages of substantive arguments. Defense counsel returned from paternity leave on April 11, 2011 and will now

2011 email correspondence from A. Spinola to J. Hernandez, attached as Exh. G.)

On March 31, 2011, Gentiva requested an additional copy of the records already produced from the School District in response to Gentiva's lawful subpoena, specifying that the school should redact any information unrelated to the time and date of Plaintiffs' attendance at school events and activities.[2] (*See* letter to School District, dated Mar. 31, 20111, attached as Exh. H.)  Plaintiffs' counsel refused to produce the redacted documents.  As such, Defendant sent a letter to the schools requesting another copy of the documents produced pursuant to the subpoenas served on November 12, 2010.   <u>Defendant did not re-issue any subpoenas</u>.  In response, Plaintiffs' counsel claimed Defense counsel violated what he purported to be the parties' agreement, to which Defense counsel responded with his own understanding.  (*See* Apr. 8, 2011 email correspondence from A. Spinola to F. Horne and related emails, attached as Exh. I.)

Plaintiffs' counsel's claim that Defendant agreed "that Plaintiffs would hold the children's school records until there was further agreement or a court ruling" is

---

begin to address these additional insertions.  If history is repeated, Plaintiffs will again modify their arguments for a fourth time and the cycle will continue.  Defendant is not obligated to prejudice itself by halting its discovery efforts while the clock continues to tick.

[2] Gentiva did not file a motion to compel the School District to produce the subpoenaed records because the School District did not file objections and already had produced the documents in response to Gentiva's request.

false and belied by the record and common sense.  It is illogical to suggest that Defendant would lawfully subpoena documents and then send those same documents to Plaintiffs to withhold indefinitely.  Rather, Defendant lawfully subpoenaed the documents and forwarded them to Plaintiffs with every expectation that they would be timely returned.  That is evident by the request for Plaintiffs to "review and produce the documents with a log of any redactions" in the letter forwarding the documents.  (See Exh. E.)  When Plaintiffs refused to return them, Defense counsel provided numerous written and verbal notices that he did not agree with the unilateral retention of the documents and requested their immediate return.  The written notices are attached as Exh. J ("Please confirm you plan to honor our agreement to redact the records to the two responses received from the Auburn, New York school system and produce the same on or before December 20, 2010."); ("I do not agree that you can indefinitely withhold documents that were produced to us in response to a legally issued subpoena based on the continued assertion that you don't know whether your client will consent to you looking at the documents.  If Ms. Rindfleish has an issue with you redacting the documents, she can redact them herself (if redaction is even necessary) in accordance with the directions of the subpoena.  If neither of those options are acceptable, please immediately return the unopened packages to us immediately as

they were forwarded to you in an effort to address your stated concerns regarding sensitive information."). Plaintiffs' counsel's current representation to the Court that he has withheld these records based on his understanding that Defendant agreed "that Plaintiffs would hold the children's school records until there was further agreement or a court ruling" is without merit and contrary to the record.

Plaintiffs also incorrectly state that Gentiva's agreement to send any documents to Plaintiffs' counsel obviated the need for Plaintiffs to file a motion to quash the subpoenas or for protective order. Gentiva's counsel never agreed that Plaintiffs or the School District did not need to file a motion to quash or for a protective order while the subpoenas were in dispute. In fact, on December 20, 2010, Gentiva's counsel cleared up any confusion that may have existed on the part of Plaintiffs' counsel when he told Plaintiffs that the "decision to send you those records has nothing to do with dissuading you for filing a motion to quash . . . ." *See id.* That point was re-iterated to Plaintiffs' counsel more than three months prior to Plaintiffs' Motion. (*See* Exh. D.) The only reason Defendant sent the documents to Plaintiffs' counsel was for them to be redacted and returned. If Plaintiffs had an issue with the subpoenas, they should have raised it with the Court at that time. At the very latest, the issue should have been addressed after the December 14, 2010 letter confirming the parties' agreement and December 20,

2010 email confirming Defendant did not agree to allow Plaintiffs an indefinite extension to file a motion to quash or protective order.  However, Plaintiffs failed to file a timely motion to quash or protective order.

## III.   <u>LEGAL ARGUMENT AND CITATION OF AUTHORITY</u>

### A.   **Plaintiffs' Motion To Quash Defendant's Subpoenas Should Be Denied Because The Court Does Not Have Jurisdiction To Grant Plaintiffs' Motion**

Federal Rule of Civil Procedure 45 states that a motion to quash or modify a subpoena is to be granted by "the issuing court." Fed. R. Civ. P. 45(c)(3)(A).  If a subpoena is issued by a district court other than the one in which the case is pending, the proper court in which to file a motion to quash or modify the subpoena is the issuing court, not the court in which the action is pending. *See In re Rivertree Landing*, No. 6:07-mc-104-GAP-DAB, 2007 U.S. Dist. LEXIS 99076, at *3 (M. D. Fla. Nov. 9, 2007) ("this court has no jurisdiction over any subpoena not issued by this Court"); *Global HTM Promotional Group, Inc. v. Angel Music Group LLC*, No. 06-20441-CIV-Cooke/Brown, 2007 U.S. Dist LEXIS 5879, at *9 (S. D. Fla. Jan. 26, 2007) (motion to quash not properly filed in district court in Florida where subpoena was issued by Kansas district court).  The subpoenas at issue were issued out of the United States District Court for the Northern District of New York, which has jurisdiction over subpoenas issued to the School District

in New York.  However, Plaintiffs' Motion to quash the subpoenas was incorrectly filed in the United States District Court for the Northern District of Georgia, where the action is pending.   As this Court was not "the issuing court," it lacks jurisdiction over Plaintiffs' Motion under Federal Rule of Civil Procedure 45. *See id.*  For this reason alone, Plaintiffs' Motion to quash the subpoenas should be denied.

### B.   Plaintiffs Lack Standing To Move To Quash Defendant's Subpoenas

Plaintiffs also cannot obtain the relief they request from this Court because they lack standing to move to quash subpoenas for the third-party School District's documents.  Rule 45 permits a court to quash a subpoena that "requires disclosure of privileged or other protected matter . . . [or] subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv).  It is well-settled in the Eleventh Circuit that "it is a person to whom a subpoena is directed who has standing to seek a motion to quash." *Florida ex. rel. Butterworth v. Jones Chem., Inc.*, No. 90-875-Civ-J-10, 1993 U.S. Dist. LEXIS 10348 (M.D. Fla. 1993).  Plaintiffs are correct that in order for a party to have standing to challenge a subpoena issued to a non-party, the party must allege a "personal right or privilege with respect to the materials subpoenaed," *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 553 n.3 (N.D.

Ga. 2001).[3]  Plaintiffs, however, have not alleged, nor can they establish, such a "personal right or privilege" with respect to the materials subpoenaed.

Plaintiffs' reliance on the Family Education Rights and Privacy Act of 1974, 20 U.S.C. § 1232g ("FERPA") as providing a private right or privilege that grants them standing to oppose a subpoena for the records requested is misplaced.  As an initial matter, FERPA applies to an educational agency or institution and conditions the entities' receipt of federal funds, in part, on those entities' procedures for the provision of minor children's school records.  It is the institution itself, and not Plaintiffs' counsel, that will determine what legal obligations it has under FERPA. Further, FERPA itself creates an exception to allow educational institutions to release or provide access to student records "pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such ... subpoenas in advance of the compliance therewith."  20 U.S.C.S. §1232g(b)(2)(B).  Plaintiffs were notified of the subpoenas when they were issued.

Even more, FERPA only protects certain types of student information, and courts have held that records that are not "relat[ed] to individual student academic

---

[3] Plaintiffs only present *Stevenson* in support of their argument for standing based on a "personal right or privilege," however, in Stevenson the motion to quash was related to a subpoena for medical records from the plaintiffs' mental healthcare providers, protected under the Federally–recognized psychotherapist-patient privilege. No such legal privilege applies here. *Stevenson*, 201 F.R.D. at 553.

performance, financial aid, or scholastic performance," are not the type of "education records" that FERPA is intended to protect. *Red & Black Pub. Co. Inc. Bd. Of Regents*, 262 Ga. 848, 851 (1993). Here, Gentiva is not seeking information related to the students' academic performance, or any other potentially sensitive information, and even requests that such information be redacted prior to production. Rather, Gentiva only is seeking information related to Plaintiffs' schedules and daily activities. Accordingly, Gentiva is not seeking the production of any information protected by FERPA. Aside from Plaintiffs' ineffective reliance on FERPA, Plaintiffs do not allege any other personal right or privilege to grant them standing for their Motion to Quash.

Plaintiffs further move to quash the subpoenas on the ground that complying with the subpoena subjects the School District to an undue burden. This is another non-starter. Courts in the Eleventh Circuit have held that "[a] party lacks standing to challenge subpoenas served on another 'on grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on this grounds.'" *Armor Screen Corp., v. Storm Catcher, Inc.*, No. 07-81091-Civ-Ryskamp/Vitunac, 2008 U.S. Dist. LEXIS 106370, at *9 (S.D. Fla. Nov. 24, 2008) (quoting *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005)). As the School District did not object to Gentiva's subpoenas

14

for any reason, and, in fact, complied with the subpoena within the requested time period, Plaintiffs' justification based on undue burden is unsupported and moot.

Plaintiffs' only remaining reasons to quash Gentiva's subpoenas are on the bases of relevance, inadmissibility, and harassment.   These reasons are not sufficient to grant Plaintiffs standing to seek to quash the subpoenas served on the School District, for documents belonging to the School District only.   Therefore, Plaintiffs lack standing to move to quash the subpoenas.  *See e.g., Auto-Owners Ins. Co.*, 2005 U.S. Dist. LEXIS 21524, at **6-8 (party lacks standing to move to quash subpoenas seeking financial information from third party where only justifying grounds are relevance, oppressiveness and undue burden); *Florida ex. rel. Butterworth*, 1993 U.S. Dist. LEXIS 10348, at *5 ("Movants are not the person to whom the subpoena was directed and they claim no personal right or privilege with regard to the testimony and documents sought.  Hence they have no standing to challenge the subpoena directed to [a non-party].").

### C.   Plaintiffs' Motion To Quash Defendant's Subpoenas And For Protective Order Should Be Denied As Untimely

As a third procedural strike against Plaintiffs' motion to quash Gentiva's subpoenas and for protective order is that such requests for relief are untimely. Federal Rule of Civil Procedure 45 requires that any motion seeking to quash a subpoena must be "timely."  Fed. R. Civ. P. 45 (c)(3)(A).  Although Federal Rule

45 does not provide any specific time period for bringing a motion to quash a subpoena, courts have required that the motion be made before the date specified by the subpoena for compliance, so long as it is reasonable. *See In re Rivertree Landing*, 2007 U.S. Dist. LEXIS 99076, at **2-3 (motion to quash filed after production dates have passed is untimely); *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 278 (D.D.C. 2002) (motion made three months after compliance date was untimely).

Similarly, although Federal Rule of Civil Procedure 26(c) is silent as to the time within which a protective order must be made, the courts have imposed the requirement that the motion be timely.  A motion for a protective order is timely if made prior to the date set for producing the discovery. *See Nestle Foods Corp., v. Aetna Cas. and Sur. Co.*, 129 F.R.D. 483, 487 (D.N.J. 1990) (denying motion for protective order due, in part, to untimeliness of motion filed two months after discovery was due.); *United States v. Panhandle E. Corp.*, 118 F.R.D. 346, 3521 (D.Del. 1988) (court found party had ample opportunity to make timely filing for protective order but failed to do so until three weeks after deadline for production).

In the present case, there is no question that Plaintiffs' Motion related to Defendant's subpoena for school records should be denied as untimely.  Defendant served its subpoenas on the School District on November 12, 2010, requesting that

the documents be produced by November 29, 2010.  Despite having notice of the subpoenas and the opportunity to file any related motions, Plaintiffs did not file any motion at that time.  Plaintiffs now try to argue their delay was based on Plaintiffs' reliance on the parties' efforts to negotiate a resolution related to the school records and on a purported agreement with Gentiva that Plaintiffs could later file such motions if the parties could not agree on the issue.  The parties agreed that the compromise reached with respect to the records subpoenaed related to Plaintiff Rindfleisch would not impact Plaintiffs' ability to file motions with respect to any future subpoenas served on other Plaintiffs.  However, there was no agreement that Plaintiffs' counsel could delay in filing a protective order with respect to the records subpoenaed related to Plaintiff Rindfleisch. (*See* Exh. D.) Defendant's decision to send the documents to Plaintiffs' counsel was not designed to provide Plaintiffs the opportunity to circumvent the legal process of filing timely motions.  Further, even if Plaintiffs initially had such an understanding, more than three months ago, Defendant made it clear that Plaintiffs' understanding was incorrect, and Plaintiffs should file any related motion.  (*See id.*)

### D.   Defendant's Motion To Quash And Motion For Protective Order Should Be Denied Because The Information Sought Is Relevant And Discoverable

If the Court does consider the merits of Plaintiffs' Motion, the motion to

quash should be denied, and no protective order is justified.

1.    The subpoenaed school Records contain information that is directly relevant to Plaintiffs' claims and Gentiva's defenses.

Plaintiffs' argument that Defendant's requests for school records seek irrelevant information is unsupported. The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The term "relevant" must be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Under this standard, school records of Plaintiffs' children that detail when Plaintiffs were attending or participating in school activities when they alleged they were working contain information that is directly relevant to Plaintiffs' claims that they were not paid all of the regular and overtime compensation to which they were entitled under the FLSA and state law.

Specifically, Plaintiffs contend that they (and other Clinicians) were not paid regular and overtime compensation for all hours allegedly worked, including work done between patient visits, in the evenings and on weekends. (Dkt. No. 1, ¶¶ 28-30 (Rindfleisch), 38-40 (Melendez), 48-50 (Gentile), 58-60 (Baker), and 69-71 (Nelmes).) Plaintiffs claim that that they failed to record much of this work time in

contravention of Gentiva's policies.  (*See* Baker Dep., at 130:20-131:2 and 131:19-22; Melendez Dep., at 172:8-13.)   Thus, Gentiva's subpoenas for school records have three purposes:  (1) to elicit information which tends to support Gentiva's position that, whether exempt or non-exempt, Plaintiffs, in fact, were paid for all hours worked and are not entitled to all of the overtime compensation they seek; (2) to refresh Plaintiffs' recollections of their activities during the workday; and (3) to challenge the veracity of Plaintiffs' claims that they worked all of the hours they claim during the workday, in the evenings and on weekends.

The discovery requests are designed to lead to information that will expose personal activities in which Plaintiffs engaged during the same time they claim to have worked regular and overtime hours for Gentiva.   Plaintiffs claim that they were working so much that they rarely ate munch and had no down time between visits.  Defendant and many of Plaintiffs' co-workers maintain that Plaintiffs were not spending time between visits working but rather were tending to their children, including attending appointments related to children.   Accordingly, records of Plaintiffs' attendance and participation in school activities during Plaintiffs' employment evidencing that Plaintiffs were not working during all times alleged or recorded are relevant to this inquiry.  *See Bellosa v. Univ. Tile Restoration, Inc.*, No. 08-60054, 2008 U.S. Dist. LEXIS 49630, at **12, 15 (S.D. Fla. June 30, 2008)

(granting motion to compel plaintiffs in FLSA case for overtime to produce records showing plaintiffs were not working at time they claimed they were); *see also Angelin v. Maxim Healthcare Servs., Inc.*, No. 6:08-cv-Orl-22DAB, 2009 U.S. Distr. LEXIS 34562, at **4-5 (M.D. Fla. Apr. 3, 2009) (evidence of activities outside of work is "reasonably calculated to lead to the discovery of admissible evidence concerning Plaintiff's credibility as to the hours worked for Defendant").

Plaintiffs' counsel states that Defendant's contention that the school records may demonstrate that Plaintiffs were attending a school activity or conference while they reported to have been working is "far fetched." However, Plaintiffs completed time sheets that specify the exact times that they claim to have worked. (*See* Deposition of Christina Nelmes ("Nelmes Dep."), at 80:20-81:5, 106:8-107:8, 108:3-10; Deposition of Laurie Baker "Baker Dep.", at 31:3-23). Plaintiffs' depositions have revealed several occasions where they submitted time records claiming to be in multiple places at one time, which Plaintiffs concede would be impossible. Plaintiff Rindfleisch acknowledged this discrepancy and admitted she could not be in two places at once. (*See* Deposition of Lisa Rindfleisch ("Rindfleisch Dep."), at 250:7-251:20. The information requested from the school records may reveal similar inconsistencies. Similarly, if the records show that Plaintiffs attended a school event located miles from their designated job sites for

the day, or at a time that conflicts with time recorded on their visits sheets, the requested information would refute Plaintiffs' claims that they worked for the entire period for which they claim they were improperly compensated.

Additionally, certain Plaintiffs have claimed they had very little involvement in their children's school activities (*see e.g.,* Deposition of Tiffany Melendez ("Melendez Dep."), 73:22-76:10; 233:22-234:14 (testifying she rarely picked child up from school and did not have him in car with her during workday)); whereas, their managers have told Defendant that these same Plaintiffs were consistently missing work as a result of school activities and issues.[4]   Therefore, the records are also highly relevant to certain Plaintiffs' credibility.   Accordingly, such records are relevant to the discovery of admissible evidence as they directly pertain to Plaintiffs' claims and Gentiva's defenses in this action.   *See e.g., Angelin*, 2009 U.S. Distr. LEXIS 34562, at **4-5; *Bellosa*, 2008 U.S. Dist. LEXIS 49630, at *78.

Moreover, Plaintiffs contradict their own argument that the information Defendant seeks from the school records is irrelevant and not reasonably calculated to lead to admissible evidence by confirming that the records sought "indicate that a named Plaintiff was physically present at the child's school on occasion" and also indicate the date of parent-teacher conferences or calls to Plaintiffs from the

---

[4] Gentiva is in the process of obtaining statements from several of these managers.

school. (Dkt No. 141-2 at pp. 6-7).  There is no question that this information reasonably could lead to other matters that could bear on any issue that is or may be in this case.  Finally, to the extent certain documents do not affirmatively establish that Plaintiff was at the event, Defendant is still entitled to ask the Plaintiff if she attended.  If it turns out a particular document is not relevant, the document will not be used further in the case.  Accordingly, Plaintiffs' Motion seeking relief in the basis of relevance should be denied.

> 2. <u>Plaintiffs have not established any basis for denying Gentiva access to the subpoenaed records.</u>
>
>> a. Plaintiffs fail to show that Defendant's requests for school records seek information protected under FERPA.

Plaintiffs' argument that the Court should deny Defendant access to the school records because the request "seeks confidential and protected information under FERPA" is misguided.  As discussed in Section III.B., FERPA itself creates an exception to allow educational institutions to release or provide access to student records "pursuant to any lawfully issued subpoena." 20 U.S.C.S. §1232g(b)(2)(B).  Even more, Gentiva is not seeking the types of student information FERPA protects, and has provided avenues for Plaintiffs to ensure the any such information is redacted, if the school inadvertently fails to do so.  Rather, Gentiva only is seeking information that may lead to the discovery of admissible

evidence as to Plaintiffs' activities and whereabouts during their employment. Plaintiffs suggest asking the School District to redact the documents it produced is insufficient to ensure that FERPA-protected information is not disclosed; however, Gentiva has addressed this concern by allowing Plaintiffs themselves to review and redact the documents, which should alleviate Plaintiffs' concerns. Accordingly, Gentiva is not seeking the production of any information protected by FERPA.

              b.     **Plaintiffs fail to offer sufficient support that Defendant's request for the school records is an attempt to harass, oppress, or burden Plaintiffs or dissuade others from joining the case.**

Plaintiffs' motion to quash Gentiva's subpoenas and for protective order preventing Gentiva from obtaining school records through lawful subpoena because such requests are harassing or oppressive is meritless. A party seeking a protective order must show good cause why justice requires an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c). Further, the movant "has the burden to demonstrate good cause, and must make a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *See U & I Corp. v. Advanced Med. Design, Inc.*, No. 8:06-CV-2041-T-17EAJ, 2007 U.S. Dist. LEXIS 85630, at *8 (M. D. Fla. Nov. 26, 200). Plaintiffs have failed to satisfy this burden.

As an initial matter, Defendant has set forth its purposes and justifications for the requests seeking information that is reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs' unsupported contentions only speculate that Gentiva's only purpose in seeking the information is to harass, oppress, or embarrass Plaintiffs or dissuade others from joining the lawsuit. However, Plaintiffs have not identified a single fact to support this baseless allegation, nor can they. Indeed, Defendant has taken great efforts to protect any sensitive information by asking the schools to redact the same. Clearly, such a procedure is meant to target only relevant documents and alleviates any possible embarrassment or harassment concerns such that Plaintiffs fail to show there is good cause for a protective order on those bases. Plaintiffs' counsel have not even attempted to explain how they could possibly maintain an objection that the discovery requested is harassing, oppressive or embarrassing given Defendant's agreement to allow them to preview and redact any sensitive information, which again, is not the target of the subpoena. *See Ragusa v. Malverne Union Free Sch. Dist.*, 549 F. Supp. 2d 288 at 294 (E.D.N.Y. Feb. 19, 2008) (finding "privacy concerns are tempered when the request records are produced in redacted form and subject to a protective order."); *Rotoworks Int'l Ltd. v. Grassworks USA, LLC*, No. 07-05009, 2007 U.S. Dist. LEXIS 27097, *4 (W.D. Ark. Apr. 11, 2007)

(determining "the Court will not assume that plaintiff intends to act in bad faith or otherwise misuse [records] where unsupported contentions failed to establish that disclosure of records would be harmful to [party's] interests contained therein").

Further, the parties already have a protective order in place in this case stating that documents that are or include "confidential, non-public, sensitive, and/or proprietary business, employment, medical and health, tax, financial, and personally identifiable information," including "documents created or produced by Court order or by subpoena," may be designated a "Confidential" to limit disclosure of the information and provide the parties the opportunity to file documents under seal.  (Dkt. No. 117.)  The current protective order sufficiently safeguards any alleged "confidential" information from disclosure of the subpoenaed information outside of this lawsuit.  Therefore, Plaintiffs' motion to quash is baseless and the motion for protective order is not supported by good cause to deny the at-issue discovery, as Plaintiffs have failed to state a specific harm this continued assertion of such objections is disingenuous.

## IV.   <u>CONCLUSION</u>

For these reasons, Gentiva respectfully requests Plaintiffs' Expedited Motion to Quash Defendant's Subpoena *Duces Tecum* for Plaintiffs' Minor Children's School Records and Motion for Protective Order be denied in its entirety.

Respectfully submitted this 13th day of April, 2011.

/s/ Angelo Spinola
Angelo Spinola
Georgia Bar No. 672191
Lisa A. Schreter
Georgia Bar No. 629852
SoRelle B. Brown
Georgia Bar No. 152450

LITTLER MENDELSON
A Professional Corporation.
3344 Peachtree Rd., N.E.
Suite 1500
Atlanta, GA 30326-4803
Telephone:  404.233.0330
Facsimile:  404.233.2361
Email:  aspinola@littler.com
Email:  lschreter@littler.com
Email:  sbbrown@littler.com

A. Michael Weber
(*pro hac vice admission*)
LITTLER MENDELSON
A Professional Corporation
900 Third Avenue
New York, New York 10022-3298
Telephone:  212.583.9600
Facsimile:  212.832.2719
Email:  mweber@littler.com

Attorneys for Defendant
Gentiva Health Services, Inc.

26

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA RINDFLEISCH, TIFFANY MELENDEZ, MICHELLE GENTILE, LAURIE BAKER and CHRISTINA NELMES, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>GENTIVA HEALTH SERVICES, INC.,<br><br>        Defendant. | CIVIL ACTION<br><br>NO. 1:10-CV-03288-SCJ |

## <u>FONT CERTIFICATION</u>

The undersigned hereby certifies that this pleading complies with the font requirements of LR 5.1B because the document has been prepared in Times New Roman, 14 point.

/s/ Angelo Spinola
Angelo Spinola
Georgia Bar No. 672191
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA RINDFLEISCH, TIFFANY MELENDEZ, MICHELLE GENTILE, LAURIE BAKER and CHRISTINA NELMES, on behalf of themselves and others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>GENTIVA HEALTH SERVICES, INC.,<br><br>   Defendant. | CIVIL ACTION<br><br>NO. 1:10-CV-03288-SCJ |

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2011, **Defendant's Response in Opposition to Plaintiffs' Expedited Motion to Quash Defendant's Subpoena *Duces Tecum* and for Protective Order to Prevent Defendant from Obtaining Plaintiffs' Minor Children's School Records, with Incorporated Memorandum of Law** was filed electronically through the ECF system, is available for viewing and downloading from the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filings, including Plaintiffs' counsel of record as follows:

Samuel L. Starks
Martin & Jones, PLLC
Atlanta Financial Center
3353 Peachtree Rd., NE, Suite 510
Atlanta, GA 30326

Christine E. Webber
Cohen, Milstein, Sellers & Toll,
PLLC
1100 New York Ave., NW, Suite 500
Washington, DC 20005

Gilda A. Hernandez
H. Forest Horne, Jr.
Martin & Jones, PLLC
410 Glenwood Avenue, Suite 200
Raleigh, NC 27603

/s/ Angelo Spinola
Angelo Spinola
Georgia Bar No. 672191
Attorney for Defendant

3