IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA RINDFLEISCH, TIFFANY MELENDEZ, MICHELLE GENTILE, LAURIE BAKER and CHRISTINA NELMES, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GENTIVA HEALTH SERVICES, INC.,<br><br>Defendant. | CIVIL ACTION NO.<br>1:10-cv-03288-SCJ |

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' EXPEDITED MOTION TO QUASH DEFENDANT'S SUBPOENA DUCES TECUM AND FOR PROTECTIVE ORDER TO PREVENT DEFENDANT FROM OBTAINING PLAINTIFFS' MINOR CHILDREN'S SCHOOL RECORDS**

## I.   Introduction

Plaintiffs file this reply to Defendant's response in opposition to Plaintiffs' Motion to Quash Defendant's subpoena *duces tecum* and Motion for a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure, to (a) prevent Defendant from obtaining Plaintiffs' minor children's school records in three instances, and (b) to prevent Defendant from obtaining other Plaintiffs' children's school records in the future. This Fair Labor Standards Act ("FLSA") Collective

Action was conditionally certified by this Court on April 13, 2011, and thousands of putative plaintiffs in 39 states may join this action. Considering the large number of putative plaintiffs, more than 10,000, this discovery issue potentially involves the school records of hundreds of minor children throughout dozens of states.

Defendant propounded discovery requests to Plaintiffs' for their children's school records similar to the discovery sought in the subpoenas served on the schools. Plaintiffs objected to providing the same. Discovery relating to the Defendant's requests for Plaintiffs' children's school records is but one of a number of disputed discovery issues that the parties sought to put before this Court in the parties' Joint Discovery Motion (Dkt. No. 112), and is pending pursuant to this Court's Order (Dkt. No. 119) suggesting that the parties submit a joint brief on the disputed discovery issues. The parties' joint brief on discovery issues includes arguments relating to the children's school records.

Notwithstanding Defendant's assertions to the contrary, this Court has jurisdiction over all discovery in this case; be it interrogatories, document requests, depositions or subpoenas. Pursuant to the Court's broad discretionary authority under Rule 26(b) of the Federal Rules of Civil procedure, this Court may, on motion or on its own, regulate, limit or prevent discovery; even if the materials

sought are within the scope of discovery. Rule 26(c) was enacted as a safeguard for the protection of parties and witnesses, especially in an FLSA Collective Action where there are potentially large numbers of plaintiffs and witnesses.

Assuming, *arrguendo*, that in this national FLSA collective action, this Court determines that it might defer a decision on quashing the instant New York subpoenas to the New York court from which the subpoenas were issued, this Court has broad discretionary authority to issue a Rule 26(c) Protective Order to protect Plaintiffs' minor children's confidential school records and rule that the discovery sought in Defendant's subpoenas and Requests for Production of Documents may not be had. Rule 26(c) states in pertinent part that "A party…may move for a protective order in the court where the action is pending…. The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery;…."

The purpose behind Rule 45 providing for the issuance of a subpoena *duces tecum* in the jurisdiction where the third party is located, and giving the court in the issuing jurisdiction authority to hear issues relating to the subpoena, is so that the third-party may object to the subpoena in the jurisdiction in which the third party resides. The jurisdictional purpose behind Rule 45 was not to give a party a

3

strategic advantage, as Defendant attempts here, by allowing it to potentially serve subpoenas for minor children's school records in 39 states, and increase the costs of this litigation and burden both Plaintiffs and dozens of federal courts, which courts will not be as familiar with the issues as is this forum Court, and further risk inconsistent decisions on discovery issues. *Clausnitzer v. Federal Express Corp.*, 2007 WL 2422039 *3-4 (E.D.Ga. Aug. 22, 2007) (Ex. 1) (non-forum Georgia court stayed ruling on third-party subpoena and transferred Rule 26(c) protective order to forum court in which employment action was pending.)

As Plaintiffs stated in their Memorandum, in addition to moving to quash the subpoenas, they seek protection from this discovery, under Fed.R.Civ.P. 26(c). Plaintiffs previously objected to Defendant's Request for Production seeking their minor children's school records. Defendant did not move to compel discovery at that time. Instead, the parties filed a Joint Motion requesting a discovery conference so that this disputed discovery issue and others could be decided by the Court. Although the issue of the minor children's school records will be addressed in the parties' Joint Discovery Brief, Defendant choose to preemptively issue (or more appropriately re-issue) the subpoenas to the children's schools on March 31, 2011 in an attempt to circumvent this Court's discovery authority. This Court has

jurisdiction over this and all other discovery issues in this case and the issue is ripe for the Court's determination.

## II.     Factual Background

Defendant originally served subpoenas for the children's school records on November 15, 2010. On that same day, consistent with the court's discovery meet and confer obligation, Plaintiffs' counsel contacted Defense counsel, and requested a discovery conference in order to avoid discovery motion practice. Counsel spoke that same day and following what Plaintiffs' counsel thought was an agreement to resolve the minor children's school records issue, Plaintiffs' counsel memorialized the agreement in an email dated November 15, 2010. (Ex. 2) What Defendant now argues is that even after Plaintiffs' counsel approached Defendant's counsel in an effort to resolve the subpoena discovery dispute, to avoid filing a Motion to Quash and Motion for Protective Order with this Court, that Plaintiffs' counsel should nevertheless, have proceeded with filing a Motion to Quash and Motion for Protective Order. For Defendant to argue that "there was no agreement that Plaintiffs' counsel could delay in filing a protective order with respect to the record subpoenaed" (Def. Resp. at p. 17) is disingenuous at best. The entire purpose of the discovery dispute certification and conference is to encourage parties to resolve discovery disputes, which is what Plaintiffs' counsel thought happened and which

is memorialized in the November 15, 2010 email to Defense counsel. This issue should be decided on the merits, and the merits do not support Defendant being entitled to this discovery.

Plaintiffs' minor children's school records are irrelevant to the liability and damages issues in this case. The liability issue is: whether Defendant's pay-per-visit pay scheme is illegal under the FLSA. The school records are also irrelevant to the substantive damages issue: the hours plaintiffs worked in excess of 40 for which Gentiva did not pay them. Considering the liability and damages issues, and as shown by the children's school records provided to the court for an *in camera* review, it is clear that the children's school records are irrelevant to the issues in this case and this Court has broad discretionary authority under Rule 26(c) to prohibit this discovery. Even if there is some marginal relevance to the school records on the damages issues (which is based on Defendant's speculation and not supported by the school records Plaintiffs produced to this Court for an *in camera* review) the discovery should not be allowed because the children's privacy rights are substantially outweighed by the Defendant's need for this discovery. If this discovery is allowed, along with other discovery sought by Defendant, Plaintiffs knowing that their child's private school records may be disclosed (not one redaction appeared in any of the three sets of school records produced) is

reasonably likely to cause some Plaintiffs to not want their children's grades, test scores, learning disabilities, health issues, or other sensitive, private information to be disclosed, and that annoyance, embarrassment, oppression and burden is further good cause not to allow Defendant discovery of Plaintiffs' children's school records.

It matters not that the school districts, in the case of these Plaintiffs' three minor children, did not choose to incur the expense to retain counsel to litigate in court whether or not to produce the children's school records. In fact, here the school administrators did not even expend the internal administrative time and expense to limit the school records they produced. No school records were redacted and documents that Defendant claims they did not even ask for, were produced, including the children's grades, test scores, conduct, medical and other information.

## III. This Court Has Jurisdiction Over Discovery

Defendant contends that this Court has no jurisdiction to address this discovery issue. Apparently, Defendant will contend that if it were to seek Plaintiffs' minor children's school records in each of the 39 states in which Defendant conducts business, that this Court has no jurisdiction to hear those issues as well and that Plaintiffs' counsel should be required to file Motions to

Quash in each of the 39 states' district courts in order to have dozens of different judges in those jurisdictions determine whether or not the minor children's school records should be produced. Aside from the burden and expense of such discovery and the risk of inconsistent rulings, as the forum court, this Court understands the legal issues and should decide such matters.

When a collective action is filed seeking relief in every state in the union in which Defendant does business, such filing is akin to multi-district litigation where the Court in charge of that proceeding has the power to rule on subpoenas issued by a party in other jurisdictions. *United States v. Star Scientific, Inc.,* 205 F.Supp. 2d 482, 485 n. 4 (D. Md. 2002); *Kearney v. Jandernoa,* 172 R.F.D. 383 n. 4 (N.D. Ill. 1997) (protective order can be determined by court where action is pending.) This Court has authority to control discovery in this case under Rule 26(c) and to issue a Protective Order. Rule 26(c) provides that:

> A party… may move for a Protective Order in the court where the action is pending … the court may for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense ….

Accordingly, under Rule 26, this Court has the jurisdiction to stop Defendant's irrelevant, annoying, embarrassing, oppressive and burdensome

discovery practices that violate the privacy rights of Plaintiffs' minor children who are unrepresented by counsel.

The Plaintiffs who are parents for the three minor school children whose records are sought, most certainly have standing to move to quash or to seek a protective order with respect to their minor children's school records. While Defendant correctly points out that the Family Education Rights and Privacy Act of 1974 ("FERPA") does not allow for a "private right of action," the FERPA law, nevertheless, stands for the proposition that the children's educational records are private, privileged and protected. FERPA specifically requires that parents and students be notified of subpoenas issued for school records. 20 U.S.C.S. § 1232g(b)(2)(B). The law would not contain that requirement if the children and their parents had no privacy rights to their records.

Defendant misapprehends Plaintiffs' argument with respect to the burden on the school district of complying with the subpoenas. The point is that the schools are not reviewing the very detailed subpoenas and further reviewing the students' records and redacting and providing only limited student information. As evidenced by the school records provided to the Court for just three children, it appears that the school district simply copied the student's file, without any

redaction or concern for the privacy of the children, and sent the records to Defendant, who sent them to Plaintiffs' counsel pursuant to their agreement.

Defendant contends that the Plaintiffs' minor children's school records are discoverable and relevant. Apparently, Defendant intends to send hundreds of subpoenas to hundreds of school districts issued by dozens of district courts throughout the country, seeking named and opt-in Plaintiffs' minor children's school records. The marginal relevance of Plaintiffs' minor children's school records is plainly established in the three sets of school records provided to the Court for an *in camera* review. Those records show that over the course of a several year period, there are but two non-specific references to a parent being at a child's school and even those references do not state the amount of time the parent was there. Those two records give no weight to Defendant's argument that they are possibly relevant on damages issues, but instead support Plaintiffs' argument that the discovery should not be had.

The Court is allowed to conduct a discovery balancing test in every case. With respect to the relevance of records and in this case, Plaintiffs have plainly shown that the minor children's school records are not relevant to Defendant's defenses. Next, Defendant will be asking for Plaintiffs' medical records, or possibly for their religious worship records. It is plain that Defendant's request for

school records is but the opening salvo in Defendant's irrelevant, overbroad, harassing and oppressive discovery requests (which issues will soon be submitted to this Court), which discovery requests we intended to deter putative Plaintiffs' from participating in this collective action. This Court should utilize its authority to stop such abusive discovery tactics under Rule 26(c) of the Federal Rules of Civil Procedure which states in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought, ... the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense....

Fed.R.Civ.P. 26(c). Thus, "Rule 26(c), governing protective orders, expressly permits flexibility in cases in which discovery disputes involve multiple courts." *United States v. Star Scientific, Inc.*, 205 F.Supp.2d 482, 485 (D.Md. 2002); *see also, Kearney v. Jandernoa*, 172 F.R.D. 381, 383 n. 4 (N.D.Ill. 1997) (noting that "a protective order under Rule 26(c) can be sought/determined in the court where the underlying action is pending, as well as the court from which the subpoena issued").

Additionally, the Advisory Committee Notes to the 1970 revisions to Subdivision (c) sanction remitting such motions to the court where the underlying

action is pending: " 'The court in the district where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending.' " *Star Scientific*, 205 F.Supp.2d at 485 (quoting Fed.R.Civ.P. 26(c) Advisory Committee Notes, 1970 Amendment, Subdivision (c)). Given the clear language of Rule 26 and the Advisory Committee Notes, there is no question that a Rule 26 motion for a protective order may be transferred or remitted from a court with ancillary jurisdiction over a discovery dispute to the forum court in which the underlying litigation is pending. In the present case, due to the interest in uniform treatment of discovery issues and judicial economy, the undersigned concludes that Defendants' Rule 26 motion for a protective order should be transferred to the trial court in the Eastern District of Louisiana where the underlying litigation is pending.

The Advisory Committee Notes for Rule 45 state that subdivision (c) "is not intended to diminish rights conferred by Rules 26-37 or any other authority." The Notes also provide that Rule 45(c)(3) "tracks the provisions of Rule 26(c)." This is significant because, as noted *supra,* the Advisory Committee Notes to Rule 26(c) explicitly provide that a district court "may, and frequently will, remit the deponent or party to the court where the action is pending."

Defendants and Plaintiffs are the only ones making arguments relevant to this dispute. Thus, not only is the forum court much more familiar with this case and, therefore, more capable of making an intelligent ruling, no one other than the parties is even involved in the discovery dispute before this court. Based on these facts, this court should determine whether a Rule 26(c) Protective Order should issue.

While the language of Rule 45 contemplates that the court enforcing a subpoena will be the court that issued the subpoena, this language must be read in light of the underlying purposes of the discovery rules, which include "protect[ing] ... persons who are required to assist the court by giving information and evidence...." Fed.R.Civ.P. 45, Advisory Committee Notes, 1991 Amendment. The practice commentaries to the rule explain that a motion to compel under Rule 45(c)(2)(B) "should, like the motion to quash or modify ..., be made to the court from which the subpoena issued," which "will presumably be a court in a district convenient to the nonparty" since it is "of course the nonparty whose convenience Rule 45 is most concerned about protecting." David D. Siegel, *Practice Commentaries*, Fed.R.Civ.P. 45. Accordingly, where the nonparty indicates a preference for a forum other than the issuing court, the notes and commentary to the rule suggest that transfer, in the issuing court's discretion, would accord with

Rule 45's purposes. *See also* Fed.R.Civ.P. 1 (explaining that the overarching principle in interpreting the Federal Rules of Civil Procedure is that they "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action").

Additionally, the Advisory Committee Notes to Rule 45 indicate that when Rule 45(c) was added in 1991, it was "not intended to diminish rights conferred by Rules 26-37 or any other authority." Fed.R.Civ.P. 45, Advisory Committee Notes, 1991 Amendment, Subdivision (c).

Rule 26(c), governing protective orders, expressly permits flexibility in cases in which discovery disputes involve multiple courts. It provides that "the court in which the action is pending" may rule on a protective order, unless a deposition is involved, in which case the protective order may be sought in the district in which the deposition is being taken. Fed.R.Civ.P. 26(c). However, even in the latter case, "[t]he court in the district where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending." Fed.R.Civ.P. 26(c), Advisory Committee Notes, 1970 Amendment, Subdivision (c). Federal discovery rules expressly referenced in the Advisory Committee Notes to Rule 45 recognize the importance of a court where an action is

pending deciding questions relating to the scope of discovery being conducted elsewhere.

For the above stated reasons, Plaintiffs respectfully request that this Court issue a protective order under Rule 26(c) precluding Defendant from obtaining any of Plaintiffs' children's school records in this FLSA Collective Action.

Respectfully submitted this the 27th day of April, 2011.

By: /s/H. Forest Horne
H. Forest Horne

**MARTIN & JONES, PLLC**
Sam L. Starks
GA Bar No.: 676515
3353 Peachtree Road, NE
Suite 510
Atlanta, GA 30326
sls@m-j.com


**MARTIN & JONES, PLLC**
H. Forest Horne, Jr.
GA Bar No.: 419104
Gilda A. Hernandez
NCSB: 36812
410 Glenwood Ave., Suite 200
Raleigh, NC 27603
(919) 821-0005
hfh@m-j.com
gah@m-j.com

**COHEN MILSTEIN SELLERS & TOLL, PLLC**
Christine E. Webber

Dist. of Columbia Bar No.: 439368
1100 New York Ave., NW
Suite 500, West Tower
Washington, DC  20005
(202) 408-4600
cwebber@cohenmilstein.com

***Counsel for Plaintiffs***

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA RINDFLEISCH, TIFFANY MELENDEZ, MICHELLE GENTILE, LAURIE BAKER and CHRISTINA NELMES, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GENTIVA HEALTH SERVICES, INC.,<br><br>Defendant. | CIVIL ACTION NO. 1:10-CV-03288-SCJ |

## FONT CERTIFICATION

The undersigned hereby certifies that this pleading complies with the fond requirements of LR 5.1B because the document has been prepared in Times New Roman, 14 point.

/s/ H. Forest Horne
H. Forest Horne

17

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA RINDFLEISCH, TIFFANY MELENDEZ, MICHELLE GENTILE, LAURIE BAKER and CHRISTINA NELMES, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GENTIVA HEALTH SERVICES, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 1:10-CV-03288-SCJ |

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing *PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' EXPEDITED MOTION TO QUASH DEFENDANT'S SUBPOENA DUCES TECUM AND FOR PROTECTIVE ORDER TO PREVENT DEFENDANT FROM OBTAINING PLAINTIFFS' MINOR CHILDREN'S SCHOOL RECORDS* this 27th day of April, 2011, via electronic filing CM/ECF, upon the following:

LITTLER MENDELSON, P.C.

Michael A. Spinola
Lisa A. Schreter

18

Littler Mendelson, PC
3344 Peachtree Road, NE
Suite 1500
Atlanta, GA  30326-4803
Tel. (404) 233-0330
Fax  (404) 233-2361
lschreter@littler.com
aspinola@littler.com

Michael Weber, Esq.
Littler Mendelson, PC
900 Third Avenue
New York, New York 10022-3298
(212) 583-9600
mweber@littler.com

*Counsel for Defendant*

/s/ H. Forest Horne
H. Forest Horne