IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA RINDFLEISCH, TIFFANY MELENDEZ, MICHELLE GENTILE, LAURIE BAKER and CHRISTINA NELMES, on behalf of themselves and others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>GENTIVA HEALTH SERVICES, INC.,<br><br>       Defendant. | CIVIL ACTION NO.:<br>1:10-cv-03288 (SCJ)<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## I. INTRODUCTION

Named Plaintiffs are Registered Nurses who were classified by Defendant Gentiva as exempt from overtime payment under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiffs allege that they, and similarly situated employees who have joined this collective action, were misclassified by Gentiva in violation of the FLSA. Pursuant to Fed. R. Civ. P. 56, Plaintiffs seek partial summary judgment on the core liability issue in this suit: that Gentiva improperly classified Plaintiffs as exempt from the overtime provisions of the FLSA, but failed to compensate them on a valid salaried or fee basis, the only two methods of compensation the FLSA permits for an exempt professional employee.

While there are additional bases on which Plaintiffs may seek to show at trial that they have been misclassified as exempt, the only basis on which they currently seek summary judgment is that Gentiva's compensation system incorporates, as the basis for paying for non-visit related work, payment based upon the amount of time the Plaintiff works on the non-visit activity.[1] Payment based on the amount of time worked is fundamentally incompatible with payment on a "fee basis" and maintenance of exempt status.

If the Court grants Plaintiffs summary judgment on this issue of whether Gentiva's method for compensating non-visit work abrogates the overtime exemption, such resolution will significantly narrow the remaining issues to simply how many hours each Clinician worked per week, and thus how much overtime compensation is due.

## II.   FACTUAL BACKGROUND

As set forth in detail in Plaintiffs' Statement of Undisputed Facts, Gentiva has classified the Clinicians in this litigation as exempt from overtime under the FLSA, and adopted the "Pay Per Visit" (PPV) system as the primary method for compensating them. SUF ¶¶ 1-9. Clinicians engage

---

[1] For example, Plaintiffs may also seek to establish that they have been misclassified as exempt because Gentiva's compensation system incorporates visit "fee" payments that are based on time-estimates of how long each type of visit takes and so abrogates the overtime exemption.

in compensable non-visit work on a regular basis, generally weekly. SUF ¶ 24. Gentiva determines compensation for non-visit activities based upon the amount of time worked on the activity. SUF ¶¶ 15-20. Specifically, Gentiva compensates for time spent on non-visit related work by paying increasing amounts for greater amounts of time worked. Only the amount of time spent on the non-visit activity and the pay rate set for the employee are considered in computing an employee's pay for such non-visit work. Gentiva uses the following simple duration chart to calculate how much to pay as the "flat rate" for non-visit activities based on the time spent and the particular employee's routine visit rate or unit rate:

| Duration | Visit Equivalent | Routine Visit Rate | Flat Rate |
| --- | --- | --- | --- |
| 0.5 – 1.5 hours | 1 visit | $30 | $30 |
| 1.75 – 3 hours | 2 visits | $30 | $60 |
| 3.25 – 4 hours | 3 visits | $30 | $90 |
| 4.25 – 5 hours | 3.5 visits | $30 | $105 |
| 5.25 – 6 hours | 4 visits | $30 | $120 |
| 6.25 – 7 hours | 5 visits | $30 | $150 |
| 7.25 – 8 hours | 6 visits | $30 | $180 |

SUF ¶¶ 15-20.[2]  In addition, there were numerous branches acquired from Healthfield that explicitly paid non-visit work on an hourly basis after they were acquired by Gentiva, some as late as mid-2008.  SUF ¶¶ 21-23.

### III.  LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Those facts which are "material" are identified by reference to the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997).  A fact is "genuinely" in dispute if the record taken as a whole could lead a rational trier of fact to find for the non-moving party.  *Allen*, 121 F.3d at 646.  "In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir. 1995)

---

[2] Gentiva's non-visit work compensation chart uses an example routine visit rate of $30, but the base routine visit rate or unit rate varies from one employee to another.  SUF ¶ 16.

(citations omitted).

Where, as here, the nonmoving party bears the burden of proof on the issue at trial,

> the moving party must demonstrate to the Court that "there is an absence of evidence to support the nonmoving party's case," *Celotex v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986), or must put forth affirmative evidence negating an element of the nonmoving party's case, *Fitzpatrick v. Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993). It is then the responsibility of the nonmoving party, by revealing evidence outside of the pleadings, to show that evidence supporting its case does exist or that the element sought to be negated remains a genuine issue of material fact to be tried. *Id.* Essentially, this requires the nonmoving party to come forward with evidence sufficient to withstand a directed verdict on this issue at trial. *Id.* at 1116-17.

*Lockaby v. Top Source Oil Analysis*, 998 F. Supp. 1469, 1470 (N.D. Ga. 1998).

## IV. ARGUMENT

### A. Legal Standard for Exemption

The FLSA requires employers to pay employees overtime when they work more than 40 hours per week unless an exemption applies. 29 U.S.C. § 207(a)(1); *Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 625 (11th Cir. 2004).

In evaluating a claimed exemption under the FLSA, the burden of proof is on the employer to establish the applicability of the exemption as an affirmative defense. *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1269 (11th Cir. 2008); *Atlanta Prof'l Firefighters Union, Local 134 v. Atlanta*,

920 F.2d 800, 804 (11th Cir. 1991) (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974)); *Hogan*, 361 F.3d at 625.  Moreover, the Eleventh Circuit has repeatedly admonished that the FLSA's exemptions are to be construed narrowly against the employer, and should "be applied only to those clearly and unmistakably within the terms and spirit of the exemption."  *Morgan*, 551 F.3d at 1269 (quoting *Brock v. Norman's Country Mkt., Inc.*, 835 F.2d 823, 826 (11th Cir. 1988)); *see also Hogan*, 361 F.3d at 625; *Avery v. City of Talladega*, 24 F.3d 1337, 1340 (11th Cir. 1994); *Atlanta Prof'l Firefighters Union, Local 134*, 920 F.2d at 804 (citation omitted).

The exemption that Gentiva asserts is applicable here is for "any employee employed in a bona fide . . . professional capacity . . . [as] defined and delimited from time to time by regulations of the Secretary."  29 U.S.C. § 213(a)(1).

Pursuant to this statutory authority, the Secretary of Labor has defined the professional exemption as applicable to employees:

> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . . and
>
> (2) Whose primary duty is the performance of work:
>
> (i) Requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; or

> (ii) Requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

29 C.F.R. § 541.300(a).[3] Thus, for the professional exemption to apply, employees must satisfy each of two criteria: the "duties" test *and* the compensation test, which requires payment on "a salary or fee basis." *Lockaby*, 998 F. Supp. at 1472; *Bell v. Callaway Partners, LLC*, No. 1:06-cv-1993-cc, 2010 U.S. Dist. LEXIS 36564, at *12-14 (N.D. Ga. Feb. 5, 2010). Employees must meet the compensation test even where there is no dispute that the duties test is met. *Id.*; *see also Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1061 (2d Cir. 1988) (finding that because nurses were paid hourly, rather than on a salary or fee basis, they did not fall within the FLSA's professional exemption).

### B. Meaning of "Fee Basis"

The regulations promulgated by the Secretary of Labor define the "fee basis" method of compensation at 29 C.F.R. § 541.605 (previously set forth at 29 C.F.R. § 541.313(b)). This section provides that:

---

[3] Because Congress expressly authorized the Secretary of Labor to define the scope of these exemptions, "[s]uch legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Avery v. City of Talladega*, 24 F.3d 1337, 1340 (11th Cir. 1994) (quoting *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984)).

> An employee will be considered to be paid on a "fee basis" within the meaning of these regulations if the employee is paid an agreed sum for a single job *regardless of the time required for its completion*. These payments resemble piecework payments with the important distinction that generally a "fee" is paid for the kind of job that is unique rather than for a series of jobs repeated an indefinite number of times and for which payment on an identical basis is made over and over again. *Payments based on the number of hours or days worked and not on the accomplishment of a given single task are not considered payments on a fee basis.*

29 C.F.R. §541.605(a) (emphasis added).

Plaintiffs' motion for partial summary judgment addresses solely whether Gentiva's compensation system fails to comply with the "fee basis" regulation because the fees are not set "regardless of the time required" to complete a task, but are instead "based on the number of hours" worked.  29 C.F.R. §541.605(a); *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 838 (6th Cir. 2002).[4]

---

[4] The Department of Labor has also challenged the use of a fee basis of payment where the tasks paid on a fee basis are repetitive in nature, and are not the sort of unique jobs, each assigned its own particular fee, which the fee basis regulation was designed to address. *See, e.g.,* Letter, Office of Enforcement Policy, 1998 WL 852761 (DOL WAGE-HOUR April 27, 1998); Letter, Office of Enforcement Policy, 1998 WL 1147733 (DOL WAGE-HOUR Nov. 9, 1998).  The Department of Labor's interpretation of the fee basis requirement is controlling unless "plainly erroneous or inconsistent with the regulation." *Auer v. Robbins*, 519 U.S. 452, 461 (1997) ("Because the salary-basis test is a creature of the Secretary [of Labor]'s own regulations, his interpretation of it is . . . controlling unless 'plainly erroneous or inconsistent with the regulation.'" (citations omitted)). Plaintiffs do not concede that the jobs at issue here would satisfy the fee

### C. Gentiva's PPV System Does Not Comply With the Requirements for a "Fee Basis"

Gentiva pays its exempt Clinicians through a per visit or fee arrangement, but undisputed facts confirm that Gentiva sets the payment amounts for non-visit work based upon the number of hours spent at the meeting, training or other non-visit work. SUF ¶¶ 15-20; *see also* SUF ¶¶ 21-23 (for former Healthfield branches). As explained below, compensation practices that include payments based on the amount of time spent working do not satisfy the fee basis definition, and thus are inconsistent with the professional exemption from overtime requirements.

In *Elwell*, 276 F.3d 832, the Sixth Circuit interpreted the "fee basis" regulation under factual circumstances nearly identical to the instant case.[5] The court defined fee basis payments as a payment for "a single job

---

basis regulation given their repetitive nature, and reserve the right to argue that as an alternative basis for Gentiva's failure to satisfy the exemption requirements should this case proceed to trial. However, such a contention is not at issue in the pending motion.

[5] Other than *Elwell*, the only other decision offering analysis of the "fee basis" component of the FLSA exemption test is *Fazekas v. Cleveland Clinic Found. Health Care Ventures, Inc.*, 204 F.3d 673 (6th Cir. 2000). In that case, there was no allegation that the relevant fees had been set based upon the number of hours worked; rather, the case solely addressed plaintiffs' contention that the home health visits for which they were paid through a fee arrangement were insufficiently unique to satisfy the fee basis test. The court found the visits in that case were unique and so rejected plaintiffs' argument. *Id.*

regardless of the time required for its completion." *Id.* at 838.  The court held that a compensation system would *not* meet the legal standard for a fee basis if "it contains *any component* that ties compensation to the number of hours worked." *Id*. (emphasis added).

The *Elwell* court further held that hybrid compensation practices that combine payment on a fee basis and payment that does not meet the fee basis definition do not satisfy the "fee basis" requirement of 29 C.F.R. § 541.313(b).[6]  *Elwell*, 276 F.3d at 838–39.  As the court observed, the "fee basis" requirement does not provide for the possibility of additional compensation beyond that made on a proper fee basis, in "contrast[] with the salary basis regulation, which explicitly provides that 'additional compensation besides the salary is not inconsistent with the salary basis of payment.'" *Id.* (quoting 29 C.F.R. § 541.118(b)). Reasoning that "[t]he express provision for additional forms of compensation in the salary basis regulation suggests that the Department of Labor knew how to permit hybrid compensation schemes when it desired to do so," the court concluded that the lack of a similar provision in the fee basis regulation indicated "that hybrid compensation plans, which combine both fee based and hourly

---

[6] The text of the former 29 C.F.R. § 541.313(b) now appears as 29 C.F.R. §541.605(a), which is the citation given for this same language elsewhere in the brief.

compensation, are excluded from the definition of fee basis arrangements." *Id.*

The *Elwell* case involved visiting nurses and other home health care providers who were paid on a "per visit" basis for patient visits, and who were paid for other required work such as meetings and in-service training with sums that were based on the number of hours involved. *Id.* at 835-837, 839. The court concluded that "[defendant]'s compensation plan, which combined fee payments and hourly compensation, does not qualify as a fee basis because it tied compensation, at least in part, to 'the number of hours or days worked and not on the accomplishment of a given single task.'" *Id.* at 838 (quoting 29 C.F.R. § 541.313(b)). This was true even though the court assumed without deciding that the per visit payments satisfied the fee basis test, and found that such per visit payments were the basis for compensating "most of [plaintiff's] required job duties." *Id.* at 839 & n.3.

Similarly, here, the undisputed facts are that Gentiva compensates its Clinicians in the same fashion as the defendant in *Elwell*, tying compensation "at least in part, to 'the number of hours or days worked.'" *Id.* at 838, SUF ¶¶ 15-23. While Gentiva refers to its payments as a "flat rate," the rate varies with the number of hours worked, and rather than simply on the accomplishment of a given single task. *See* 29 C.F.R. § 541.605(a). The

flat rate is calculated based on the number of hours worked as follows:

| Duration | Visit Equivalent | Routine Visit Rate | Flat Rate |
|---|---|---|---|
| 0.5 – 1.5 hours | 1 visit | $30 | $30 |
| 1.75 – 3 hours | 2 visits | $30 | $60 |
| 3.25 – 4 hours | 3 visits | $30 | $90 |
| 4.25 – 5 hours | 3.5 visits | $30 | $105 |
| 5.25 – 6 hours | 4 visits | $30 | $120 |
| 6.25 – 7 hours | 5 visits | $30 | $150 |
| 7.25 – 8 hours | 6 visits | $30 | $180 |

SUF ¶¶ 15-20.

Thus, based on Gentiva's description of its pay practices, it is openly based on "the number of hours worked" and so wholly inconsistent with a fee basis. Indeed, Kathleen Shanahan, Gentiva's Vice President of Human Resources, recognized that paying based on time increments could abrogate the overtime exemption because such payment would in fact be based on hours worked, though she maintained that paying based on the specific time increments used by Gentiva was permissible. Specifically, Ms. Shanahan testified that she would not approve payment of non-visit work based on the above chart if the ranges of time used in the duration column were shorter, for example with ranges of approximately 15 minutes rather than the 45

minute ranges primarily used in Gentiva's chart, because such a system would be hourly-based rather than fee-based and would be inconsistent with the professional exemption. SUF ¶ 25.

Plaintiffs aver that the length of the time increment used as the basis of payment is irrelevant to the fee basis analysis, under which "[p]ayments based on the number of . . . days" worked is equally impermissible with payment based on the number of hours worked, and, in any event, fees are to be paid at an agreed sum per job "regardless of the time required for its completion." 29 C.F.R. §541.605(a). Further, any ambiguity regarding the bounds of the exemption are to be construed against the employer. *Morgan*, 551 F.3d at 1269. Gentiva thus cannot satisfy its affirmative burden of proving that Plaintiffs fall "clearly and unmistakably within the terms and spirit of the exemption." *See id.*

## V.   CONCLUSION

The undisputed facts—Gentiva's own documents and witnesses—establish that Gentiva's PPV compensation system pays Plaintiffs in part based upon the number of hours worked. The regulations, case law, and Gentiva's own admissions all dictate that payment based on hours worked is inconsistent with the exemption Gentiva claims. Therefore, Plaintiffs are entitled to judgment as a matter of law on the issue of whether they are

exempt from the overtime requirement of the FLSA.

                                       Respectfully submitted,

Dated:  April 3, 2012                 By: *Christine E. Webber*
                                          Christine E. Webber

                                        **COHEN MILSTEIN SELLERS & TOLL PLLC**
Christine E. Webber
Abigail E. Shafroth
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
(202) 408-4600
cwebber@cohenmilstein.com
ashafroth@cohenmilstein.com

**MARTIN & JONES, PLLC**
Sam L. Starks
3353 Peachtree Road, NE
Suite 510
Atlanta, GA 30326

**MARTIN & JONES, PLLC**
H. Forest Horne, Jr.
Gilda A. Hernandez
410 Glenwood Avenue, Suite 200
Raleigh, North Carolina 27603
(919) 821-0005
hfh@m-j.com
gah@m-j.com

*Counsel for Plaintiffs*

## Font Certification

The undersigned hereby certifies that this pleading complies with the font requirements of LR 5.1B because the document has been prepared in Times New Roman, 14 point.

## Certificate of Service

I hereby certify that on April 3, 2012, I caused the foregoing Plaintiffs' Memorandum in Support of their Motion for Partial Summary Judgment to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those registered as CM/ECF participants.

*/s/ Christine E. Webber*
Christine E. Webber