IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA RINDFLEISCH, TIFFANY MELENDEZ, MICHAEL GENTILE, LAURIE BAKER, and CHRISTINA NELMES, on behalf of themselves and others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>GENTIVA HEALTH SERVICES, INC.,<br><br>   Defendant. | CIVIL ACTION FILE<br>NO. 1:10-cv-3288-SCJ |

## **ORDER**

THIS MATTER is before the Court on Plaintiffs' Motion for Partial Summary Judgment [Doc. No. 294]; Defendant's Motion for Continuance Under Federal Rule of Civil Procedure 56(d) [Doc. No. 311]; and Defendant's request that the Court decide a method for replacing non-responsive Opt-in Plaintiffs. For reasons given below, Plaintiffs' Motion for Partial Summary Judgment is **DENIED** with leave to re-file; Defendant's Motion for Continuance Under Federal Rule of Civil Procedure 56(d) is **GRANTED**; and non-responsive Opt-ins must be replaced by way of the method used to initially select them.

1

**BACKGROUND**

Plaintiffs bring this action against their former employer, Gentiva Health Services, Inc. ("Gentiva") [Doc. No. 1, ¶ 1]. This action has been conditionally certified as a collective action under Section 16(b) of the Fair Labor Standards Act (the "FLSA"), as such, the five name plaintiffs represent a class of opt-in plaintiffs (collectively "Plaintiffs") [Doc. No. 167, p. 1]. Plaintiffs also filed claims under several state wage-and-hour laws [Doc. No. 1].

Gentiva provides home healthcare services to patients in thirty-nine states [Doc. No. 1, ¶ 20]. Plaintiffs are current and former Gentiva registered nurses, physical therapists, and occupational therapists (the "Clinicians") who provided the home healthcare services [*see, e.g., id.* at ¶ 24-75].

Gentiva pays the majority of its Clinicians, including Plaintiffs, using a pay per-visit plan (the "PPV Plan") [Doc. No. 173, pp. 11-12]. Under the PPV Plan, Clinicians receive a "visit fee" for each visit to a patient's home [*id.* at p. 14]. In order to calculate the visit fees, Gentiva devised a "visit rate" system based upon a "visit unit," whereby a visit unit is worth a preset dollar amount, and each patient visit is worth a defined number of units based on the care provided [*id.*]. For "non-visit" work—such as conferences, training time, staff meetings, and orientations—Clinicians receive a "flat rate" [*id.*]. Under the model PPV Plan, the flat rate is itself

a function of visit units and the amount of time dedicated to the non-visit work [*id.*].

Clinicians paid under the PPV Plan are treated as professional employees who are exempt from the FLSA's overtime compensation requirements [*id.* at pp. 13-14].

The crux of Plaintiffs' FLSA claim is that the PPV Plan abrogates their professional overtime exemption; therefore, Gentiva owes overtime back-wages to Plaintiffs and a class of Clinicians [*id.*]. Under the FLSA, an employer can pay an exempt professional employee on a "fee basis" without compromising the exemption; however, the exemption is abrogated if an employer pays that employee on both a fee basis and an hourly basis. 29 C.F.R. § 541.605. Plaintiffs allege that under the PPV Plan, Clinicians are paid on both a fee basis and hourly basis, which results in an unlawful hybrid plan that abrogates the Clinicians' professional exemption [Doc. No. 173, pp. 13-14]. Gentiva also uses compensation plans—other than the PPV Plan—to pay a minority of its Clinicians [*id.* at p. 24].

After the Court conditionally certified this collective action, the Court bifurcated the action into a liability phase and damages phase [Doc. No. 194, pp. 6-7]. The liability phase will determine whether the PPV Plan is unlawful under the FLSA [*id.*]. The damages phase, if necessary, will address whether Plaintiffs were actually deprived of overtime compensation [*id.*].

The discovery period has been extended several times and will close on August 28, 2012 [Doc. No. 289]. Plaintiffs asked Gentiva for an extension of time to respond to written Opt-in discovery, and the parties agreed to allow rolling responses from early March to early April of 2012 [Doc. No. 311-3, pp. 2-3.]. Because Gentiva wanted time to analyze the written discovery before selecting which Opt-ins to depose, Gentiva will be unable to depose the Opt-ins until late April of 2012 [Doc. No. 311-4, p. 2]. On the other hand, between February and April of 2012, Plaintiffs were able to depose Gentiva's managers [Doc. No. 311-2, p. 5].

During discovery, Gentiva filed two motions for partial summary judgment, both of which addressed Plaintiff's state law claims. The first, filed in November of 2011, was mooted by Plaintiffs' voluntary dismissal of its New York state-law claim [Doc. Nos. 257; 263; 318]. The second deals with Plaintiffs' North Carolina state-law-claims, and was filed on March 22, 2012 [Doc. No. 294].

On April 3, 2012, Plaintiffs filed their Motion for Partial Summary Judgment addressing whether the PPV plan violates the FLSA [Doc. No. 294].

Gentiva seeks a continuance for its response to Plaintiffs' Motion for Partial Summary Judgment because Gentiva has yet to obtain full discovery from Plaintiffs and other sources [Doc. No. 311]. Specifically, Gentiva argues that it must (1) depose Opt-in Plaintiffs to establish that the PPV Plan was not uniformly applied

to them, and (2) delve more deeply into the testimony of its own declarants and 30(b)(6) witnesses.

Gentiva also asks the Court to provide a method for replacing the Opt-in Plaintiffs who failed to respond to written discovery. The Court prescribed the following method for initially selecting the Opt-in Plaintiffs subject to written discovery: half were to be randomly selected, while the other half were to be selected by Gentiva [Doc. No. 194, pp. 10-11].

On April 12, 2012, the Court held a telephonic hearing with the parties regarding the Motion for Continuance and the unresponsive Opt-ins. [Doc. No. 317].

## DISCUSSION

The Court will first discuss Gentiva's Motion for Continuance, then Plaintiff's Motion for Partial Summary Judgment, and finally the method for replacing Opt-ins.

Generally, a court should not grant summary judgment until the nonmovant has had an opportunity for full discovery. *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988). Moreover, under Rule 56(d) of the Federal Rules of Civil Procedure, if the party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue

any other appropriate order." Fed. R. Civ. P. 56(d). The Eleventh Circuit has applied Rule 56(d) liberally to avoid premature grants of summary judgment. *See, e.g.*, *Wallace v. Brownell Pontiac-GMC Co.*, 703 F.2d 525, 527 (11th Cir. 1983); *see also* 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2740 (3d ed.)

Here, Gentiva has submitted a declaration detailing the specific evidence it hopes to obtain, which evidence relates to its opposition of Plaintiff's Motion for Partial Summary Judgment. Broadly speaking, Gentiva intends to show that many of its branches implemented a version of the PPV Plan whereby Clinicians were paid a predetermined flat-rate for non-visit work, as opposed to a time-dependent rate. Through depositions of Opt-in Plaintiffs, Gentiva hopes to confirm the flat-rate for non-visit payments. Moreover, Gentiva would like to continue gathering internal information on the branches various implementations of the PPV Plan. For example, Gentiva would like to follow-up with two its own managers who gave deposition testimony that Clinicians were paid a pre-determined flat-rate for non-visit work. Accordingly, Gentiva has made an adequate showing for relief under Rule 56(d)'s liberal standard.

Finally, the Court is concerned that Plaintiffs' Motion for Partial Summary Judgment engenders a piecemeal approach to the FLSA claim. Plaintiffs' Complaint

states a single FLSA cause-of-action based on the PPV Plan. While Plaintiffs hope to show that Gentiva is liable under the FLSA based on its model PPV Plan, Gentiva, at the very least, intends to challenge liability by proving that many of the Clinicians remained exempt under variants of the PPV Plan. Thus, even if Plaintiffs prevail on partial summary judgment, in the Fall of 2012, Gentiva could move for summary judgment to show that some of the Clinicians remained exempt under variations of the PPV Plan. In effect, the Court might first rule that Gentiva is liable to all the Clinicians, and then months later, the Court might determine that Gentiva is liable only to a subset of the Clinicians. The Court prefers, instead, to fully adjudicate the FLSA claim instead of taking a piecemeal approach.

Thus, the Court will adjudicate the FLSA claim once discovery has closed and Gentiva has had full opportunity to gather evidence. Plaintiff's Motion for Partial Summary Judgment is denied with leave to re-file upon the close of discovery. In the interest of fairness, Gentiva must likewise wait until the close of discovery to file its motion for summary judgment on the FLSA claim.

Regarding the unresponsive Opt-ins, they must be replaced using the method by which they were selected: e.g., randomly selected Opt-ins will be replaced through random selection.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Partial Summary Judgment [Doc. No. 294] is **DENIED** with leave to re-file; Defendant's Motion for Continuance Under Federal Rule of Civil Procedure 56(d) is **GRANTED** [Doc. No. 311]; and non-responsive Opt-ins must be replaced by way of the method used to initially select them.

**IT IS SO ORDERED**, this 18th day of April, 2012.

s/Steve C. Jones
STEVE C. JONES
UNITED STATES DISTRICT JUDGE
