UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA RINDFLEISCH; TIFFANY MELENDEZ; MICHELLE GENTILE; LAURIE BAKER; and CHRISTINA NELMES, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GENTIVA HEALTH SERVICES, INC., <br><br> Defendant. | CIVIL ACTION <br> No. 1:10-cv-03288-SCJ |

**O R D E R**

This matter is before the Court on Defendant's Motion for Partial Summary Judgment on Plaintiffs' North Carolina State Law Claims [Doc. No. 294]. For the reasons stated below, Defendant's motion is **GRANTED**.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Defendant Gentiva Health Services, Inc. ("Defendant") provides home healthcare services to patients in several states, including North Carolina. Named plaintiffs[1] Laurie Baker and Christina Nelms (collectively "Plaintiffs") are former

---

[1] There are three additional named plaintiffs in this action: Lisa Rindfleisch, Tiffany Melendez, and Michelle Gentile (collectively "NY Plaintiffs"). The NY Plaintiffs do not assert the North Carolina state law claims at issue in Defendant's motion for partial

employees of Defendant, who worked as registered nurse case managers for Defendant in Pollocksville, North Carolina.

While working for Defendant, Plaintiffs were compensated under a pay per-visit plan (the "PPV Plan"). Under the PPV Plan, Plaintiffs were to be paid a flat fee for each visit to a patient's home and a separate flat fee for non-patient visit work. Therefore, based on the flat fee payment system of the PPV Plan and Plaintiffs' employment as registered nurses, Defendant treated Plaintiffs as professional employees exempt from overtime payments under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*[2]

On May 10, 2010, Plaintiffs filed this action, alleging they were improperly denied overtime wages owed pursuant to the FLSA. In support of this allegation, Plaintiffs assert that they were not paid solely on a fee basis, but were paid on both a fee basis and hourly basis, which abrogated their professional exemption. In

---

summary judgment. Therefore, the NY Plaintiffs are not discussed in this order.

[2] Under the FLSA, an employee is exempt from overtime pay if he is "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). The FLSA defines "employed in a bona fide professional capacity" as someone "[c]ompensated on a salary or fee basis at a rate of not less than $455 per week" and whose employment requires "knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction." 29 C.F.R. § 541.300(a)(1)-(2)(i).

addition to their claim under the FLSA, Plaintiffs' complaint further assert claims, on behalf of themselves and others similarly situated, under the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1 *et seq*. Specifically, Plaintiffs allege Defendant violated § 95-25.6 of the NCWHA by failing to pay them and members of the proposed class all of their earned wages when due. Based on this assertion, Plaintiffs' complaint seeks minimum wage payments for all members of their proposed class who worked for Defendant while the North Carolina minimum wage rate was higher than the federal minimum wage rate. In addition, Plaintiffs seek payment for "Plaintiffs and members of the proposed class, for all overtime wages of one and one-half times their regular hourly rate on their regular payday pursuant to the 'payday statute,' § 95-25.6 of the NCWHA" [Doc. No. 1, ¶ 130].

Plaintiffs filed a motion to certify their NCWHA claims as a class action under Federal Rule of Civil Procedure 23 [Doc. No. 272] on January 20, 2012.[3] The Plaintiffs' motion describes their proposed class as follows:

> All Registered Nurses, Physical Therapists, or Occupational Therapists who were, are or will be employed by Defendant Gentiva Health

---

[3] Additionally, Plaintiffs filed a motion for preliminary certification of their FLSA claim as a collective action [Doc. No. 57] on November 1, 2010. The Court granted this motion [Doc. No. 167] on April 13, 2011.

> Services in the state of North Carolina from two years prior to the date of commencement of this action through the date of judgment in this action, who were paid pursuant to the PPV [Plan] and neither properly compensated for all of their hours worked nor paid time and one-half for hours in excess of forty on their regular pay day.

[Doc. No. 272-1, 11]. While Plaintiffs' motion for class certification was pending, Defendant filed a motion for partial summary judgment on Plaintiffs' NCWHA claims [Doc. No. 294] on March 22, 2012. Plaintiffs filed a response opposing Defendant's motion [Doc. No. 331] on May 3, 2012. Defendant filed a reply to Plaintiffs' response [Doc. No. 384] on June 7, 2012.

On August 29, 2012, this Court entered an order denying Plaintiffs' motion for class certification, holding that Plaintiffs could not satisfy the requirements of Rule 23(b)(3) because their NCWHA claims do not lend themselves to "generalized proof of liability or damages nor to mechanical calculations of each class members' damages" [Doc. No. 428, 17]. Defendant's motion for partial summary judgment is now before the Court and is addressed below.

## II.     ANALYSIS

### A.     Legal Standard

Federal Rule of Civil Procedure 56[4] provides "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A factual dispute is genuine if the evidence would allow a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

---

[4] On December 1, 2010, an amended version of Rule 56 of the Federal Rules of Civil Procedure became effective. The amendments to Rule 56 "are intended to improve the procedures for presenting and deciding summary-judgment motions" and "are not intended to change the summary-judgment standard or burdens." Committee on Rules of Practice and Procedure, Report of the Judicial Conference, page 14 (Sept. 2009).; *Farmers Ins. Exchange v. RNK, Inc.*, 632 F.3d 777, 782 n.4 (1st Cir. 2011). "[B]ecause the summary judgment standard remains the same, the amendments 'will not affect continuing development of the decisional law construing and applying' the standard now articulated in Rule 56(a). Adv. Comm. Notes to Fed. R. Civ. P. 56 (2010 Amends.). Accordingly, while the Court is bound to apply the new version of Rule 56, the undersigned will, where appropriate, continue to cite to decisional law construing and applying prior versions of the Rule." *Murray v. Ingram*, No. 3:10-CV-348-MEF, 2011 WL 671604, at *2 (M.D. Ala. Feb. 3, 2011).

The moving party bears the initial burden of showing the Court, by reference to materials in the record, that there is no genuine dispute as to any material fact that should be decided at trial. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). The moving party's burden is discharged merely by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support [an essential element of] the nonmoving party's case."*Celotex Corp.*, 477 at 325. In determining whether the moving party has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. *Johnson v. Clifton*, 74 F.3d 1087, 1090 (11th Cir. 1996). Once the moving party has adequately supported its motion, the non-movant then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no "genuine [dispute] for trial" when the record as a whole could not lead a rational trier of fact to find for the nonmoving party. *Id*. (citations omitted). All reasonable doubts, however, are resolved in the favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

**B.    Discussion**

Plaintiffs seek to recover wages under N.C. Gen. Stat. § 95-25.6, which is referred to as the NCWHA's "payday statute." Specifically, Plaintiffs assert their NCWHA claims under the payday statute seek compensation "for all unpaid wages, including all straight-time and overtime wages which Plaintiffs are due, as [Defendant] failed to properly pay for all hours worked" [Doc. No. 331, 13]. The Court has denied Plaintiffs' request to certify their claims under the NCWHA as a class action and, therefore, does not need to discuss whether employees of Plaintiffs' proposed class are owed wages under the NCWHA.[5] Instead, the Court only needs to determine whether Plaintiffs are entitled to two types of wages under N.C. Gen. Stat. § 95-25.6: 1. Overtime wages; and 2. Straight-time wages, meaning wages for

---

[5] Plaintiffs' complaint seeks minimum wage compensation for members of their proposed Rule 23 class under the NCWHA. The NCWHA does allow recovery of minimum wage compensation, even if the employer is question is covered by the FLSA, when the North Carolina minimum wage rate is higher than the federal minimum wage rate. N.C. Gen. Stat. § 95-25.14(a)(1)(b). However, the North Carolina minimum wage rate has not been higher than the federal minimum wage rate since July 24, 2008. *See* N.C. Dep't of Labor, http://www.nclabor.com/wh/factsheets/minimum_wage_in_NC.htm; *see also* 29 U.S.C. § 206(a)(1)(A)-(C). Plaintiffs did not start working for Defendant until 2009. [Doc. No. 334, 2]. Therefore, Plaintiffs cannot assert a valid claim for minimum wage compensation on their own behalf. Defendant argues that, because they do not have a personal claim for minimum wage compensation, Plaintiffs "lack standing to pursue such a claim on behalf of absent class members" [Doc. No. 294-1, 20]. Because this Court has already denied Plaintiffs' motion for class certification under Rule 23, the Court does not need to address whether Plaintiffs would have standing to assert minimum wage claims on behalf of their proposed class. Furthermore, Plaintiffs concede that their "minimum wage claims are not timely, and Plaintiffs do not seek to pursue them" [Doc. No. 331, 11]. In short, there is no claim for minimum wage compensation under the NCWHA remaining in this action.

hours worked that did not exceed 40 hours in a given week. The Court will discuss both types of wages below.

### 1. Overtime Wages

The NCWHA exempts claims for minimum wage and overtime compensation against an employer covered by the FLSA. N.C. Gen. Stat. § 95-25.14(a)(1). Plaintiffs, who have brought a claim for overtime compensation in this action under the FLSA, concede that Defendant is covered by the FLSA. [Doc. No. 334, 2-3].[6] In their motion for summary judgment, Defendant contends that Plaintiffs only seek overtime wages under N.C. Gen. Stat. § 95-25.6 in order to avoid the overtime exemption under N.C. Gen. Stat. § 95-25.14(a)(1). *See Queen v. RHA Health Servs., Inc.*, 1:00CV00101, 2001 U.S. Dist. LEXIS 26118, at *8 (M.D.N.C. Jan. 22, 2001) (stating that, when a claim for overtime wages under the NCWHA is brought against an employer covered by the FLSA, "the relevant issue is one of state law exemption, not federal preemption."). Therefore, Defendant argues that Plaintiffs should not be allowed to avoid the N.C. Gen. Stat. § 95-25.14(a)(1) exemption by simply refusing to cite N.C. Gen. Stat. § 95-25.4, the NCWHA's overtime statute, to support their claim for overtime wages. In response, Plaintiffs argue that the exemption of N.C.

---

[6] The Court acknowledges the information cited above was filed under seal by the Plaintiffs. However, the Court's orders are not generally sealed. Therefore, the Court considers itself free to refer, in this unsealed order, to any matters identified in the sealed materials.

Gen. Stat. § 95-25.14(a)(1) does not apply because they do not bring a claim under the NCWHA's overtime provision. Plaintiffs also cite caselaw that they claim establishes that an employee can bring both a claim for overtime compensation under the FLSA and a claim for overtime compensation under N.C. Gen. Stat. § 95-25.6.

N.C. Gen. Stat. § 95-25.6 states in relevant part: "Every employer shall pay every employee all wages and tips accruing to the employee on the regular payday. Pay periods may be daily, weekly, bi-weekly, semi-monthly, or monthly." This statutory language "simply requires employers to pay employees on the regular payday, which addresses concerns about the withholding of accrued wages." *Queen*, 2001 U.S. Dist. LEXIS 26118, at *8. Plaintiffs argue N.C. Gen. Stat. § 95-25.6 provides a statutory means for pursuing "unpaid overtime" [Doc. No. 331, 14]. However, the applicable statute for seeking overtime pay is N.C. Gen. Stat. § 95-25.4(a), which states "[e]very employer shall pay each employee who works longer than 40 hours in any workweek at a rate of not less than time and one half of the regular rate of pay of the employee for those hours in excess of 40 per week." As noted above, employers covered by the FLSA are exempt from "[t]he provisions of G.S. 95-25.3 (Minimum Wage), [and] G.S. 95-25.4 (Overtime)." N.C. Gen. Stat. § 95-25.14(a)(1). Again, the parties do not dispute that Defendant is covered by the FLSA. [Doc. No.

334, 2-3]. Therefore, allowing Plaintiffs to recover overtime wages under the NCWHA simply because they seek said wages under the payday statute as opposed to the overtime statute would be "wholly incompatible" with the NCWHA's exemption provision. *Dillworth v. Case Farms Processing, Inc.*, No. 5:08CV1694, 2009 WL 2766991, at *3 (N.D. Ohio Aug. 27, 2009); *see also Queen*, 2001 U.S. Dist. LEXIS 26118, at *8 ("[A]ny interpretation of § 95-25.6 that would allow the same claims [for overtime compensation] to be made thereunder would overwhelm the exemption of § 95-25.14.").

To support their argument that a claim for overtime wages can be brought under the NCWHA's payday statute, Plaintiffs misconstrue caselaw where employees were able to assert a claim under the FLSA as well as NCWHA's payday statute. *See, e.g., Hanson-Kelly v. Weight Watchers Int'l, Inc.*, No.1:10CV65, 2011 WL 2689352 (M.D.N.C. July 11, 2011); *Barton v. Pantry, Inc.*, No.1:04-CV-748, 2006 WL 1367421 (M.D.N.C. May 17, 2006). In *Hanson-Kelly*, the Federal District Court of the Middle District of North Carolina held that employees' claims for unpaid wages under NCWHA's payday statute were distinct from their FLSA claim because said employees, through their NCWHA claim, were "not seeking overtime pay or asserting that they received less than the federal minimum wage . . . rather, they [were] seeking unpaid wages for time they actually worked." 2011 WL 2689352 at

*5. In *Barton*, employees were able to assert claims under both the FLSA and N.C. Gen. Stat. § 95-25.6 because their claim under the payday statute sought "earned wages" while their claim for overtime compensation was sought under the FLSA. 2006 WL 1367421, at *2 (articulating that the employees' "claims assert that (1) under the FLSA, The Pantry failed to pay them minimum wage and any overtime compensation that was due for the deleted time, and (2) The Pantry failed to pay them earned wages in violation of the NCWHA wage payment provisions."). In summary, these cases allowed a claim under N.C. Gen. Stat. § 95-25.6 as well as a claim under the FLSA because the N.C. Gen. Stat. § 95-25.6 claim sought wages separate from minimum wage and overtime compensation. Therefore, Plaintiffs do not cite caselaw that persuades this Court to allow a claim for overtime compensation under N.C. Gen. Stat. § 95-25.6 when the employer in question is covered by the FLSA.[7]

---

[7] This Court is aware that other courts have allowed employees to pursue overtime compensation under both the FLSA and N.C. Gen. Stat. § 95-25.6. *Martinez-Hernandez v. Butterball, LLC*, No. 5:07-CV-174-H(2), 2011 WL 1211772, at *1-2 (E.D.N.C. Mar. 30, 2011). However, the Court does not agree with the rationale expressed in the *Martinez-Hernandez* opinion. Again, "allowing a payday claim for overtime wages would eviscerate the statutory framework of the North Carolina wage and hour law." *Dillworth*, 2009 WL 2766991, at *4 n.5. This Court believes that the NCWHA's payday statute is clearly separate and distinct from NCWHA's overtime provision. Furthermore, this Court does not believe the payday statute can be used by employees as a means for avoiding the exemption for overtime pay outlined in N.C. Gen. Stat. § 95-25.14(a)(1). Therefore, this Court is unpersuaded by *Martinez-Hernandez*.

Furthermore, the Court acknowledges that Plaintiffs also assert a claim for overtime compensation under the FLSA. In essence, Plaintiffs have asserted a claim for overtime wages twice, once under the FLSA and once under the NCWHA. Therefore, Plaintiffs are not harmed by losing their claim for overtime wages under the NCWHA, as they can still pursue the overtime wages they are allegedly owed through their FLSA claim. In fact, only asserting a claim for overtime wages under the FLSA fulfills the statutory purpose of N.C. Gen. Stat. § 95-25.14(a)(1). *Queen*, 2001 U.S. Dist. LEXIS 26118, at *8 ("The language in N.C. Gen. Stat. § 95-25.14 clearly indicates the legislature's intention to leave overtime and minimum wage claims within the province of the FLSA when the defendant employer is an interstate commercial enterprise."). Accordingly, Plaintiffs cannot seek overtime wages under N.C. Gen. Stat. § 95-25.6.

### 2. Straight-Time Wages

In regard to Plaintiffs' claim for straight-time wages, Defendant argues that caselaw illustrates the payday statute "does not provide an avenue to recover disputed straight-time wages, it only requires employers to pay accrued wages on the designated payday" [Doc. No. 384, 12]. In essence, Defendant is arguing that N.C. Gen. Stat. § 95-25.6 only allows recovery of wages that have not been paid at all, not wages when there is a dispute as to whether an employee "received *enough*

compensation for their work" [Doc. No. 294-1, 25]. The Court finds this argument persuasive.

Plaintiffs acknowledge that they have been paid for their patient visit and non-patient visit work. [Doc. No. 334, 12]. However, Plaintiffs assert they have not been "paid *all that is legally owed*, because the exemption [Defendant] claims is not valid and because it has not recorded let alone paid for all hours worked and time-and-a-half for hours in excess of 40 hours per work week" [*id.*]. To support their argument, Plaintiffs rely on caselaw where an employee is allowed to seek straight-time wages under N.C. Gen. Stat. § 95-25.6 for "disputed work time." *See, e.g., Martinez-Hernandez v. Butterball, LLC*, 578 F. Supp. 2d 816 (E.D.N.C. 2008). However, the issue of "disputed work time" in such cases concerns whether certain activities constitute "work" for which an employee should receive any compensation, not whether an employee received enough compensation for activities that are indisputably a part of his work related duties . *Martinez-Hernandez*, 578 F. Supp. 2d at 821-22 (where one issue[8] regarding the applicability of N.C. Gen. Stat. § 95-25.6 concerned whether production line employees' actions of changing into and out of their uniforms and walking between changing areas constituted "work" for which

---

[8] The *Martinez-Hernandez* court also held that application of N.C. Gen. Stat. § 95-25.6 regarding straight-time wages does not depend on an express written or oral agreement to pay an employee for certain work.

said employees should be compensated); *see also Hanson-Kelly*, 2011 WL 2689352, at *3 (stating that courts have held an employee can recover straight-time wages under N.C. Gen. Stat. § 95-25.6 so long as his claim "concerns payment for time worked and not where the parties dispute whether the plaintiff was actually 'working' during the time period at issue."). In summary, cases that discuss recovery of wages for "disputed work time" under N.C. Gen. Stat. § 95-25.6 are inapplicable to this cause of action because Plaintiffs and Defendant do not dispute what activities performed by Plaintiffs constitute "work" for which Plaintiffs should receive compensation.

Plaintiffs do not contend that they received no compensation for work they performed. Instead, Plaintiffs argue they did not receive the proper amount of compensation or, more to the point, enough compensation for the work they performed. However, under the NCWHA, "[w]ith the exception of statutory requirements to pay applicable minimum wage and overtime, employers are permitted . . . to offer their employees any wage they desire." *Martinez-Hernandez*, 578 F. Supp. 2d at 821. Therefore, Defendant could pay Plaintiffs whatever amount it felt appropriate for Plaintiffs' services, so long as that amount was not below minimum wage. Plaintiffs do not assert that they were paid wages at a rate less than what Defendant agreed to pay. Instead, Plaintiffs simply argue Defendant's

payment practices abrogated their overtime exemption under the FLSA. Therefore, to argue they did not receive *enough* compensation for 40 hours of work or less in a given week,[9] Plaintiffs would have to assert a claim for minimum wage.[10] Obviously, a claim for minimum wage is distinct from a claim under the NCWHA's payday statute. *Hanson-Kelly*, 2011 WL 2689352, at *2 ("[T]he NCWHA distinguishes between unpaid minimum wages owed under North Carolina's minimum wage law in Section 95–25.3, and other unpaid amounts due in Section 95–25.6.") Furthermore, if Plaintiffs did assert a claim for minimum wage, that claim would be exempt under N.C. Gen. Stat. § 95-25.14(a)(1). Therefore, Plaintiffs cannot seek the straight-time wages they request under N.C. Gen. Stat. § 95-25.6.

Accordingly, Defendant's motion for partial summary judgment is hereby **GRANTED**.

---

[9] An argument that Plaintiffs were not paid enough compensation because they were not paid for work hours that went beyond 40 in a given week would obviously be a claim for overtime wages.

[10] Additionally, Plaintiffs could argue they did not receive enough compensation to be exempt as a professional employee under the FLSA. *See* 29 C.F.R. § 541.300(a)(1) (stating that a professional employee paid on a salary or fee basis must be compensated at rate of $455 per week or more to be exempt from minimum wage and overtime compensation under the FLSA). However, such an argument would support a claim under the FLSA, not under the NCWHA.

### III. <u>CONCLUSION</u>

For the reasons stated above, Defendant's Motion for Partial Summary Judgment on Plaintiffs' North Carolina State Law Claims [Doc. No. 294] is hereby **GRANTED**. Therefore, all of Plaintiffs' claims under the NCWHA are dismissed from this action.

**IT IS SO ORDERED**, this 15th day of January, 2013.

                                                s/Steve C. Jones
                                                HONORABLE STEVE C. JONES
                                                UNITED STATES DISTRICT JUDGE