## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

LISA RINDFLEISCH, TIFFANY
MELENDEZ, MICHELLE GENTILE,
LAURIE BAKER and CHRISTINA
NELMES, on behalf of themselves and
others similarly situated,

       Plaintiffs,

v.

GENTIVA HEALTH SERVICES, INC.,

       Defendant.

CIVIL ACTION NO.:
  1:10-cv-03288 (SCJ)

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE THE DECLARATION AND TESTIMONY OF ALFRED B. ROBINSON, JR., OR, IN THE ALTERNATIVE, NOTICE OF OBJECTION TO THE SAME

# <u>TABLE OF CONTENTS</u>

Page

I. INTRODUCTION .......................................................................................1

II. FACTUAL BACKGROUND........................................................................2

III. ARGUMENT...............................................................................................5

    A.    Mr. Robinson's Declaration Should be Stricken Because It Consists of Inadmissible Legal Opinion and Post Hoc Hearsay Regarding Regulatory Intent .................................................5

        1.    Testimony on Questions of Law is Inadmissible.......................6

        2.    Mr. Robinson's After-the-Fact Commentary on Regulatory Intent is Neither Admissible Nor Probative............9

    B.    The Declaration is Inadmissible Because Gentiva Failed to Disclose Mr. Robinson as a Potential Witness or Person with Knowledge........................................................................14

IV. CONCLUSION...........................................................................................18

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Allison v. McGhan Med. Corp.*,
 184 F.3d 1300 (11th Cir. 1999) ...........................................................7

*Armco, Inc. v. Comm'r.*,
 87 T.C. 865 (1986).........................................................................9, 13

*Bread Political Action Comm. v. Fed. Election Comm'n*,
 455 U.S. 577 (1982).....................................................................10, 11

*Burkhart v. Washington Metro. Area Transit Auth.*,
 112 F.3d 1207 (D.C. Cir. 1997).........................................................6

*Country Best v. Christopher Ranch, LLC*,
 361 F.3d 629 (11th Cir. 2004) ..........................................................11

*D.L. v. Unified Sch. Dist. No. 497*,
 270 F. Supp. 2d 1217 (D. Kan. 2002)...............................................17

*Dubiel v. Columbia Hosp. (Palm Beaches) Ltd. P'ship*,
 2005 WL 5955691 (S.D. Fla. Jan. 11, 2005)................................8, 14

*F.R.C. Int'l, Inc. v. United States*,
 278 F.3d 641 (6th Cir. 2002) ..............................................................8

*Farmer v. DirectSat USA, LLC*,
 2013 WL 1195651 (N.D. Ill. Mar. 22, 2013) .....................................9

*Farrand v. Lutheran Broth.*,
 993 F.2d 1253 (7th Cir. 1993) ..........................................................12

*Faulk v. Volunteers of Am.*,
 444 F. App'x 316 (11th Cir. 2011)....................................................16

*Harry v. Marchant*,
 291 F.3d 767 (11th Cir. 2002) ..........................................................11

*Hawk v. Atlanta Peach Movers, Inc.*,
2011 WL 1533024 (N.D. Ga. Apr. 21, 2011)......................................................6

*Jackson v. Waffle House, Inc.*,
413 F. Supp. 2d 1338 (N.D. Ga. 2006)..............................................................5

*Kramer v. Gwinnett Cnty, Ga.*,
306 F. Supp. 2d 1219 (N.D. Ga. 2004)............................................................16

*Macuba v. Deboer*,
193 F.3d 1316 (11th Cir. 1999) ..................................................................5, 14

*MAPCO Alaska Petrol., Inc. v. United States*,
27 Fed. Cl. 405 (Fed. Cl. 1992) .....................................................................13

*Marx & Co., Inc. v. Diners' Club, Inc.*,
550 F.2d 505 (2d Cir. 1977) ...........................................................................6

*Montgomery v. Aetna Cas. & Sur. Co.*,
898 F.2d 1537 (11th Cir. 1990) .......................................................................6

*Morales v. Greater Omaha Packing Co., Inc.*,
2011 WL 672457 (D. Neb. Feb. 15, 2011)........................................................9

*Morrison v. Mann*,
244 F.R.D. 668 (N.D. Ga. 2007) ...................................................................17

*Perez v. Radioshack Corp.*,
552 F. Supp. 2d 731 (N.D. Ill. 2005)..............................................................13

*Perkins v. S. New Eng. Tel. Co.*,
2011 WL 336715 (D. Conn. Jan. 31, 2011) .......................................................9

*Pickering v. Lorillard Tobacco Co., Inc.*,
2012 WL 314691 (M.D. Ala. Jan. 30, 2012)....................................................17

*Planned Parenthood of Metro. Washington, D.C., Inc. v. Horner*,
691 F. Supp. 449 (D.D.C. 1988)....................................................................12

*Post v. Killington, Ltd.*,
2010 WL 3323737 (D. Vt. Mar. 23, 2010).......................................................14

*Reese v. Herbert*,
　　527 F.3d 1253 (11th Cir. 2008) .........................................................16

*S. Pine Helicopters, Inc. v. Phx. Aviation Managers, Inc.*,
　　320 F.3d 838 (8th Cir. 2003) ..............................................................6

*Specht v. Jensen*,
　　853 F.2d 805 (10th Cir. 1988) (*en banc*) ...........................................6

*Valladon v. City of Oakland*,
　　2009 WL 585804 (N.D. Cal. Mar. 5, 2009) .......................................8

*W. Air Lines, Inc. v. Bd. of Equalization of State of S.D.*,
　　480 U.S. 123* (1987) .........................................................................10

*Williams v. Dairy Fresh Ice Cream, Inc.*,
　　176 F.R.D. 633 (S.D. Ala. 1997) ......................................................17

*Wilson v. Bradlees of New Eng., Inc.*,
　　250 F.3d 10 (1st Cir. 2001) ...............................................................16

*Yeti by Molly Ltd. v. Deckers Outdoor Corp.*,
　　259 F.3d 1101 (9th Cir. 2001) ...........................................................15

## OTHER AUTHORITIES

Fed. R. Civ. P. 26 ...............................................................2, 14, 15, 16

Fed. R. Civ. P. 37 ...........................................................2, 14, 15, 16, 17

Fed. R. Civ. P. 56 .......................................................................5, 15

Fed. R. Evid. 401 ........................................................................7, 9

Fed. R. Evid. 402 ..........................................................................7

Fed. R. Evid. 403 ..........................................................................7

Fed. R. Evid. 701 ..........................................................................7

Richard A. Posner, *Economics, Politics, and the Reading of Statutes and the Constitution*, 49 U. Chi. L. Rev. 263, 275 (1982) ......................................11, 12

iv

## I.    INTRODUCTION

Plaintiffs respectfully request that the court exclude the declaration of Mr. Alfred B. Robinson, Jr. from this matter entirely and from consideration of Defendant Gentiva Health Services, Inc.'s motion for summary judgment in particular.  Having never identified Mr. Robinson as a potential witness in any of its disclosures, Gentiva attached a declaration from Mr. Robinson as an exhibit to its reply brief in support of summary judgment.  Dkt. 617-6 (Ex. 5).   In his declaration, Mr. Robinson, a current management-side employment lawyer and former official at the Wage and Hour Division of the Department of Labor ("DOL"), purports to testify to the intent of the drafters of the 2004 revised regulations regarding FLSA exemptions and offers his views on how to interpret both the regulations and the DOL's official interpretive guidance, including the preamble to the 2004 revision and a 2005 opinion letter.

Mr. Robinson's declaration should be excluded on both substantive and procedural grounds.  First, the declaration consists entirely of inadmissible legal conclusions and *post hoc* attempts to rewrite and supplement the regulatory history and official DOL guidance documents, nearly all of which is further tainted by inadmissible hearsay as Mr. Robinson purports to testify not only to his own views and intentions but those of an undefined "we" at the DOL.  Mr. Robinson's declaration is not relevant to any facts at issue in this matter, and Gentiva has

1

submitted it instead to improperly "assist" the Court in interpreting the regulations based on the personal and inherently conflicted views of a management-side employment lawyer.  Because legal opinion is irrelevant and inadmissible, because *post hoc* commentary on regulatory intent is not probative of intent regardless, and because Mr. Robinson's attempts to speak on behalf of others at the DOL constitute hearsay, Mr. Robinson's declaration is inadmissible.  Second, because Gentiva never identified Mr. Robinson as a potential witness or person with relevant knowledge in its disclosures, Mr. Robinson's declaration is inadmissible under Rule 37(c)(1) of the Federal Rules of Civil Procedure.

## II.    FACTUAL BACKGROUND

On December 3, 2010, pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, Gentiva served initial disclosures, including a "witness list" of persons who "may provide evidence regarding the absence of elements of Plaintiffs' claims and/or provide evidence supporting Defendant's defenses."  Dkt. 89.  Over the course of three years of discovery, Gentiva supplemented its disclosures as required by Rule 26(e) and added expert designations and new names to its witness list; Gentiva filed its third and most recent disclosure on the last day of liability discovery, January 15, 2013.  Dkt. 486.  In its disclosures, Gentiva did not identify Mr. Robinson as an expert or lay witness whose testimony it might use to support its claims or defenses.  Dkt. 486, ¶¶ 5-6 and attachment A ("Witness List").

2

On March 28, 2013, over two months after the close of discovery, Gentiva attached a declaration from Mr. Robinson as an exhibit in support of its Reply Brief in Support of Defendant's Motion for Partial Summary Judgment on the Lawfulness of its Fee Payments.   Dkt. 617-6 (Ex. 5) (Declaration ("Decl.") attached hereto as Exhibit 1).   In his declaration, Mr. Robinson states that he "practice[s] law primarily in Washington, D.C."   Decl. at ¶ 1.   Indeed, Mr. Robinson is currently a shareholder at Ogletree Deakins, where he represents employers in labor and employment law.[1]

In his declaration, Mr. Robinson states that he served as a senior policy advisor and then deputy administrator for policy at the Wage and Hour Division of the Department of Labor between 2002 and June 2004, during the period when revisions to 29 C.F.R. Part 541 were finalized and published.   *Id.* at ¶¶ 2-4.   The revision process was a "multi-year" endeavor that began prior to Mr. Robinson's employment at the DOL, and Mr. Robinson states that he worked with others at the agency on these revisions.   *Id.* at ¶¶ 2-4, 7.   He further states that he subsequently served as acting administrator for two years following the publication of the revised regulations, and in that role was authorized to issue opinion letters on

---

[1] Mr. Robinson's attorney biography for Ogletree Deakins is available at http://www.ogletreedeakins.com/attorneys/alfred-b-robinson-jr and attached hereto as Exhibit 2; the firm's self-description at http://www.ogletreedeakins.com/about , describing the firm as "represent[ing] employers," is attached hereto as Exhibit 3.

behalf of the Secretary of Labor.   *Id.* at ¶¶ 4-6.

The remainder of Mr. Robinson's declaration is devoted to testifying regarding the intent of the DOL in reorganizing the white-collar exemption regulations, and the meaning of the fee basis and "extras" regulations and of the authoritative DOL guidance, including the official preamble to the 2004 revisions and a 2005 opinion letter that Mr. Robinson "ultimately signed" and was "involved in preparing" with others. *See generally id.* at ¶¶ 9-22.  Mr. Robinson's declaration includes testimony directing how the "extras" regulation should and "should not be read" and that the term "salary" was actually intended to mean salary or fee throughout the regulations.   *Id.* at ¶¶ 15-16.   The declaration is written almost entirely in the first person plural, as Mr. Robinson purports to attest not just to his personal views, but to the views and intents of either unnamed others involved in the promulgation of the regulations, or the DOL as an institution.  See, e.g., id. at ¶¶ 9 (attesting to "our goals at the WHD in revising the . . . regulations"); 10 (attesting to how "[w]e felt" regarding existing organization and what "we" did in response); 12 (attributing regulatory reorganization to the way "we view" the fee basis test); 14 (stating that "[i]f the DOL had considered [the provision to mean one thing]. . . we would not have" organized it as such, because "we considered" the provision differently); 15-16 (claiming that "[w]e deliberately" reorganized the regulations to convey a meaning and that "our intention" in using the term "salary"

4

was "to refer to both the salary and fee basis methods of compensation"); 17 (attesting to "our understanding" regarding the availability of extras and how the DOL's explanatory provision at 69 Fed. Reg. 22,184 should be read in that light); 22 (stating that with respect to the 2005 opinion letter, an undefined "we" did not "consider" applicability of the extras provision).

## III.   ARGUMENT

### A.   Mr. Robinson's Declaration Should be Stricken Because it Consists of Inadmissible Legal Opinion and Post Hoc Hearsay Regarding Regulatory Intent

Mr. Robinson's declaration should be stricken and excluded from consideration of the parties' summary judgment motions because its substance— legal opinions regarding the proper interpretation of regulations and post-enactment commentary purporting to establish the intent of the drafters—is inadmissible.  Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a declaration used to support or oppose a motion for summary judgment must "set out facts that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(4); *see also Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999) (recognizing and applying rule). [2]  Because Mr. Robinson's declaration instead sets out inadmissible

---

[2] The case law is mixed as to whether a motion to strike or notice of objection is the proper vehicle for requesting exclusion of declarations in this district.  *Compare Jackson v. Waffle House, Inc*., 413 F. Supp. 2d 1338, 1343-44 (N.D. Ga. 2006) (converting notice of objection to affidavits filed during summary

legal opinions and hearsay not probative of any facts in dispute, it should be stricken.

### 1.    Testimony on Questions of Law is Inadmissible

Mr. Robinson's declaration is dedicated entirely to the legal question of how the fee basis and "extras" regulations should be interpreted, offering specific legal conclusions on those questions, and is not relevant to any issues of fact.  It is therefore irrelevant and inadmissible.

It is axiomatic that witnesses may not testify on questions of law, which are the exclusive province of the Court.  *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990); *S. Pine Helicopters, Inc. v. Phx. Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003); *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997); *Specht v. Jensen*, 853 F.2d 805 (10th Cir. 1988) (*en banc*).  This prohibition on testimony regarding the meaning and application of law protects against allowing a witness to usurp the role of the Court in determining the law.  *See Specht*, 853 F.2d at 808 (explaining that admitting testimony that articulates the law would "allow[] the expert to supplant . . . the court's duty to set forth the law"); *Marx & Co., Inc. v. Diners'*

---

judgment briefing to motion to strike and granting motion), *with Hawk v. Atlanta Peach Movers, Inc.*, 2011 WL 1533024, *1-4 (N.D. Ga. Apr. 21, 2011) (converting motion to strike affidavit filed during summary judgment to notice of objection). Plaintiffs have therefore styled their request to satisfy either procedure.

*Club, Inc.*, 550 F.2d 505, 510 (2d Cir. 1977) ("[T]estimony on law is excluded

because 'the tribunal does not need the witness' judgment.' . . . The special legal

knowledge of the judge makes the witness' testimony superfluous.").

The exclusion of testimony interpreting the law is further supported by the

foundational requirement that all evidence must be "relevant" to be admissible, as

defined by whether the evidence "has any tendency to make a *fact* [of consequence

in the action] more or less probable than it would be without the evidence." Fed.

R. Evid. 401 (emphasis added).[3]  Evidence that is not probative of *facts* in the

action is inadmissible. Fed. R. Evid. 402.[4]  Questions "concerning the application

or interpretation of law" are not "fact[s] . . . amenable to proof by sworn

---

[3] *See also* Fed. R. Evid. 701 (lay witnesses may offer opinions helpful to "determining a fact in issue").

[4] Further, even if evidence is relevant, it should be excluded if the probative value is substantially outweighed by danger of unfair prejudice, misleading, or confusing the issues. Fed. R. Evid. 403; *see also Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1310 (11th Cir. 1999) (stating that Rule 403 applies to expert evidence submitted in support of summary judgment and would "buttress the court's ultimate exclusion" of the evidence proffered).  Thus, even if the Court were to find Mr. Robinson's declaration to have slight probative value, the declaration should be excluded because any probative value would be substantially outweighed by the danger of unfair prejudice given that plaintiffs have not had an opportunity to depose Mr. Robinson due to Gentiva's failure to disclose him as a witness, *see infra* pp. 14-18, and the danger of misleading and confusing the issues, given that Mr. Robinson's declaration seeks to testify to the meaning of the law and rewrite and supplement the regulatory history nearly a decade after the fact, all from his current, conflicted position as a management-side employment lawyer.

statement" and rather are "reserved for the judge." *F.R.C. Int'l, Inc. v. United States*, 278 F.3d 641, 643 (6th Cir. 2002). Thus statements in affidavits addressed to questions of law should be disregarded. *Id.*

Applying the bar against testimony on interpretation of law and the complementary requirement that admissible evidence be probative of relevant facts, it is clear that the entirety of Mr. Robinson's declaration is inadmissible. First, as described above, Mr. Robinson's declaration offers specific legal conclusions regarding how the fee basis and "extras" regulations should be interpreted. *See supra* p.4. These legal conclusions are plainly inadmissible, and indeed, courts have routinely stricken similar testimony of former wage and hour officials regarding the meaning of regulations. *See, e.g., Valladon v. City of Oakland*, 2009 WL 585804, at *1-2 (N.D. Cal. Mar. 5, 2009) (striking report of a former Acting Solicitor of the Department of Labor in wage and hour case "because resolving doubtful questions of law is the distinct and exclusive province of the trial judge" and because the expert's report and testimony were not intended to "assist the trier of fact to understand the evidence or to determine a fact in issue," but rather "to help the jury understand the law itself") (internal quotation omitted).[5] Moreover, because the entirety of Mr. Robinson's declaration is

---

[5] *See also Dubiel v. Columbia Hosp. (Palm Beaches) Ltd. P'ship*, 2005 WL 5955691, at *4-5 & n.1 (S.D. Fla. Jan. 11, 2005) (excluding testimony by former

devoted to the *legal* question of what the regulations mean—including how the intent of the drafters should be understood and how the official interpretive guidance provided by the preamble and an opinion letter should be construed—and not to any issues of *fact*, the declaration is irrelevant under Rule 401 and inadmissible in its entirety.  *See id.*

2.     Mr. Robinson's After-the-Fact Commentary on Regulatory
       Intent is Neither Admissible Nor Probative

As testimony regarding the determination of law rather than any pertinent facts, Mr. Robinson's attempts to rewrite and supplement the regulatory history behind the promulgation of the revised 29 C.F.R. Part 541 in 2004 are irrelevant and inadmissible for the reasons set forth above.  *See Armco, Inc. v. Comm'r*, 87

---

wage and hour employee regarding relevant legal standards because the testimony would not assist the trier of fact and would improperly encroach on the role of the judge in interpreting the law, and further noting that the witness, now a private consultant, cannot be "taken to represent the views" of the DOL and that "his interpretation of the law is not that of the United States Department of Labor"); *Morales v. Greater Omaha Packing Co., Inc.*, 2011 WL 672457, at *2-3 (D. Neb. Feb. 15, 2011) (permitting former wage and hour employee to testify regarding hours worked as determined by a time study, but refusing to permit the expert "to testify regarding the law or testify as to any legal conclusions he might hold"); *Perkins v. S. New Eng. Tel. Co.*, 2011 WL 336715, at *3-4 (D. Conn. Jan. 31, 2011) (excluding expert testimony regarding what plaintiffs' primary duties were because testimony explaining how the law is applied usurped the role of the judge and testimony regarding conclusions with respect to application usurped the role of the jury); *Farmer v. DirectSat USA, LLC*, 2013 WL 1195651, at *9 (N.D. Ill. Mar. 22, 2013) (finding that former wage and hour investigator's expert report was inadmissible because it contained "numerous legal conclusions," including conclusions about the applicability of overtime exemptions).

T.C. 865, 869 (1986) (concluding that "a post hoc" affidavit by an individual involved in drafting of regulations "is not evidence which tends to prove or disprove the facts at issue" but rather just evinces "an interpretation of the law," and is thus is "irrelevant and inadmissible").  Additionally, as discussed below, courts have uniformly recognized that such post-enactment testimony is not probative of legislative or regulatory intent.  Thus, Mr. Robinson's declaration should be given no weight in construing the fee basis and extras regulations.

The Supreme Court has long made clear that *post hoc* affidavits of legislators regarding legislative intent lack any probative weight in interpreting the law.  *Bread Political Action Comm. v. Fed. Election Comm'n*, 455 U.S. 577, 582 & n.3 (1982); *see also W. Air Lines, Inc. v. Bd. of Equalization of State of S.D.*, 480 U.S. 123, 130 n.* (1987) (disregarding affidavit of attorney involved in the passage of relevant legislation and explaining "[a]ppellants' attempt at the creation of legislative history through the *post hoc* statements of interested onlookers is entitled to no weight").  Such *post hoc* affidavits lack probative value because they express only the personal views of one legislator, rather than institutional views, and failure to place such views clearly on the record prior to or contemporaneous with the enactment removes any assurance that others involved knew of or shared the espoused view.  *See Bread Political Action Comm.*, 455 U.S. at 582 n.3 (explaining that although legislative intent was unclear, court "cannot give

probative weight" to new affidavits of legislator and drafter of amendment attesting to the legislative intent "because such statements represent only the personal views of this legislator, since the statements were made after passage of the act") (internal quotations and alterations omitted).[6]

Moreover, as Judge Posner has explained, consideration of such *post hoc* statements in judicial construction would be antithetical to the goal of enforcing the law as enacted:  "If courts paid attention to subsequent expressions of legislative intent not embodied in any statute, they would be unraveling the deal that had been made; they would be breaking rather than enforcing the legislative contract."  Richard A. Posner, *Economics, Politics, and the Reading of Statutes and the Constitution*, 49 U. Chi. L. Rev. 263, 275 (1982).  Consideration of such statements would also be problematic because "subsequent expressions of legislative understanding [cannot] be treated simply as impartial interpretations of the law," but rather are subject to the influence of the legislator's current interests.

---

[6] Moreover, while the Court acknowledged textual ambiguity in *Bread Political Action Comm.*, where, as here, the regulatory language is plain, reliance on regulatory history or other external evidence of intent is improper.  *See Harry v. Marchant*, 291 F.3d 767, 772 (11th Cir. 2002) ("Even if a statute's legislative history evinces an intent contrary to its straightforward statutory command, we do not resort to legislative history to cloud a statutory text that is clear.") (internal quotations omitted); *Country Best v. Christopher Ranch, LLC*, 361 F.3d 629, 632 (11th Cir. 2004) ("When the import of the words Congress has used is clear . . . we need not resort to legislative history, and we certainly should not do so to undermine the plain meaning of the statutory language.") (internal quotations omitted).

*Id.; see also Planned Parenthood of Metro. Washington, D.C., Inc. v. Horner*, 691

F. Supp. 449, 456 (D.D.C. 1988) (explaining that in addition to being "abundantly

clear . . . that any attempt at the creation of legislative history through the *post-hoc*

statements of interested onlookers is entitled to *no weight*," affidavits from persons

with an "interest in the outcome of this litigation—are not appropriate measures of

the meaning of the statute").

    This reasoning applies equally to post hoc affidavits of former regulators

like Mr. Robinson.  As the Seventh Circuit explained in declining to consider an

affidavit by an administrator involved in development of a disputed regulatory

code, "[w]hat we said about legislators' affidavits . . . is equally apt here, with

changes to conform to the administrative context:

> Subsequent writings may be nothing but wishful thinking, and unless
> they are uttered as part of the process of enacting a later law . . . they
> are of no account. . . .  Legislative history generated in the course of
> litigation has even less utility, for it may be designed to mislead, to
> put an advocate's slant on things.  The parol evidence rule does not
> apply to statutes (if it did, American courts would follow the British
> practice of disdaining even pre-enactment legislative history), but the
> concern for accuracy it embodies leads us to draw the line at
> statements made in Congress."

*Farrand v. Lutheran Broth.*, 993 F.2d 1253, 1255-56 (7th Cir. 1993) (internal

citations and quotations omitted).  Indeed, addressing a similar affidavit from a

former wage and hour administrator who attested to being involved in drafting

regulations, another court explained while an "agency's formal interpretation of its

own ambiguous regulation is entitled to deference . . . the opinions of former government employees are not" and thus the former administrator's "subsequent interpretations" of regulations "should be given no more deference than that given to a congressman's or lobbyist's subsequent explanations of a statute." *Perez v. Radioshack Corp.*, 552 F. Supp. 2d 731, 741 (N.D. Ill. 2005) (internal citations and quotations omitted); *see also MAPCO Alaska Petrol., Inc. v. United States*, 27 Fed. Cl. 405, 409 n.6 (Fed. Cl. 1992) *abrogated on other grounds by Tesoro Haw. Corp. v. United States*, 405 F.3d 1339 (Fed. Cir. 2005) (explaining that "post hoc statements by drafting officials as to the administrative history and underlying intent of federal regulations hold no probative value" and thus rejecting defendant's argument advanced in the affidavits that the reorganization of the regulations altered their substantive meaning); *Armco, Inc.*, 87 T.C. at 866-68 (finding inadmissible affidavit by regulator who was "principally responsible for developing the rules and worked closely . . . in drafting the implementing language of the regulation" and explaining "his opinion on the intended meaning . . . would be only one among a number of opinions held by individuals responsible for the adoption of the regulation," and that in construing ambiguous regulatory language, "the court may be aided by the views of the drafters on the intended meaning of the language, but to be accorded any weight, those views cannot be post hoc").

Finally, perhaps in response to the authority dismissing testimony of individuals as not probative of legislative or regulatory intent, Mr. Robinson's declaration is written almost entirely in the first person plural, as he ascribes his views and intent to an undefined, or perhaps institutional "we." *See supra* pp. 4-5. However, it is clear that an individual, former regulator cannot speak on behalf of the agency. *See, e.g., Dubiel*, 2005 WL 5955691, at *4-5. Thus Mr. Robinson's attempt to testify to the views and beliefs of other non-declarants at the DOL for the purpose of establishing the truth of the views he ascribes to them is also inadmissible as hearsay. *See Post v. Killington, Ltd.*, 2010 WL 3323737, *3 (D. Vt. Mar. 23, 2010) (striking as inadmissible hearsay statement in affidavit attesting to what declarant and "other[s]" believed); *see also Macuba*, 193 F.3d at 1322 (stating general rule that "inadmissible hearsay cannot be considered on a motion for summary judgment") (internal quotation and citation omitted).

   B.   <u>The Declaration is Inadmissible Because Gentiva Failed to Disclose
        Mr. Robinson as a Potential Witness or Person with Knowledge</u>

In addition to being inadmissible as a matter of substance, Mr. Robinson's declaration is procedurally inadmissible pursuant to Rule 37 of the Federal Rules of Civil Procedure because Gentiva failed to disclose Mr. Robinson as a potential witness prior to submitting his declaration as evidence in support of its reply brief on summary judgment.

14

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, parties are required to disclose "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses."  The disclosure requirement is continuing under Rule 26(e), which requires supplementation of initial disclosures "in a timely manner" if parties identify additional likely witnesses or information subject to disclosure over the course of litigation.  Fed. R. Civ. P. 26(e).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Rule 37(c)(1).[7]  Exclusion of affidavits of undisclosed witnesses under Rule 37(c)(1) is "a self-executing, automatic sanction."  *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) (internal quotations omitted); *see also* Fed. R. Civ. P. 37 Advisory Committee Notes (exclusion is an "automatic sanction [that] provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion, such as one under Rule 56").  A party that failed to make the disclosure can only escape exclusion by

_____

[7] Rule 37(c)(1)(A)-(C) further provide for possible monetary sanctions or additional sanctions within the court's discretion.

15

affirmatively proving that the failure was substantially justified or harmless. *Wilson v. Bradlees of New Eng., Inc*., 250 F.3d 10, 21 (1st Cir. 2001); *see also Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (affirming exclusion of expert affidavit under Rule 37 because plaintiff failed to satisfy disclosure requirements or to demonstrate that failure to timely disclose was justified).

Rule 37(c)(1) requires exclusion of affidavits submitted in support of or opposition to summary judgment motions unless the party that failed to make the disclosure proves that such failure was substantially justified or harmless. *See, e.g., Faulk v. Volunteers of Am*., 444 F. App'x 316, 317-18 (11th Cir. 2011) ("We have concluded that, when a party fails to comply with Rule 26, the district court does not abuse its discretion by striking an affidavit submitted in opposition to summary judgment, pursuant to Rule 37(c)."); *Kramer v. Gwinnett Cnty, Ga*., 306 F. Supp. 2d 1219, 1224-25 (N.D. Ga. 2004) (striking affidavit used in motion for summary judgment from witness not disclosed under Rule 26(a)).

Thus, because Gentiva failed to identify Mr. Robinson as a potential witness, his declaration must be excluded from consideration of the parties' summary judgment motions unless Gentiva proves that its failure was substantially justified or harmless. Although this is an affirmative defense that Gentiva must assert and prove, Plaintiffs cannot foresee how Gentiva could meet its burden. It is well-established that failure to disclose is not "harmless" when the opposing party has

been surprised and denied the opportunity to depose the witness and conduct related discovery. *D.L. v. Unified Sch. Dist. No. 497*, 270 F. Supp. 2d 1217 (D. Kan. 2002); *see also Morrison v. Mann*, 244 F.R.D. 668, 673 (N.D. Ga. 2007) (granting motion to exclude expert testimony under Rule 37(c) due to failure to timely disclose, and explaining that as is commonly the case, "the harm associated with untimely expert witness disclosures is the non-disclosing party's inability to adequately prepare its case by deposing the witness during the discovery period"). Gentiva has had ample opportunity over three years of discovery to identify its witnesses on liability issues, and failing to do so until after the close of discovery, and indeed until after Plaintiffs had already filed all of their summary judgment briefing, is unjustified in light of the time frame, as well as prejudicial in that it left Plaintiffs without opportunity to depose or otherwise challenge Mr. Robinson's testimony at this stage. *See Pickering v. Lorillard Tobacco Co., Inc.*, 2012 WL 314691 (M.D. Ala. Jan. 30, 2012) (excluding under Rule 37 affidavit of former wage and hour employee filed and disclosed for the first time with party's reply brief due to failure to follow disclosure requirements, and finding such failure was not harmless because it deprived defendant of the opportunity to depose the witness or to conduct other discovery to challenge the testimony); *Williams v. Dairy Fresh Ice Cream, Inc.*, 176 F.R.D. 633, 636 (S.D. Ala. 1997) *aff'd in part, rev'd in part sub nom. Williams v. Dairy Fresh Ice Cream*, 198 F.3d 262 (11th Cir.

1999) (finding that fact that plaintiff did not realize declarant had relevant information until discovery had closed and dispositive motion was due was not justification under Rule 37 as "[w]aiting until discovery has closed and further waiting until the dispositive motion response is due 1) to investigate and determine whether a person has discoverable information relevant to the disputed facts alleged with particularity and 2) to disclose that critical witness at the eleventh hour completely eviscerates the purpose of discovery and the letter and spirit of the Federal Rules of Civil Procedure").

## IV.   CONCLUSION

For the reasons set forth above, Mr. Robinson's proffered declaration is both substantively and procedurally inadmissible, and thus should be stricken and excluded from consideration in the parties' motions for summary judgment.

Dated:  April 12, 2013                    Respectfully submitted,

By: *Christine E. Webber*
     Christine E. Webber

**COHEN MILSTEIN SELLERS &
TOLL PLLC**
Christine E. Webber
Abigail E. Shafroth
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
(202) 408-4600
cwebber@cohenmilstein.com
ashafroth@cohenmilstein.com

18

**MARTIN & JONES, PLLC**
H. Forest Horne, Jr.
410 Glenwood Avenue, Suite 200
Raleigh, North Carolina 27603
(919) 821-0005
hfh@m-j.com

**MARTIN & JONES, PLLC**
Sam L. Starks
3353 Peachtree Road, NE
Suite 510
Atlanta, GA 30326

**The Law Offices of Gilda A.
Hernandez, PLLC**
Gilda A. Hernandez
315 S. Salem Street, Suite 310
Apex, NC 27502
(919) 741-8693
ghernandez@gildahernandezlaw.com

***Counsel for Plaintiffs***

19

**Font Certification**

The undersigned hereby certifies that this pleading complies with the font requirements of LR 5.1B because the document has been prepared in Times New Roman, 14 point.

**Certificate of Service**

I hereby certify that on April 12, 2013, I caused the foregoing *Memorandum in Support of Plaintiffs' Motion to Strike the Declaration and Testimony of Alfred B. Robinson, or, In the Alternative, Notice of Objection to the Same* to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those registered as CM/ECF participants.


*/s/ Christine E. Webber*
Christine E. Webber