IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA RINDFLEISCH, TIFFANY MELENDEZ, MICHELLE GENTILE, LAURIE BAKER and CHRISTINA NELMES, on behalf of themselves and others similarly situated,<br><br>         Plaintiffs,<br><br>v.<br><br>GENTIVA HEALTH SERVICES, INC.,<br><br>         Defendant. | CIVIL ACTION NO. 1:10-CV-03288-SCJ |

**MOTION AND INCORPORATED MEMORANDUM OF LAW IN
SUPPORT FOR CLARIFICATION OF THE COURT'S
<u>APRIL 18, 2014 ORDER REFERRING CASE TO MEDIATION</u>**

**I.    INTRODUCTION**

Plaintiffs brought this Fair Labor Standards Act ("FLSA") overtime lawsuit as a collective action under 29 U.S.C. § 216(b).  (Doc. 1 at ¶¶ 1,6.)  On April 18, 2014, the Court granted Gentiva's motion to decertify plaintiffs' conditionally certified collective-action class and dismissed without prejudice all individuals who had filed written consents to participate in this action as "opt-in" plaintiffs.  (Doc. 674.)  On that same day, the Court entered an order referring this matter to

mediation before a magistrate judge. (Doc. 675.) That mediation is currently scheduled for June 19, 2014 before Magistrate Judge Janet King. (Doc. 678.) As part of its April 18, 2014 order, the Court also explained that, should the parties fail to settle the remaining plaintiffs' claims through mediation, this matter would proceed to trial beginning on July 15, 2014 and the Court would not continue or reschedule this trial date. (Doc. 675.)

Defendant Gentiva Health Services, Inc. respectfully moves the Court to clarify its April 18, 2014 order referring this case to mediation. Specifically, Gentiva seeks clarification of the procedure and schedule for (1) filing individual motions for summary judgment against the named plaintiffs and (2) the parties' ability to conduct damages discovery, which the Court previously indicated would follow its ruling on decertification, in light of the planned mediation and trial date set forth in the April 18 order.

## II. BACKGROUND

On April 13, 2011, the Court conditionally certified a nationwide FLSA collective action consisting of individuals employed by Gentiva as Registered Nurses, Physical Therapists, and Occupational Therapists. (Doc. 167 at 11-13.) Following that conditional certification order, and in part in response to Gentiva's discovery requests seeking records relating to plaintiffs' work hours and damages,

on May 26, 2011, the Court entered an order bifurcating this case into a liability phase and a damages phase. (Doc. 194 at 6, 11-13.) The Court's order indicated that the liability phase was to address whether Gentiva's pay-per-visit ("PPV") plan is lawful under the FLSA. (*Id.* at 6-7.) It further specified that "[t]he damages phase, if the PPV Plan is found to be unlawful, will address which Plaintiffs (meaning the *named plaintiffs* and the Clinicians who have opted into this action) were improperly denied overtime compensation by Gentiva." (*Id.* at 7 (emphasis added); *see also* Doc. 631 at 5.) The Court's May 26, 2011 order bifurcating discovery specifically explained that the discovery Gentiva had previously requested related to the named plaintiffs' damages, including requests for the named plaintiffs' tax returns and other financial records, such as records or documents relating to charge, debit card, checking, or credit activity, and their children's school records, would be reserved until the damages phase of the litigation. (*Id.* at 11-13.)

Following the close of discovery in the liability phase of this lawsuit, and in response to Gentiva's request to file individual motions for summary judgment on or before the February 14, 2013 dispositive motions deadline, on February 1, 2013, the Court held a telephonic hearing to address the same. (*See* Docs. 491, 493.) Specifically, Gentiva requested guidance from the Court regarding the procedure

and timing for filing individualized motions for summary judgment regarding certain plaintiffs who Gentiva believed, based on a variety of evidence developed during the liability phase of this case, were not entitled to overtime wages under the FLSA. (*See* Feb. 1, 2013 Hr'g Tr., Doc. 493 at 3:14-6:18.) This included at least four, if not all five, of the named plaintiffs. Following the hearing, on February 2, 2013, the Court ordered that any motions for summary judgment to be filed on or before the February 14, 2013 deadline should only address the legality of Gentiva's PPV plan. (Doc. 492.) The Court stated, however, that if it determined that Gentiva's PPV Plan violated the FLSA, it would still provide Gentiva with the opportunity to argue that specific plaintiffs did not have a claim. (*Id.* at 3.)

On July 26, 2013, the Court granted plaintiffs' motion for partial summary judgment on the lawfulness of Gentiva's PPV compensation plan and denied Gentiva's motion for partial summary judgment regarding the same. (Doc. 631.) In its order, the Court recognized that, as a result of the decision, this lawsuit would move into the damages phase specified in the Court's May 26, 2011 order (Doc. 194 at 6-7), which will address which plaintiffs were actually deprived of overtime compensation under Gentiva's PPV plan. (*See* Doc. 631 at 29.) The Court therefore directed the parties to submit a joint preliminary report and

discovery plan regarding this action's damages phase within 30 days. (*Id.*) In the parties' joint preliminary report, among other things, the parties set forth their respective positions regarding: (1) whether Gentiva could file motions for summary judgment regarding individual plaintiffs prior to the commencement of damages discovery; (2) whether damages discovery should be stayed pending a determination on Gentiva's decertification motion; and (3) the scope and timing of damages discovery. (Doc. 635.) In relevant part, Gentiva requested that it be permitted to file individual motions for summary judgment regarding liability as to certain plaintiffs *prior* to any determination on decertification of the collective action and *before* proceeding with general damages discovery. (*Id.* at 9-12, 15-18.) Plaintiffs' position was that Gentiva's individual summary judgment motions should be filed *after* the damages discovery period, and damages discovery should *follow* the Court's ruling on decertification. (Doc. 635 at 5, 9.)

On November 4, 2013, the Court entered an order directing Gentiva to file its motion for decertification within 30 days. (Doc. 638 at 20-21.) The Court explained that "in ruling on Gentiva's motion to decertify, the undersigned will also set forth the scope and timing of the damages phase's discovery period" and that discovery was stayed until the Court ruled on Gentiva's motion to decertify. (*Id.* at 21.) The Court did not address the timing of Gentiva's filing of individual

summary judgment motions in its November 4 order. Nonetheless, in accordance with that order, Gentiva filed its motion for decertification of the collective action on November 4, 2013. (Doc. 642.) Throughout its decertification briefing, Gentiva alerted the Court to its desire to file individual motions for full or partial summary judgment on certain plaintiffs' claims, including four of the five named plaintiffs. (*See* Doc. 642-1 at 14-15, n.8; Doc. 661 at 6; Doc. 667-1 at 5-6.)

On April 18, 2014, the Court entered an order decertifying plaintiffs' conditionally certified FLSA collective-action class. (Doc. 674.) In its order granting decertification, the Court did not address the schedule or scope of the discovery related to the named plaintiffs that would be permissible during this action's damages phase, and did not clarify when Gentiva would be permitted to file its motions for summary judgment related to the viability of certain named plaintiffs' claims. Rather, the Court ordered the parties to participate in a mandatory mediation before Magistrate King on June 19, 2014, and set the named plaintiffs' claims for trial shortly thereafter on July 15, 2014. (Docs. 675, 678.) Gentiva plans to attend the mediation and negotiate in good faith but seeks clarification from the Court concerning the discovery schedule pertaining to the named plaintiffs should mediation efforts not be successful.

## III. REQUEST FOR CLARIFICATION

Gentiva is hopeful that the parties will be able to reach a final resolution of this matter through mediation. However, to the extent the parties are unable to settle the named plaintiffs' claims through mediation, Gentiva should still be permitted to move for summary judgment with respect to the named plaintiffs remaining in this action and have the opportunity to conduct damages discovery related to any named plaintiff whose claims are not fully resolved by such a motion for summary judgment.[1] Indeed, in its order bifurcating this case into liability and damages phases (Doc. 194), its order that the summary judgment motions filed in February 2013 following the close of liability discovery be limited to the propriety of Gentiva's PPV system (Doc. 492), and its November 2013 order on the parties' joint discovery plan for the damages phase of this case (Doc. 638), the Court indicated that Gentiva would be provided with an opportunity to conduct such discovery. But in light of the July 19 trial date set in this matter, and the lack of guidance from the Court concerning the timing for filing individualized motions

---

[1] Permitting Gentiva to file individual motions for summary judgment as to certain named plaintiffs before damages discovery commences will help conserve both the Court's resources, as well as those of the parties. In fact, a grant of summary judgment with respect to the named plaintiffs could very well eliminate or reduce the need for damages discovery or a trial in this case.

for summary judgment or commencing damages discovery, it is unclear as to how that is to occur.

Accordingly, Gentiva respectfully requests that the Court clarify its April 18, 2014 order to provide the parties clarification regarding the procedure and deadlines for (1) Gentiva's filing of any individual motions for summary judgment against the named plaintiffs, and (2) the conduct of damages discovery related to the named plaintiffs prior to the scheduled trial in this matter.

Respectfully submitted this 5th day of May, 2014.

*/s/Angelo Spinola*
Angelo Spinola
Georgia Bar No. 672191
aspinola@littler.com
Lisa A. Schreter
Georgia Bar No. 629852
lschreter@littler.com
Anne M. Mellen
Georgia Bar No. 558694
amellen@littler.com
Marcia A. Ganz
Georgia Bar No. 320317
mganz@littler.com
LITTLER MENDELSON
3344 Peachtree Road N.E., Suite 1500
Atlanta, GA  30326.4803
Tel: 404.233.0330
Fax: 404.233.2361

A. Michael Weber
New York Bar No. 1024181
mweber@littler.com
LITTLER MENDELSON, P.C.
900 Third Avenue, 8th Floor
New York, NY  10022
Tel: 212.583.9600
Fax: 212.832.2719

Michael S. McIntosh
Virginia Bar No. 83416
mmcintosh@littler.com
LITTLER MENDELSON, P.C.
1650 Tysons Boulevard, Suite 700
Tysons Corner, VA  22102
Tel: 703.442.8425
Fax: 703.442.8428

Steven W. Likens
Tennessee Bar No. 13311
slikens@littler.com
LITTLER MENDELSON, P.C.
3725 Champion Hills Drive, Ste. 3000
Memphis, TN 38125
Tel: 901.795.6695
Fax:  901.795.1646

ATTORNEYS FOR DEFENDANT

## **FONT CERTIFICATION**

The undersigned hereby certifies that this pleading complies with the requirements of LR 5.1B because the document has been prepared in Times New Roman, 14 point, and 1.5" and 1" margins.

*/s/ Angelo Spinola*
Angelo Spinola
Georgia Bar No. 672191
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA RINDFLEISCH, TIFFANY MELENDEZ, MICHELLE GENTILE, LAURIE BAKER and CHRISTINA NELMES, on behalf of themselves and others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>GENTIVA HEALTH SERVICES, INC.,<br><br>            Defendant. | CIVIL ACTION NO. 1:10-CV-03288-SCJ |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2014, the foregoing **MOTION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT FOR CLARIFICATION OF THE COURT'S APRIL 18, 2014 ORDER REFERRING CASE TO MEDIATION** was filed electronically through the ECF system, is available for viewing and downloading from the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filings, including Plaintiffs' counsel of record as follows:

| | |
|---|---|
| Samuel L. Starks<br>Martin & Jones, PLLC<br>Atlanta Financial Center<br>3353 Peachtree Rd., NE, Suite 510<br>Atlanta, GA 30326 | Christine E. Webber<br>Abigail E. Shafroth<br>Cohen, Milstein, Sellers & Toll, PLLC<br>1100 New York Ave., NW, Suite 500<br>Washington, DC 20005 |
| H. Forest Horne, Jr.<br>Walter M. Wood<br>Martin & Jones, PLLC<br>410 Glenwood Avenue, Suite 200<br>Raleigh, NC 27603 | Gilda A. Hernandez<br>The Law Offices of Gilda A. Hernandez, PLLC<br>315 S. Salem Street, Suite 310<br>Apex, NC 27502 |

*/s/ Angelo Spinola*
Angelo Spinola
Attorney for Defendant

Firmwide:126753636.5 039495.1018