IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA RINDFLEISCH, TIFFANY MELENDEZ, MICHELLE GENTILE, LAURIE BAKER and CHRISTINA NELMES, on behalf of themselves and others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>GENTIVA HEALTH SERVICES, INC.,<br><br>  Defendant. | CIVIL ACTION NO. 1:10-CV-03288-SCJ |

**REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OF THE
COURT'S APRIL 18, 2014 ORDER REFERRING CASE TO MEDIATION**

In their response to Gentiva's motion for clarification of the Court's April 18, 2014 order referring this case to mediation, plaintiffs agree that the parties should attempt to resolve the remaining disputes in this matter via mediation with Magistrate Judge King (or via direct negotiations in advance of that mediation) before any further briefing or discovery occurs. (Doc. 682 at 1-2.) In making this concession, plaintiffs do not dispute that the Court previously indicated that Gentiva would have an opportunity to file individual motions for summary

judgment or engage in damages discovery.  (*Id.*)  Nor do they indicate that Gentiva should not be provided such an opportunity.  (*Id*.)  Plaintiffs simply argue that, given Gentiva's concerns regarding the procedure and deadlines for damages discovery and the filing of individual motions for summary judgment, the parties should contact the Magistrate Judge to determine whether an earlier mediation date is available.  (*Id.* at 2.)  While Gentiva is amenable to exploring the possibility of an earlier mediation, it notes that the current mediation date of June 19, 2014 was not proposed by the parties, but rather, was set by Magistrate Judge King based on her availability.  (*See* Apr. 21, 2014 Corresp. from K. Thorton to A. Spinola, et al., attached as Exhibit A.)  Moreover, if the parties schedule mediation much earlier than the current June 19 date, it will provide the parties little time to engage in the direct negotiations that plaintiffs have indicated could be beneficial in resolving this matter.

Putting the timing of the mediation aside, plaintiffs argue that if settlement efforts are unsuccessful, and if Gentiva's summary judgment motions do not resolve their claims, Gentiva's damages discovery should not include their depositions.  (Doc. 682 at 2.)  Plaintiffs contend that each named plaintiff has already been fully deposed, and no second depositions are warranted.  (*Id.*)  Plaintiffs are mistaken.  Gentiva did not have the benefit of full damages discovery

2

of the named plaintiffs when their depositions occurred, which plaintiffs have acknowledged. (*See* Doc. 635 at 21 (plaintiffs acknowledging that the Court previously limited Gentiva's discovery requests) & 32, n.7.) Indeed, the Court's May 26, 2011 order bifurcating discovery into a liability phase and a damages phase specifically determined that Gentiva's discovery requests related to each named plaintiff's work hours and damages would be reserved until the second phase of the litigation. (*See* Doc. 194 at 5, 7, 11-13.) Therefore, because Gentiva did not have the benefit of written discovery related to named plaintiffs' damages when it took their depositions, each named plaintiff should be subject to full damages discovery that includes both depositions[1] and written discovery. If, as Gentiva asserts, both depositions and written discovery on the named plaintiffs' damages will be permitted, Gentiva requests the Court's guidance as to the

---

[1] Moreover, while Gentiva previously deposed all five named plaintiffs, four out of the five named plaintiff depositions in this matter were less than the full seven hours permitted under the Federal Rules. (*See* Doc. 173-21, Declaration of Angelo Spinola.) To forgo a full deposition, which would necessarily occur if Gentiva is not permitted additional deposition time, would result in an incomplete picture of liability and damages for the named plaintiffs. Moreover, even if Gentiva had already spent the full seven hours on those depositions, it would be appropriate to allow Gentiva an additional limited deposition of the named plaintiffs to explore the damages issues it was not able to address in those prior depositions. *Collins v. Int'l Dairy Queen*, 189 F.R.D. 496, 498 (M.D. Ga. 1999) (allowing defendant to take second depositions of witnesses).

appropriate procedure and discovery deadlines, if any, in light of the scheduled trial in this matter.

Accordingly, as further explained in its opening brief, Gentiva asks the Court clarify its April 18, 2014 order to provide the parties clarification regarding the procedure and deadlines for (1) Gentiva's filing of any individual motions for summary judgment against the named plaintiffs, and (2) the conduct of damages discovery related to the named plaintiffs prior to the scheduled trial.  Such guidance is essential in order to allow the parties' to develop a realistic trial plan in the event that the scheduled mediation does not resolve this action.  Indeed, until the Court clarifies when individual summary judgment motions will be filed, as well as the scope and timing of damages discovery, it is impossible to determine what evidence may be available at the trial, or even what issues may need to be adjudicated at trial.  Given the short period of time before the July 15, 2014, trial date set by the Court, and the numerous things that need to occur in this litigation between now and then, Gentiva respectfully requests that the Court provide direction to the parties concerning these issues.

Respectfully submitted this 27th day of May, 2014.

/s/*Angelo Spinola*
Angelo Spinola
Georgia Bar No. 672191
aspinola@littler.com
Lisa A. Schreter
Georgia Bar No. 629852
lschreter@littler.com
Anne M. Mellen
Georgia Bar No. 558694
amellen@littler.com
Marcia A. Ganz
Georgia Bar No. 320317
mganz@littler.com
LITTLER MENDELSON
3344 Peachtree Road N.E., Suite 1500
Atlanta, GA  30326.4803
Tel: 404.233.0330
Fax: 404.233.2361

A. Michael Weber
New York Bar No. 1024181
mweber@littler.com
LITTLER MENDELSON, P.C.
900 Third Avenue, 8th Floor
New York, NY  10022
Tel: 212.583.9600
Fax: 212.832.2719

Michael S. McIntosh
Virginia Bar No. 83416
mmcintosh@littler.com
LITTLER MENDELSON, P.C.
1650 Tysons Boulevard, Suite 700
Tysons Corner, VA  22102
Tel: 703.442.8425

5

Fax: 703.442.8428

Steven W. Likens
Tennessee Bar No. 13311
slikens@littler.com
LITTLER MENDELSON, P.C.
3725 Champion Hills Drive, Ste. 3000
Memphis, TN 38125
Tel: 901.795.6695
Fax:  901.795.1646

ATTORNEYS FOR DEFENDANT

## FONT CERTIFICATION

The undersigned hereby certifies that this pleading complies with the requirements of LR 5.1B because the document has been prepared in Times New Roman, 14 point, and 1.5" and 1" margins.

                                                 */s/ Angelo Spinola*  
                                                 Angelo Spinola  
                                                 Georgia Bar No. 672191  
                                                 Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA RINDFLEISCH, TIFFANY MELENDEZ, MICHELLE GENTILE, LAURIE BAKER and CHRISTINA NELMES, on behalf of themselves and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GENTIVA HEALTH SERVICES, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 1:10-CV-03288-SCJ |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2014, the foregoing **REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OF THE COURT'S APRIL 18, 2014 ORDER REFERRING CASE TO MEDIATION** was filed electronically through the ECF system, is available for viewing and downloading from the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filings, including Plaintiffs' counsel of record as follows:

| | |
|---|---|
| Samuel L. Starks<br>Martin & Jones, PLLC<br>Atlanta Financial Center<br>3353 Peachtree Rd., NE, Suite 510<br>Atlanta, GA 30326 | Christine E. Webber<br>Abigail E. Shafroth<br>Cohen, Milstein, Sellers & Toll, PLLC<br>1100 New York Ave., NW, Suite 500<br>Washington, DC 20005 |
| H. Forest Horne, Jr.<br>Walter M. Wood<br>Martin & Jones, PLLC<br>410 Glenwood Avenue, Suite 200<br>Raleigh, NC 27603 | Gilda A. Hernandez<br>The Law Offices of Gilda A. Hernandez, PLLC<br>315 S. Salem Street, Suite 310<br>Apex, NC 27502 |

/s/ *Angelo Spinola*
Angelo Spinola
Attorney for Defendant

Firmwide:126907099.5 039495.1018