**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: All of the | : | |
| | : | |
| GENTIVA HEALTH SERVICES, | : | CIVIL ACTION NOS. |
| INC., | : | 1:15-MI-55555-WBH |
| | : | 1:10-CV-3288-WBH |
| Fair Labor Standards Act | : | |
| Cases now Pending Before the | : | |
| Undersigned. | : | |

## **ORDER**

Plaintiffs in these actions originally brought their claims alleging that Defendant had violated the Fair Labor Standards Act and various state labor laws. After extensive litigation involving various iterations of cases filed in both this Court and in the Eastern District of New York,[1] the parties have agreed to a settlement. These matters are now before this Court for consideration of Plaintiffs' Unopposed Motion for Final Approval of the Settlement, [Doc. 849 in 1:15-MI-55555], together with the final Stipulation and Settlement Agreement, and the individually executed Confidential Settlement Agreements and Release of Claims by each Plaintiff (except one, discussed in footnote 2 below).

---

[1] For a detailed procedural history of the actions comprising this dispute, see Plaintiffs' unopposed motion to approve the settlement agreement. [Doc. 848 in 1:15-MI-55555].

Having considered the motion, the proposed settlement, the supporting declarations, and the complete record in this matter, for good cause shown, NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The Court hereby grants Plaintiffs' motion and approves the settlement as set forth in the parties' Stipulation and Settlement Agreement (the "Settlement Agreement"), the Addendum to the Settlement Agreement, and the Confidential Settlement Agreements and Release of Claims. The Court finds that the terms of the Settlement Agreement, the Addendum to the Settlement Agreement, and the Confidential Settlement Agreements and Release of Claims are fair, reasonable, and adequate to all Plaintiffs and directs consummation of their terms and provisions.

2. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bonafide disputes. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982). Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. Id. at 1353-54. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. Id. at 1354.

3. In this case, the Court finds that the settlement followed extensive, hard fought litigation, and was the result of a formal mediation involving vigorous

AO 72A
(Rev.8/82)

arm's-length settlement negotiations and the assistance of an experienced mediator. During the entire process, Plaintiffs and Defendant were represented by counsel experienced in wage and hour law. Accordingly, the Settlement Agreement resolves a clear and actual dispute under circumstances supporting a finding that is fair and reasonable.

4. The Court finds and determines the relief to the Authorized Claimants – those individuals listed in Exhibit B to the Settlement Agreement – in the amount of $621,799.32 as provided in the Settlement Agreement and to be paid by the Settlement Administrator, is fair, reasonable and adequate, and resolves the allegations set forth in the litigations. The Court gives final approval to and orders that those payments in the amount of $621,799.32 be made to the Authorized Claimants.[2] Settlement payments shall be paid from the Gross Settlement Amount in accordance with the Settlement Agreement.

---

[2] All plaintiffs listed in Column 1 of Exhibit B to the Settlement Agreement except one, Plaintiff Colleen Murphy, chose to accept Defendant's settlement offer as presented to them and are considered to be "Authorized Claimants" under the Settlement Agreement. Ms. Murphy chose not to accept Defendant's settlement offer as presented to her and instead directed Plaintiffs' counsel to dismiss her claim with prejudice. Ms. Murphy is not considered an Authorized Claimant for purposes of the Settlement Agreement and this Order. Ms. Murphy's Potential Settlement Payment will remain the sole and exclusive property of Defendant. This Court notes, however, that the Plaintiff's motion to approve the settlement agreement contemplates that Ms. Murphy may still have a brief opportunity after entry of this order to choose to become an Authorized Claimant.

AO 72A
(Rev.8/82)

5. The Settlement Agreement includes an agreement on payment of fees, expenses and costs to be paid to Plaintiffs' Attorneys under the terms of the Settlement Agreement. The parties negotiated the damages award prior to negotiating attorneys' fees, and so there was no conflict of interest between Plaintiffs and their counsel, and the Court need not review the settlement with increased scrutiny. See Martin v. Huddle House, Inc., No. 2:10-CV-0082-WCO, 2011 WL 611625, at *2 (N.D. Ga. Feb. 11, 2011) (potential conflict of interest requiring increased scrutiny only when the parties negotiate damages and fees at the same time); Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1347 (M.D. Fla. 2010) (finding the fee appeared reasonable when "the parties negotiated [the attorney's fee amount] separately and without regard to the amount paid to the plaintiff").

6. The Settlement Agreement provides Plaintiffs' Attorneys will be paid fees, expenses, and costs of $2,641,610.12. This is equal to the Gross Settlement Amount less: (i) Mediation Costs; (ii) $622,152.88 which is total amount available to Plaintiffs as Potential Settlement Payments; (iii) Settlement Expenses; and (iv) $18,093.22 for one Plaintiff (Colleeen Murphy) who did not become an Authorized Claimant. This sum is less than one-third of the amount that Plaintiffs assert they would have sought in a contested fee petition based on their claimed lodestar. Given the totality of the circumstances, the entire record, and the fact that the settlement reflects a substantial

4

compromise between the parties' respective positions, the Court finds the Settlment Agreement's award of fees, expenses, and costs to be reasonable. Accordingly, the Court awards $2,641,610.12 in fees and expenses for Plaintiffs' Attorneys, to be distributed amongst counsel as set forth in Exhibit C to the Settlement Agreement.

7. Plaintiffs' Attorney's Fees and Expenses shall be paid from the Gross Settlement Amount in full compromise and satisfaction of all attorneys' fees and expenses incurred by Plaintiffs' Attorneys in accordance with the Settlement Agreement. Further, the Release of Plaintiffs' Attorney's Fees and Expenses as set forth in Exhibit C to the Settlement Agreement is approved.

8. The Court appoints Simpluris, Inc. to carry out the duties of Settlement Administrator set forth in the Settlement Agreement, including: (i) establishing and maintaining a Qualified Settlement Fund ("QSF"); (ii) obtaining a taxpayer ID for the QSF and opening a checking account for the settlement fund; (iii) transferring monies from the QSF as necessary; (iv) printing and mailing settlement checks to Plaintiffs who are Authorized Claimants; (v) handling stop payment/reissue check requests; (vi) following up on undeliverable settlement checks; (vii) escheating non-negotiated checks to the appropriate state agency, to the extent required by applicable law; (viii) calculating and transmitting payment of Defendant's portion of taxes on Settlement Payments to Authorized Claimants, including but not limited to all FICA and FUTA

AO 72A
(Rev.8/82)

taxes on Settlement Payments to Authorized Claimants; (ix) performing all tax reporting duties and filings required by federal, state, or local law; and (x) transmitting payment of Plaintiffs' Attorneys' Fees and Expenses to Plaintiffs' Counsel.

9. The fees, expenses and costs associated with the Settlement Administrator's administration of this settlement shall be determined by the Settlement Administrator prior to the distribution of Plaintiffs' Attorney's Fees and Expenses to Plaintiffs' Attorneys and paid from the Gross Settlement Amount.

10. In Re Gentiva Plaintiffs' Counsel shall provide the Settlement Administrator with a spreadsheet containing the name, address, social security number, and Settlement Payment amount for each Authorized Claimant, as well as copies of their substitute W-9 form.

11. The Settlement Administrator shall issue each Authorized Claimant his or her Settlement Payment separated into two equal amounts: 50 percent shall be allocated to the claims asserted in the Litigation for allegedly unpaid overtime and other claims for unpaid wages; and 50 percent shall be allocated to the claims asserted in the Litigation for liquidated damages and other relief. The portion of each Settlement Payment allocated to claims of unpaid overtime and other wages will be subject to authorized or required deductions, including employee-paid payroll tax withholdings required by law, garnishments, and tax liens. However, Defendant will

6

remain responsible for paying the employer's share of all required payroll taxes, and the amount of such taxes is not included in the Gross Settlement Amount. The portion of each Settlement Payment allocated to liquidated damages and other relief shall be characterized as non-wage income to the recipient.

12. The Settlement Administrator will report the portion of the Settlement Payment made to each Authorized Claimant attributable to wages on an I.R.S. Form W-2, and the portion of the Settlement Payment attributable to non-wages on an I.R.S. Form 1099. Additionally, Plaintiffs will be issued an I.R.S. Form 1099 for their pro rata share of the Plaintiffs' Attorney's Fees and Expenses provided to Plaintiffs' Attorneys pursuant to this Settlement Agreement and settlements. The Settlement Administrator shall be responsible for issuing a settlement check, less required withholdings and deductions, to each Plaintiff and mailing a settlement check, Form W-2s, and Form 1099s to each such Plaintiff.

13. The fees, expenses and costs associated with the Mediation Costs in the amount of $5,570.00 which Defendant has already paid to mediator Hunter R. Hughes for his services in connection with the Parties' October 12, 2016 mediation to settle Plaintiffs' claims in the Litigation are approved. Mediation Costs are included in the Gross Settlement Amount.

14. On or before three (3) calendar days after the entry of this Order, the Parties shall dismiss with prejudice the Rindfleisch Appeal.

AO 72A
(Rev.8/8
2)

15. On or before four (4) calendar days after the entry of this Order, Defendant shall dismiss its bill of costs pending at docket number 791 in the Rindfleisch Action.

16. Any Plaintiff who requests to dismiss with prejudice his or her Individual Lawsuit against Defendant but not execute the Confidential Settlement Agreement and Release of Claims and/or Substitute W-9 Form will file (in a form agreed to by both Parties) with the Court a dismissal with prejudice on or before seven (7) calendar days after entry of this Order.

17. Consistent with the terms of the Settlement Agreement, the "Effective Date" of the settlement shall be the first date after all of the following remaining events and conditions have been met or occurred: (i) this Order is entered; (ii) the Court enters an order or orders dismissing with prejudice each Authorized Claimant's Individual Lawsuit; (v) the deadline has passed without action from In Re Gentiva Plaintiff's Counsel or counsel for Defendant to terminate the Settlement Agreement; (vi) the Parties dismiss with prejudice the Rindfleisch Appeal; and (vii) Defendant withdraws its bill of costs pending at docket number 791 in the Rindfleisch Action.

18. The Court hereby dismisses all claims and actions in these matters and the claims of all Authorized Claimants, who are listed on Exhibit A to the Declaration of Christine E. Webber regarding mailing and Execution of Confidential Settlement Agreements and Release of Claims, based on or arising out of any acts, facts, transactions, occurrences, representations or omissions alleged in the Complaint in this

AO 72A
(Rev.8/8
2)

matter on the merits and with prejudice and without costs to any of the parties as against any other settling party, except as provided in the Settlement Agreement.

19. As of the Effective Date, each and every Plaintiff who is an Authorized Claimant hereby forever completely settles, compromises, releases, and discharges Defendant from any and all past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which any Plaintiff who is an Authorized Claimant has or might have, known or unknown, asserted or unasserted, of any kind whatsoever, that are based upon, relate to, or arise out of or reasonably could have arisen out of the facts, acts, transactions, occurrences, events or omissions alleged in the Litigation or by reason of the negotiations leading to this Settlement Agreement and the Confidential Settlement Agreement and Release of Claims, even if presently unknown and/or un-asserted, that occurred at any time up to and including the Effective Date. As further explained by the Settlement Agreement, the claims released by each and every Plaintiff who is an Authorized Claimant

> specifically include without limitation: (i) any and all claims asserted at any time in the Litigation; (ii) any and all claims for unpaid wages, minimum wages, overtime, late payment of wages, retaliation for complaining about wages or for asserting wage-related claims and/or any other claims of any kind, or any other wage-related or

AO 72A
(Rev.8/82)

recordkeeping-related claims, damages or relief of any kind including but not limited to the federal FLSA, 29 U.S.C. § 201, et seq.; (iii) any and all claims under state and federal law for earned wages, overtime, and/or missed or interrupted meal breaks, including such claims for breach of express contract or labor agreement, implied contract, money had and received in assumpsit, quantum meruit/unjust enrichment, fraud, negligent misrepresentation, equitable estoppel, promissory estoppel, conversion, and failure to keep accurate records; (iv) any and all claims pursuant to or derived from Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq., to the extent such ERISA claims are premised on an alleged failure to credit any Plaintiff's account and/or benefits for all hours worked or all compensation paid or entitled to be paid, but excluding any potential ERISA claim that is not based on an alleged wage and hour violation; and (v) any and all wage-and-hour laws or wage-related claims of any kind under other laws, including but not limited to any and all such claims pursuant to other federal, local, or other states' laws and/or regulations whether stated in the Litigation or not.

20. All Plaintiffs who are Authorized Claimants are hereby barred and permanently enjoined from prosecuting, commencing or continuing any claims, causes of action, damages, liabilities of any kind, nature and character whatsoever in law, equity or otherwise, known or unknown, suspected or unsuspected, that may exist or heretofore existed, against Defendant arising out of, related to, connected with, or based in whole or in part to any facts, transactions, occurrences, representations or omissions alleged in the Complaints in these matters.

21. The Court retains jurisdiction over these actions and the parties to administer, supervise, interpret and enforce the Settlement Agreement, the Confidential Settlement Agreement and Release of Claims, and this Order.

AO 72A
(Rev.8/82)

As indicated above, Plaintiff's motion, [Doc. 849 in 1:15-MI-55555], is **GRANTED**, and the settlement between the parties is **APPROVED**. In addition, the motion of Tracey T. Barbaree to withdraw as counsel to Defendant, [Doc. 847 in 1:15-MI-55555], and Plaintiffs' motion to file excess pages, [Doc. 848 in 1:15-MI-55555] are both **GRANTED**. All actions and claims under case numbers 1:15-MI-55555-WBH and 1:10-CV-3288-WBH are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED,** this 22nd day of June, 2017.

_____
WILLIS B. HUNT, JR.
Judge, U. S. District Court

AO 72A
(Rev.8/82)